# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

             **Plaintiff,**

    **v.**

1. **RICHARD ADAMS,**

2. **DAVID BELL,**
   a/k/a "Bizz",

3. **FREDERICK COLLINS,**
   a/k/a "P-Boy",

4. **BYRON FITCHPATRICK,**

5. **ERIC GOODWIN,**
   a/k/a "E",

6. **DORZEE HILL,**

7. **SATORIA HILL,**
   a/k/a "Booty",

8. **ORLANDO HOGAN,**
   a/k/a "Solo",

9. **DEREK HUBBARD,**
   a/k/a "Bo",
   a/k/a "Bo Peep",

10. **TRAVIS KNIGHTEN,**
    a/k/a "Troub",

11. **KEVIN LEWIS,**
    a/k/a "YT",
    a/k/a "Y",

**FILED UNDER SEAL**
**CASE NO. 6:20-cr-10028**

12. **ARMANDO LUNA,**
   a/k/a "Diablo",

13. **TREY MARTIN,**

14. **MARIO PONDS,**

15. **OTIS PONDS,**
   a/k/a "Wack",

16. **ROBERT RICHMOND,**
   a/k/a "Shot",

17. **KIMBERLY SCHMIDTBERGER,**
   a/k/a "Leggs",

18. **SHANTUS SMALLWOOD,**
   a/k/a "Gray",

19. **TRAVIS VONTRESS,**
   a/k/a "Bink",
   a/k/a "Gumbo",

20. **KEVIN WALKER,**
   a/k/a "Funk",

21. **TIA WARD,**

22. **EDDIE WASHINGTON,**
   a/k/a "Godfather",
   a/k/a "Bucky",

23. **TREVOR WELLS,**
   a/k/a "Punch",
   a/k/a "Punchy",

24. **DALLAS WILLIAMS,**

**Defendants.**

# INDICTMENT

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.      From April 2019 through July 2019, **TRAVIS KNIGHTEN**, while incarcerated in the Oklahoma State Penitentiary, McAlester, and his network of subordinates, organized and operated a drug trafficking operation in and around Wichita, Kansas.

2.      **TRAVIS KNIGHTEN**, obtained, through his network of subordinates, quantities of controlled substances, including methamphetamine, marijuana, heroin, cocaine and crack cocaine which were in turn sold in and around Wichita, Kansas. **KNIGHTEN**'s network of subordinates were provided the controlled substances, and, in turn, distributed the drugs to other dealers and customers.

3.      **TRAVIS KNIGHTEN**, using cellphones he obtained while in custody for both himself and **ARMANDO LUNA**, who was also housed in the Oklahoma State Penitentiary, McAlester, received communications, by way of phone calls and text messages, regarding potential drug sales and purchases.  **KNIGHTEN** then contacted his network of subordinates to coordinate the purchase and sale of those drugs, often utilizing multiple members of his network to facilitate and complete the transactions.

4.      For example, when **KNIGHTEN** received information about a potential narcotics purchase he would contact his treasurer, **TRAVIS VONTRESS**, as well as a few

of his main traffickers, such as **KEVIN LEWIS**, **TIA WARD** and **OTIS PONDS**, to collect the funds needed for the purchase. **KNIGHTEN** would then direct one of those individuals to make the purchase, coordinating locations and times via telephone calls or text messages.

5.    **TRAVIS KNIGHTEN** and his network of subordinates maintained stash houses, in and around Wichita, Kansas. A stash house is a place that is maintained for the purpose of manufacturing, distributing, storing or using controlled substances. **KNIGHTEN** instructed members of his network on how to cut or break down, package and store various drugs in those stash houses. In this case, to cut or break down drugs means to divide drugs into various quantities for the purpose of sale. **KNIGHTEN** also directed his subordinates to travel to certain locations to pick up drugs for resale.

6.    **TRAVIS KNIGHTEN** and his subordinates frequently used text messages, messages in WhatsApp, or phone calls to communicate with each other about their drug trafficking activity. When discussing drug transactions, **KNIGHTEN** and his subordinates often utilized slang words and phrases to describe, amongst other things, the drugs, the quantities of drugs to be distributed, payment for drugs, and members of the organization.

7.    **KNIGHTEN** and his subordinates often referred to methamphetamine as hockey or ice hockey, ice, NHL, cream, and ice cream; to marijuana as tree, gorilla or gorilla glue, green or greenery, good, and kush; to heroin as Jordan and black, black world, chocolate, or dark; to cocaine as soda, soda water, white girls, or soft; and to crack cocaine as hard. All of these terms were used, amongst other terms, to refer to the various drugs purchased and sold within this drug trafficking organization.

8.    **KNIGHTEN** and his subordinates used the following terms, amongst others,

to reference specific drug quantities: a zip (ounce), oz (ounce), onion (ounce), rose (ounce) primarily of meth in this matter, 16 (pound), a ball/ball game (3.5 grams), one (ounce), a half (1/2 ounce or pound), an elbow (pound), half time (1/2 ounce or pound), a brick (a pound), a grown man (kilogram), midget (1/2 kilogram), depending on the drug discussed a whole, whole one or whole bid could mean a pound, kilogram or ounce. **KNIGHTEN'S** drug trafficking operation focused on large quantity narcotics deals and only dealt in grams when bringing in new individuals to the operation.

9.     **KNIGHTEN** and his subordinates used the following terms, amongst others, to reference specific amounts of U.S. Currency: a rack ($1,000), a band ($1,000), using numbers such as 65 ($6,500) or 25 ($25,000) depending on the quantity of narcotics being discussed,

## COUNT 1
## CONTINUING CRIMINAL ENTERPRISE
## [21 U.S.C. § 848]

The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this Count.

From at least as early as May of 2019 and continuing through July of 2019, in the District of Kansas, and elsewhere, the defendant,

### TRAVIS KNIGHTEN,
a/k/a "Troub",

herein, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that he unlawfully, knowingly and intentionally violated Title 21, United States Code, Sections 841, 843(b), 846, and 856 which violations include, but are not limited to, the substantive violations alleged in Counts 2-6, 7-10, 11-17, 21-22, 24-25, 38,

40, 44, and 47 (Drug Conspiracy; Use of a Communication Facility to Facilitate a Drug Trafficking Crime; Maintaining Drug Involved Premises) and the Overt Acts alleged in Counts 2-6, which Counts and Overt Acts are realleged and incorporated herein by reference as though fully set forth in this Count, and which violations were part of a continuing series of violations of the Controlled Substances Act (Title 21, United States Code, Section 801, *et seq.*) undertaken by the defendant **TRAVIS KNIGHTEN**, in concert with at least five other persons with respect to whom **TRAVIS KNIGHTEN** occupied a position of supervisor, organizer and any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

All in violation of Title 21, United States Code, § 848.

## COUNT 2
## METHAMPHETAMINE CONSPIRACY
### [21 U.S.C. § 846]

The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this Count.

From at least as early as May of 2019 and continuing through July of 2019, in the District of Kansas, and elsewhere, the defendants,

**TRAVIS KNIGHTEN**,
a/k/a "Troub",
**RICHARD ADAMS**,
**FREDERICK COLLINS**,
a/k/a "P-Boy",
**ORLANDO HOGAN**,
a/k/a "Solo",
a/k/a "King Solo",
**KEVIN LEWIS**,
a/k/a "Y",
a/k/a "YT",
**ARMANDO LUNA**,
a/k/a "Diablo",

6

**OTIS PONDS,**
a/k/a "Wack",
**KIMBERLY SCHMIDTBERGER**,
a/k/a "Leggs",
**SHANTUS SMALLWOOD**,
a/k/a "Gray",
**TRAVIS VONTRESS**,
a/k/a "Bink",
a/k/a "Gumbo",
**TIA WARD**,
**TREVOR WELLS**,
a/k/a "Punch",
a/k/a "Punchy,
and **DALLAS WILLIAMS**,

knowingly and intentionally combined, conspired, confederated and agreed together and

with each other, and with other persons known and unknown to the Grand Jury, to commit

the following offenses against the United States: (a) to possess with the intent to distribute,

and distribute, a mixture and substance containing a detectable amount of

methamphetamine, a controlled substance, in violation of Title 21, United States Code,

Section 841(a); (b) to use of a communication facility to facilitate a drug trafficking crime

in violation of Title 21, United States Code, Section 843(b); and (c) to maintain a drug

involved premise, in violation of Title 21, United States Code, Section 856(a)(1).

## Quantity of Methamphetamine Involved in the Conspiracy

With respect to defendants **TRAVIS KNIGHTEN**, **RICHARD ADAMS**,

**ARMANDO LUNA, KEVIN LEWIS, OTIS PONDS, TRAVIS VONTRESS,**

**DALLAS WILLIAMS, and TIA WARD**, each defendant's conduct as a member of the

conspiracy charged in Count 2, which includes drug quantities that the defendant directly

handled within the scope of the charged conspiracy, as well as drug quantities that were

handled by other members of the conspiracy (including named and unnamed

coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendant **TREVOR WELLS**, his conduct as a member of the conspiracy charged in Count 2, which includes drug quantities that he directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to him, involved fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendants **ORLANDO HOGAN**, **FREDERICK COLLINS**, **SHANTUS SMALLWOOD** and **KIMBERLY SCHMIDTBERGER,** each defendant's conduct as a member of the conspiracy charged in Count 2, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

### A. OVERT ACTS

In furtherance of this conspiracy, and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both and indicted and unindicted, committed,

among others, the following overt acts in the District of Kansas, and elsewhere:

1.    On May 31, 2019, **TREVOR WELLS**, while residing at 930 N. Yale Avenue in Wichita, Kansas, possessed with the intent to distribute approximately 4,902.26 grams of a mixture and substance containing a detectable amount of methamphetamine divided up into multiple bags.   **WELLS** possessed at least 607.45 grams of pure methamphetamine within that amount of methamphetamine located at the residence.

2.    Prior to May 31, 2019, **RICHARD ADAMS**' possessed with the intent to distribute approximately 447.04 grams of a mixture and substance containing a detectable amount of methamphetamine.  **ADAMS'** fingerprints were located on one bag at **WELLS'** residence. **ADAMS'** possessed at least 348.69 grams of pure methamphetamine.

3.    On June 21, 2019, **KEVIN LEWIS** messaged **TRAVIS KNIGHTEN** indicating he had 850 and got rid of 2 zips of cream among other drugs.

4.    On June 21 and June 22, 2019, **KNIGHTEN** and **LEWIS** discussed getting a house at 2548 Somerset, Wichita, Kansas.  **TIA WARD** told **KNIGHTEN** she had 4 for him and would have the rest gone in the next couple of hours.  **KNIGHTEN** told **WARD** that he would have a place set up and get her the key.  **KNIGHTEN** told **WARD** the address was 2548 Somerset.  **KNIGHTEN** then told **LEWIS** that the drugs were coming Monday and to put the drugs in the basement separated into "16, 16, 16".  **KNIGHTEN** told **WARD** that there were 7 there and once that was gone he would get 20 more.

5.    On June 22, 2019, **KNIGHTEN** coordinated with unindicted co-conspirator to get 2 NHL.  **KIMBERLY SCHMIDTBERGER** was told to get 2 NHL from **LEWIS. KNIGHTEN** told the unindicted co-conspirator that she/he was getting two onions.

6.    On June 23, 2019, **LEWIS** told **KNIGHTEN** that he got a thousand for him

and that he had just sold five.  **KNIGHTEN** responded that the "cream can get us rich."

Later, **LEWIS** told **KNIGHTEN** that he had sold "three more cream zips" and got 1150.

7.      On June 24, 2019, **KNIGHTEN** told **LEWIS** that **DALLAS WILLIAMS**

needed 4 NHL again.  **LEWIS** told **KNIGHTEN** he had to break into another one of them

and confirmed to **KNIGHTEN** he was taking care of **WILLIAMS**.

8.      On June 24, 2019, **LEWIS** told **KNIGHTEN** he got rid of two more zips of

cream and had 1550.

9.      On June 26, 2019, **KNIGHTEN** told **LEWIS** to give **SCHMIDTBERGER**

a "half time of cream."  **LEWIS** responded "OK".

10.     On June 26, 2019, during a phone call **KNIGHTEN** told **LEWIS** to give

**SCHMIDTBERGER** and her friend,  among other drugs, "7 NHL, Cream" so they can

start moving product.  Later **LEWIS** confirmed that he provided the friend with "1/2

cream."

11.     On June 28, 2019, **FREDERICK COLLINS** asked **KNIGHTEN** for 8

NHL.  The cost was 250 each, 2000 total.  **LEWIS** was told to get 8 creams for **COLLINS**.

**COLLINS** picked it up from **LEWIS**.  However, **COLLINS**' sale fell through and he was

told to take the NHL back to **LEWIS**.

12.     On June 28, 2019, **VONTRESS** ordered three ice hockey tickets from

**KNIGHTEN**.  **KNIGHTEN** contacted **WILLIAMS** and told him to get three from

**LEWIS** for **VONTRESS** and get the 750 from **VONTRESS**.  **KNIGHTEN** then informed

**LEWIS** to give **WILLIAMS** three creams for **VONTRESS**.

13.     On June 30, 2019, **WARD** contacted **KNIGHTEN** and told him she needed

some more.  **KNIGHTEN** arranged for **WARD** to pay **LEWIS** 4 and to pick up 16 roses.

14. On July 1, 2019, **KNIGHTEN** informed **ARMANDO LUNA**, that he would be ready with 45K tomorrow. **LUNA** said that he will have between 15-20 of what they talked about last time. **KNIGHTEN** then coordinated with **VONTRESS**, **LEWIS**, and **OTIS PONDS** regarding the funds for the deal. However, **KNIGHTEN**'s crew was unable to pull all the money together, so **LUNA** only provided **PONDS** with 11. **LUNA** informed **KNIGHTEN** that his people could pick up the additional 5 pounds once they dropped off the rest.

15. On July 1, 2019, **WILLIAMS** messaged **KNIGHTEN** that the kids were ready for hockey coach. **KNIGHTEN** responded back 800. **KNIGHTEN** told **LEWIS** to give **WILLIAMS** another 4.

16. On July 2, 2019, **SHANTUS SMALLWOOD** told **KNIGHTEN** he had 1200. **KNIGHTEN** responded he could get 6. Later, **KNIGHTEN** messaged **SMALLWOOD** telling him **WILLIAMS** would deliver the 6 zips.

17. On July 2, 2019, **KNIGHTEN** worked with **PONDS**, **WARD**, **VONTRESS** and **LEIWS** to put together $3,000 so that he could get the remaining 5 pounds of methamphetamine from **LUNA**. **KNIGHTEN** messaged **PONDS** to grab an additional $2,000 from **WARD** and an additional rack from **VONTRESS**. **PONDS** confirmed he was leaving **WARD** and heading to **VONTRESS**. **PONDS** arrived at 1411 N. Holyoke, Wichita, Kansas, **VONTRESS**' residence, shortly after his messages with **KNIGHTEN**. **PONDS** left **VONTRESS** and arrived at 245 N. Chautauqua, Wichita, Kansas. After departing 245 N. Chautauqua, **PONDS** drove to 2548 Somerset Avenue, Wichita, Kansas and met with **LEWIS**.

18. On July 3, 2019, **VONTRESS** told **KNIGHTEN** that had 32 for 16.

11

KNIGHTEN had LEWIS take 16 roses to VONTRESS.

19.    On July 4, 2019, COLLINS asked KNIGHTEN what was real on the NHL and said he needed a couple, at least one of them.  COLLINS was given LEWIS number and ultimately confirmed the "one zap on the NHL."

20.    On July 7, 2019, LUNA told KNIGTHEN that his people were ready for another deal.  KNIGTHEN called VONTRESS and asked where they are because he needs 48.6, $48,600.  VONTRESS told KNIGHTEN he had $43,000.  KNIGHTEN told PONDS that the deal is 48.600 for 15-20 NHL.  WARD told KNIGHTEN that she had $5,000.  LUNA and KNIGHTEN agreed to have their people meet at noon and KNIGHTEN sent PONDS phone number to LUNA.  KNIGHTEN told LUNA he would pay $48,600 plus a key to the house.  KNIGHTEN asked for 20 pounds.  LUNA responded that it will be 15-20 pounds.

21.    KNIGHTEN told WARD he was going to send PONDS to her to grab the 5 and bring 32 roses back.  KNIGHTEN told PONDS to get the 5 from WARD and take it to VONTRESS, then take "two p" back to WARD.  PONDS completed the deal with LUNA's people and told KNIGHTEN that he was given 15.

22.    Also on July 7, 2019, KNIGHTEN told LEWIS to give SMALLWOOD 8 cream.  LEWIS replied "Ok."

23.    On July 09, 2019, LEWIS told KNIGHTEN that WILLIAMS picked up 4 NHLs and that LEWIS had 800 for KNIGHTEN.

24.    On July 10, 2019, WARD contacted KNIGHTEN needing more.  WARD asked for someone to bring it to her.  KNIGHTEN told WARD she was getting 16 roses. KNIGHTEN instructs ORLANDO HOGAN to get NHL from LEWIS and take it to

12

**WARD** and to collect the 4500 she had and take it back to **LEWIS** minus **HOGAN'S** 200. **WARD** is supposed to get 16 roses but calls **KNIGHTEN** and says she only got 11 roses.

25.    On July 13, 2019, **KNIGHTEN** had **LEWIS** give **SMALLWOOD** six for 650 and **SMALLWOOD** would owe **KNIGHTEN** an additional 100.

26.    On July 17, 2019, **TIA WARD**, while residing at 1745 S. Water, Wichita, Kansas, possessed with the intent to distribute approximately 533 grams of a mixture and substance containing a detectable amount of methamphetamine.

27.    On July 23, 2019, **RICHARD ADAMS**, while driving in Nebraska, possessed with the intent to distribute approximately 7,146.03 grams of a mixture and substance containing a detectable amount of methamphetamine and $11,300 in U.S. Currency.

All in violation of Title 21, United States Code, § 846 and Title 18, United States Code, § 2.

Before **SHANTUS SMALLWOOD** committed the offense charged in this count, **SHANTUS SMALLWOOD** had a final conviction for a serious drug felony, namely a conviction under 21 U.S.C. 841(a)(1), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **ARMANDO LUNA** committed the offense charged in this count, **ARMANDO LUNA** had a final conviction for a serious violent felony, namely, a conviction under Oklahoma Statute §21-707.1, for which he has served more than 12 months of imprisonment to date.

Before **TRAVIS KNIGHTEN** committed the offense charged in this count,

**TRAVIS KNIGHTEN** had a final conviction for a serious violent felony, namely, a conviction under K.S.A. §21-5403, for which he has served more than 12 months of imprisonment to date.

<div align="center">

**COUNT 3**
**MARIJUANA CONSPIRACY**
**[21 U.S.C. § 846]**

</div>

The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this Count.

From at least as early as May of 2019 and continuing through July of 2019, in the District of Kansas, and elsewhere, the defendants,

<div align="center">

**TRAVIS KNIGHTEN**,
a/k/a "Troub",
**RICHARD ADAMS**,
**DORZEE HILL**,
**DEREK HUBBARD**,
a/k/a "Bo",
a/k/a "Bo Peep",
**TREY MARTIN**,
**TIA WARD**, and
**TREVOR WELLS**,
a/k/a "Punch",
a/k/a "Punchy",

</div>

knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with the intent to distribute, and to distribute, a mixture and substance containing a detectable amount of marijuana, a controlled substance, in violation of Title 21, United States Code, Section 841(a) and (b)(1)(D); (b) to use of a communication facility to facilitate a drug trafficking crime, in violation of Title 21, United States Code, Section 843(b); and (c) to maintain a drug

involved premise, in violation of Title 21, United States Code, Section 856(a)(1).

### A. OVERT ACTS

In furtherance of this conspiracy, and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both and indicted and unindicted, committed, among others, the following overt acts in the District of Kansas, and elsewhere:

1. On May 23, 2019, **DORZEE HILL** told **TRAVIS KNIGHTEN** he was looking for some "greenery." **KNIGHTEN** confirmed to **HILL** that he had some, and **HILL** gave the phone to **DEREK HUBBARD** who then talked to **KNIGHTEN**. During the conversation, **KNIGHTEN** tells **HUBBARD** that he is low on the "Gorilla Glue". **HUBBARD** then tells **KNIGHTEN** that he needs a "QP". **KNIGHTEN** tells **HUBBARD** to get with his brother, **TREVOR WELLS**, and they would figure up a price.

2. On May 24, 2019, **HILL** called **KNIGHTEN** and **HILL** put an unindicted co-conspirator on the call. He or she ordered "that ting Bo was doin yesterday" he wanted "two of 'em", from **KNIGHTEN**. **KNIGHTEN** said that would be "750" and directed that individual to go see **WELLS** at 930 N. Yale, to pick up.

3. On May 25, 2019, **HILL** and **TREY MARTIN** have a series of conversations. **MARTIN** tells **HILL** he wants "some good". **HILL** tells **MARTIN** the cost will be "18". **MARTIN** asks if he would be able to get the "kush"? **HILL** tells **MARTIN** "yes" and that he could get for "18".

4. On May 31, 2019, **WELLS**, while residing at 930 N. Yale, Wichita, Kansas, possessed with the intent to distribute approximately 4.5 pounds of marijuana divided in multiple bags. **MARTIN'S** fingerprints were on a bag containing approximately 45.77 grams of marijuana and **RICHARD ADAMS** fingerprints were on a second bag containing

15

approximately 1,694.3 grams of marijuana.

5. On July 17, 2019, **WARD**, while residing at 1745 S. Water, Wichita, Kansas, possessed with the intent to distribute approximately 305 grams of marijuana.

All in violation of Title 21, United States Code, § 846, Title 18, United States Code, § 2.

## COUNT 4
## HEROIN CONSPIRACY
## [21 U.S.C. § 846]

The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this Count.

From at least as early as May of 2019 and continuing through July of 2019, in the District of Kansas, and elsewhere, the defendants,

**TRAVIS KNIGHTEN,**
a/k/a "Troub",
**ERIC GOODWIN,**
a/k/a "E",
**DORZEE HILL,**
**KEVIN LEWIS,**
a/k/a "Y",
a/k/a "YT",
**KIMBERLY SCHMIDTBERGER,**
a/k/a "Leggs",
**TRAVIS VONTRESS,**
a/k/a "Bink",
a/k/a "Gumbo",
**ORLANDO HOGAN,**
a/k/a "Solo",
**KEVIN WALKER**, and
a/k/a "Funk",
**TREVOR WELLS,**
a/k/a "Punch",
a/k/a "Punchy",

knowingly and intentionally combined, conspired, confederated and agreed together and

16

with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States:(a) to possess with the intent to distribute, and to distribute, a mixture and substance containing a detectable amount of heroin, a controlled substance, in violation of Title 21, United States Code, Section 841(a); (b) to use of a communication facility to facilitate a drug trafficking crime, in violation of Title 21, United States Code, Section 843(b); and (c) to maintain a drug involved premise, in violation of Title 21, United States Code, Section 856(a)(1).

### Quantity of Heroin Involved in the Conspiracy

With respect to defendants **TRAVIS KNIGHTEN**, **KEVIN LEWIS,** and **TRAVIS VONTRESS,** each defendant's conduct as a member of the conspiracy charged in Count 4, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendants **ERIC GOODWIN**, **DORZEE HILL, KEVIN WALKER** and **TREVOR WELLS**, each defendant's conduct as a member of the conspiracy charged in Count 4, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably

foreseeable to the defendant, involved one hundred (100) grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

### A. OVERT ACTS

In furtherance of this conspiracy, and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both and indicted and unindicted, committed, among others, the following overt acts in the District of Kansas, and elsewhere:

1.    On May 31, 2019, **TREVOR WELLS**, while residing at 930 N. Yale Avenue in Wichita, Kansas, possessed with the intent to distribute approximately 520.83 grams of a mixture and substance containing a detectable amount of heroin.

2.    On June 21, 2019, **KEVIN LEWIS** texted **TRAVIS KNIGHTEN** and stated he got 850 and got rid of half a "Jordan" among other things.

3.    On June 22, 2019, **KNIGHTEN** and **LEWIS** discussed, during a phone call, that they need to start doing something with "that chocolate," "them Jordans."

4.    On June 23, 2019, **DORZEE HILL** and **KEVIN WALKER** discussed the "10 for 7" **KNIGHTEN** was expected to give **HILL** and how they could sell it to make a profit.

5.    On June 25, 2019, **KNIGHTEN** received a text message from **LEWIS** that **TRAVIS VONTRESS** was coming by to get another half making it a whole "Jordan" for him.

6.    On June 26, 2019, **KNIGHTEN** called **LEWIS** and directed him to give **KIMBERLY SCHMIDTBERGER** and her friend, among other drugs, 3 grams "of the Jordan" so they can start moving the product.  Both **LEWIS** and **SCHMITDBERGER**

messaged with **KNIGHTEN** and **LEWIS** confirmed he provided **SCHMITBERGER**'s friend with "3 grams of black."

7.      On June 26, 2019, **KNIGHTEN,** during a discussion with **VONTRESS,** mentioned he needed 26 for the "whole deal" on the "black world."  **VONTRESS** confirmed with **KNIGHTEN** that he had someone coming for the deal to which **KINIGHTEN** responded yes.  **KNIGHTEN** directed **LEWIS** to pick up the 40, "whole bid," from **VONTRESS** and sent **VONTRESS** a text message that **LEWIS** was on his way.

8.      On June 26, 2019, **HILL** contacted **KNIGHTEN** to discuss paying 7 and owing **KNIGHTEN** 5.  **KNIGHTEN** confirmed the deal and says he will give **HILL** 20.  **KNIGHTEN** called **LEWIS** to determine how many "Jordans" **LEWIS** had.  **LEWIS** indicated 11 or 12.  **KNIGHTEN** directed **LEWIS** to give **HILL** 20 of them and stated that he had a "whole notha thing" on the way.

9.      **KNIGHTEN** set up the purchase between **LEWIS** and **HILL**.  **LEWIS** indicated to **HILL** he had to grab the drugs from **VONTRESS.**  **HILL** ultimately confirmed receipt to **KNIGHTEN**.

10.      While working out the details with **KNIGHTEN**, **HILL** and **WALKER** discussed they were letting them go for 12, because they were going to "bite."  **HILL** confirmed and told **WALKER** it was 24 with his other 4.

11.      On June 27, 2019 **KNIGHTEN** told **ORLANDO HOGAN** to get the 2 bands from **HILL** that is owed and that **HILL** still owes 6.

12.      Between June 30, 2019 and July 1, 2019, **KNIGHTEN** and **ERIC GOODWIN** discussed **KNIGHTEN** having 30, 10 short of a whole and **GOODWIN**

indicated he only had 22 to spend. **KNIGHTEN** told **LEWIS** to get the 30 "Jordans" ready for **GOODWIN**. **KNIGHTEN** sent **GOODWIN** to 2548 N. Somerset, Wichita, Kansas to pick up the heroin. **LEWIS** only had 20 "Jordans" set aside for **GOODWIN** which **KNIGHTEN** told **LEWIS** to have ready. **GOODWIN** confirmed that **LEWIS** cashed him out.

13. On July 3, 2019, since **HILL** had yet to provide the funds, **KNIGHTEN** again told **HOGAN** to get "2 bands" from **HILL** and to keep a band for himself.

All in violation of Title 21, United States Code, § 846, Title 18, United States Code, § 2.

Before **TRAVIS KNIGHTEN** committed the offense charged in this count, **TRAVIS KNIGHTEN** had a final conviction for a serious violent felony, namely, a conviction under K.S.A. §21-5403, for which he has served more than 12 months of imprisonment to date.

**COUNT 5**
**COCAINE CONSPIRACY**
**[21 U.S.C. § 846]**

The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this Count.

From at least as early as April of 2019 and continuing through July of 2019, in the District of Kansas, and elsewhere, the defendants,

**TRAVIS KNIGHTEN**,
a/k/a "Troub",
**DAVID BELL**,
a/k/a "Bizz",
a/k/a "Bizzy",
**FREDERICK COLLINS**,
**BYRON FITCHPATRICK**,

**DORZEE HILL**,
**SATORIA HILL**,
a/k/a "Booty",
**KEVIN LEWIS**,
a/k/a "Y",
a/k/a "YT",
**MARIO PONDS**,
**ROBERT RICHMOND**,
a/k/a "Shot",
**TRAVIS VONTRESS**,
a/k/a "Bink",
a/k/a "Gumbo",
and **EDDIE WASHINGTON**,
a/k/a "Godfather",
a/k/a "Bucky",

knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with the intent to distribute, and to distribute, a mixture and substances containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(a) and (b)(1)(C); (b) to use of a communication facility to facilitate a drug trafficking crime, in violation of Title 21, United States Code, Section 843(b); and (c) to maintain a drug involved premise, in violation of Title 21, United States Code, Section 856(a)(1).

### Quantity of Cocaine Involved in the Conspiracy

With respect to defendants **TRAVIS KNIGHTEN** and **TRAVIS VONTRESS**, each defendant's conduct as a member of the conspiracy charged in Count 5, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved five hundred (500)

grams or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## A. OVERT ACTS

In furtherance of this conspiracy, and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both and indicted and unindicted, committed, among others, the following overt acts in the District of Kansas, and elsewhere:

1.      On April 18, 2019, **DORZEE HILL** told **EDDIE WASHINGTON** that he had one.  **HILL** received the thing **MARIO PONDS**.  **WASHINGTON** met up with **HILL**'s girlfriend at their residence to pick up the thing.

2.      On April 18, 2019, **WASHINGTON** called **HILL** and told him he needed another one and liked what he got earlier.  **WASHINGTON** indicated he had someone coming with $1,200.  **PONDS** stopped by **HILL'S** residence.  **WASHINGTON** was told he came through.  **WASHINGTON** then met up with **HILL**.

3.      On April 20, 2019, **WASHINGTON** ordered two more from **HILL**.  This time he told **HILL** he wanted it "chunked" and not "shake".  **HILL** called **PONDS** and requested two more.  **PONDS** provided the two to **HILL** and **WASHINGTON** picked up from **HILL**.

4.      On April 23, 2019, **WASHINGTON** told **HILL** that he needed two more. **HILL** called **PONDS** to tell him that **WASHINGTON** needed two more.  **PONDS** arrived at **HILL**'s residence but only stayed a short time.  Then **WASHINGTON** arrived at **HILL**'s residence and only stayed 8 minutes.  He then departed **HILL**'s and went to his residence.  **DAVID BELL** then arrived at **WASHINGTON**'s residence and was there for only two minutes.  **BELL'S** car was stopped after it left **WASHINGTON**'s.  At the time

22

**BELL** possessed approximately 15 grams of a mixture and substance containing a detectable amount of cocaine, a small amount of marijuana, and an SCCY, CPX-2, 9mm handgun.

5.     On May 27, 2019, **WASHINGTON** ordered one from **HILL**.  **HILL** ordered another one from **SATORIA HILL**.  She provided it and **WASHINGTON** went to **HILL** to pick up.

6.     On May 28, 2019, **WASHINGTON** orders "another one of them" from **HILL**.  **HILL** calls **SATORIA HILL** sets up the deal for **HILL**.  **WASHINGTON** went to **HILL**'s residence and picked it up.

7.     On June 14, 2019, **BYRON FITCHPATRICK** called **PONDS** and told him he had someone who had what **PONDS** liked.  **PONDS** asked **FITCHPATRICK** to grab one and **FITCHPATRICK** thought he could get an onion.  Before the delivery could take place, **FITCHPATRICK** was stopped by law enforcement.  **FITCHPATRICK** took off and drove to a house located at 2505 Pattie, Wichita.  **FITCHPATRICK** ran inside the residence.  While he ran, **FITCHPATRICK** threw a small clear plastic baggie into the yard and ultimately picked it back up before entering the residence.  He was apprehended inside the residence.  **FITCHPATRICK** gave his half-sister a small clear baggie when he entered the residence.  Inside the baggie was approximately 14 grams of a mixture and substance containing a detectable amount of cocaine.

8.     On June 22, 2019 and June 23, 2019, **KNIGHTEN** discussed with **ROBERT RICHMOND** the need to redo the "hard tip" so he could make "3 bands".  **RICHMOND** was told to connect with **LEWIS** and **LEWIS** confirmed the meet with **KNIGHTEN**.

9.    On June 27, 2019, **KNIGHTEN** and **RICHMOND** discussed getting 9 for 7500.  **KNIGHTEN** told **RICHMOND** to get the money from **TRAVIS VONTRESS**. **KNIGHTEN** texts **VONTRESS** to give **RICHMOND** 7500 for "soda" and that he will bring him back 9.

10.    On July 4, 2019, **KNIGHTEN** told **FREDERICK COLLINS** that **LEWIS** had hard.  **COLLINS** later confirmed receipt of 19 G's of hard and 10 G's of soft.

11.    Between July 11 and July 13, 2019, **RICHMOND** and **KNIGHTEN** discussed getting 9 for 65.  **KNIGHTEN** instructs **RICHMOND** to turn "11 hard" and take 2 to **VONTRESS**.  Later, **KNIGHTEN** instructs **RICHMOND** to "make 5 into 6 hard the other 4 keep soft".  **RICHMOND** confirms via text message that he had already mixed them.

12.    On July 17, 2019, **TRAVIS VONTRESS**, while residing at 1411 N. Holyoke, Wichita, Kansas, possessed with the intent to distribute approximately 175.2 grams of a mixture and substance containing a detectable amount of cocaine.

All in violation of Title 21, United States Code, § 846, Title 18, United States Code, § 2.

Before **TRAVIS KNIGHTEN** committed the offense charged in this count, **TRAVIS KNIGHTEN** had a final conviction for a serious violent felony, namely, a conviction under K.S.A. §21-5403, for which he had served more than 12 months of imprisonment to date.

Before **MARIO PONDS** committed the offense charged in this count, **MARIO PONDS** had a final conviction for a serious drug felony, namely a conviction under 21 U.S.C. 841(a)(1), for which he served more than 12 months of imprisonment and for which

he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### COUNT 6
### CRACK COCAINE CONSPIRACY
### [21 U.S.C. § 846]

The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this Count.

From at least as early as June of 2019 and continuing through July of 2019, in the District of Kansas, and elsewhere, the defendants,

**TRAVIS KNIGHTEN**,
a/k/a "Troub",
**DAVID BELL**,
a/k/a "Bizz",
a/k/a "Bizzy",
**FREDERICK COLLINS**,
**KEVIN LEWIS**,
a/k/a "Y",
a/k/a "YT",
**ROBERT RICHMOND**,
a/k/a "Shot",
and **KIMBERLY SCHMIDTBERGER**,
a/k/a "Leggs",

knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with intent to distribute, and to distribute, a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(a); (b) to use of a communication facility to facilitate a drug trafficking crime, in violation of Title 21, United States Code, Section 843(b); and (c) to maintain a drug involved premise, in violation of Title 21, United States Code, Section 856(a)(1).

25

<u>**Quantity of Crack Cocaine Involved in the Conspiracy**</u>

With respect to defendants **TRAVIS KNIGHTEN, DAVID BELL** and **ROBERT RICHMOND**, each defendant's conduct as a member of the conspiracy charged in Count 6, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

A. <u>**OVERT ACTS**</u>

In furtherance of this conspiracy, and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both and indicted and unindicted, committed, among others, the following overt acts in the District of Kansas, and elsewhere:

1.      On June 22, 2019, **KEVIN LEWIS**, through text messaging, told **TRAVIS KNIGHTEN** that he just sold a "ball of hard" and had a thousand now.  **KNIGHTEN** responded and orchestrated **LEWIS** giving **KIMBERLY SCHMIDTBERGER** the "rack."

2.      On June 22, 2019 and June 23, 2019, **KNIGHTEN** discussed with **ROBERT RICHMOND** the need to redo the "hard tip" so he could make "3 bands". **RICHMOND** was told to connect with **LEWIS** and **LEWIS** confirmed the meet with **KNIGHTEN**.

3.      On June 26, 2019, during a phone call, **KNIGHTEN** told **LEWIS** to give

26

**SCHMIDTBERGER** and her friend, among other drugs, 7 of "hard time", so they can start moving the product.    Both **LEWIS** and **SCHMIDTBERGER** messaged with **KNIGHTEN** regarding the meeting and **LEWIS** confirmed he provided **SCHMIDTBERGER**'s friend with "two balls of hard".

4.    On July 4, 2019, **KNIGHTEN** told **FREDERICK COLLINS** that **LEWIS** had hard.  **COLLINS** later confirmed receipt of 19 G's of hard and 10 G's of soft.

5.    Between July 11 and July 13, 2019, **RICHMOND** and **KNIGHTEN** discussed getting 9 for 65. **KNIGHTEN** instructs **RICHMOND** to turn "11 hard" and take 2 to **VONTRESS**. Later, **KNIGHTEN** instructs **RICHMOND** to "make 5 into 6 hard the other 4 keep soft".  **RICHMOND** confirms via text message that he had already mixed them.

6.    On July 13, 2019, **DAVID BELL** called **KNIGHTEN** asking for "one." **BELL** was instructed to call **RICHMOND**. **KNIGHTEN** then instructed **RICHMOND** to give **BELL** "one hard" for 900.  **BELL** confirms the delivery of drugs in a text message to **KNIGHTEN**.

All in violation of Title 21, United States Code, § 846, Title 18, United States Code, § 2.

Before **TRAVIS KNIGHTEN** committed the offense charged in this count, **TRAVIS KNIGHTEN** had a final conviction for a serious violent felony, namely, a conviction under K.S.A. §21-5403, for which he has served more than 12 months of imprisonment to date.

### COUNT 7
### MAINTAINING A DRUG INVOLVED PREMISE

**[21 U.S.C. § 856(a)(1)]**

Between May 1, 2019 and May 30, 2019, in the District of Kansas, the defendants,

**TREVOR WELLS**,
a/k/a "Punch" ,
a/k/a "Punchy",
**TRAVIS KNIGHTEN**,
a/k/a "Troub",

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 930 N. Yale, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing methamphetamine and marijuana, controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

**<u>COUNT 8</u>**
**MAINTAINING A DRUG INVOLVED PREMISE**
**[21 U.S.C. § 856(a)(1)]**

Between June 22, 2019 and July 17, 2019, in the District of Kansas, the defendants,

**KEVIN LEWIS**,
a/k/a "Y",
a/k/a "YT",
**TIA WARD**,
**OTIS PONDS**,
a/k/a "Wack",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 2548 N. Somerset Avenue, Wichita, Kansas did knowingly and intentionally make available for

use, with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing methamphetamine and marijuana, controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

### COUNT 9
### MAINTAINING A DRUG INVOLVED PREMISE
### [21 U.S.C. § 856(a)(1)]

Between June 22, 2019 and July 17, 2019, in the District of Kansas, the defendants,

**ARMANDO LUNA**,
a/k/a "Diablo",
**RICHARD ADAMS**,
**ORLANDO HOGAN**,
a/k/a "Solo", and
**TRAVIS KNIGHTEN**,
a/k/a "Troub",

while knowingly using,  maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 245 N. Chautauqua, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing methamphetamine, controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

### COUNT 10
### MAINTAINING A DRUG INVOLVED PREMISE
### [21 U.S.C. § 856(a)(1)]

Between June 22, 2019 and July 17, 2019, in the District of Kansas, the defendants,

**TRAVIS VONTRESS**,

a/k/a "Bink",
a/k/a "Gumbo",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 1411 N. Holyoke, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing cocaine and heroin, controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT 11
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about June 24, 2019, at 14:24:01 (session 4357), in the District of Kansas, the defendant,

**TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use any communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 12

**USE OF COMMUNICATION FACILITY TO FACILITATE DRUG**
**TRAFFICKING CRIME**
**[21 U.S.C. § 843(b)]**

On or about June 26, 2019, at 15:58:09 (session 8843), in the District of Kansas,

the defendants,

**TRAVIS KNIGHTEN**,
a/k/a "Troub",
and **KEVIN LEWIS**,
a/k/a "Y",
a/k/a "YT",

did knowingly and intentionally use any communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Counts 2, 4 and

6 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United

States Code Section 2.

**COUNT 13**
**USE OF COMMUNICATION FACILITY TO FACILITATE DRUG**
**TRAFFICKING CRIME**
**[21 U.S.C. § 843(b)]**

On or about July 1, 2019, at 02:20:20 (session 16074), in the District of Kansas,

the defendant,

**TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 4 of this

Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 14
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 1, 2019, at 15:23:15 (session 17123), in the District of Kansas, the defendant,

**TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 856(a)(1), that is, offenses set forth in Count 8 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 15
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 7, 2019, at 02:08:08 (session 28774), in the District of Kansas, the defendant,

**TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this

Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.


### COUNT 16
### USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
### [21 U.S.C. § 843(b)]

On or about June 22, 2019, at 10:17:57 (session 949), in the District of Kansas, the defendants,

**KEVIN LEWIS**,
a/k/a "Y",
a/k/a "YT",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Counts 2 and 4 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.


### COUNT 17
### USE OF TELEPHONE COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
### [21 U.S.C. § 843(b)]

On or about June 26, 2019, at 17:30:40 (session 9004), in the District of Kansas, the defendants,

**KEVIN LEWIS**,

a/k/a "Y",
a/k/a "YT",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 4 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 18
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 1, 2019, at 11:38:15 (session 16643), in the District of Kansas, the defendant,

**ARMANDO LUNA**,
a/k/a "Diablo",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 19
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 1, 2019, at 23:05:39 (session 18436), in the District of Kansas, the defendant,

**ARMANDO LUNA**,
a/k/a "Diablo",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 20
### USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
### [21 U.S.C. § 843(b)]

On or about July 7, 2019, at 06:45:48 (session 28922), in the District of Kansas, the defendant,

**ARMANDO LUNA**,
a/k/a "Diablo",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 21

**USE OF COMMUNICATION FACILITY TO FACILITATE DRUG
TRAFFICKING CRIME
[21 U.S.C. § 843(b)]**

On or about June 28, 2019, at 15:11:28 (session 12039), in the District of Kansas,

the defendants,

**TRAVIS VONTRESS**,
a/k/a "Bink",
a/k/a "Gumbo",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this

Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United

States Code Section 2.

**COUNT 22**
**USE OF COMMUNICATION FACILITY TO FACILITATE DRUG
TRAFFICKING CRIME
[21 U.S.C. § 843(b)]**

On or about July 7, 2019, at 01:06:17 (session 28753), in the District of Kansas,

the defendants,

**TRAVIS VONTRESS**,
a/k/a "Bink",
a/k/a "Gumbo",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 23
### POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
### [21 U.S.C. § 841(a)(1) and (b)(1)(C)]

On or about July 17, 2019, in the District of Kansas, the defendant,

**TRAVIS VONTRESS**,
a/k/a "Bink",
a/k/a "Gumbo",

did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 24
### USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
### [21 U.S.C. § 843(b)]

On or about May 23, 2019, at 19:20:50 (session 4688), in the District of Kansas, the defendants,

**DORZEE HILL**,
**DEREK HUBBARD**,
a/k/a "Bo",
a/k/a "Bo-Peep",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 3 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 25
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about June 26, 2019, at 16:38:05 (session 8945), in the District of Kansas, the defendants,

**DORZEE HILL**,
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 4 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 26
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about May 25, 2019, at 14:32:26 (session 487), in the District of Kansas, the defendants,

**TREY MARTIN**,

and **DORZEE HILL**,

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 3 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 27
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 15, 2019, at 22:12:57 (session 43853), in the District of Kansas, the defendant,

**ORLANDO HOGAN**,
a/k/a "Solo",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 856(a)(1), that is, offenses set forth in Count 9 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 28
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about June 26, 2019, at 23:26:45 (session 2248), in the District of Kansas,

the defendants,

**KEVIN WALKER**,
a/k/a "Funk",
and **DORZEE HILL**,

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 4 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 29
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
### [21 U.S.C. § 843(b)]

On or about June 30, 2019, at 23:59:18 (session 15934), in the District of Kansas, the defendant,

**ERIC GOODWIN**,
a/k/a "E",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 4 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 30
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG
## TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 1, 2019, at 16:18:37 (session 17295), in the District of Kansas, the

defendant,

## ERIC GOODWIN,
a/k/a "E",

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 4 of this

Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United

States Code Section 2.

## COUNT 31
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG
## TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about April 22, 2019, at 15:12:34 (session 1694), in the District of Kansas,

the defendants,

## EDDIE WASHINGTON,
a/k/a "Godfather",
a/k/a "Bucky",
and **DORZEE HILL**,

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 5 of this

Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 32
### USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
### [21 U.S.C. § 843(b)]

On or about April 20, 2019, at 17:37:16 (session 1474), in the District of Kansas, the defendants,

**EDDIE WASHINGTON**,
a/k/a "Godfather",
a/k/a "Bucky",
and **DORZEE HILL**,

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 5 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 33
### USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
### [21 U.S.C. § 843(b)]

On or about June 28, 2019, at 10:17:06 (session 11864), in the District of Kansas, the defendant,

**FREDERICK COLLINS**,
a/k/a "P-Boy",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this

Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United

States Code Section 2.

## COUNT 34
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 1, 2019, at 19:13:51 (session 18062), in the District of Kansas, the

defendant,

## DALLAS WILLIAMS,

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this

Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United

States Code Section 2.

## COUNT 35
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about May 25, 2019, at 13:54:12 (session 480), in the District of Kansas, the

defendants,

## TREVOR WELLS,
a/k/a "Punch",
a/k/a "Punchy",
and **DORZEE HILL**,

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 3 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 36
## POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
## [21 U.S.C. § 841(a)(1) and (b)(1)(A)]

On or about May 31, 2019, in the District of Kansas, the defendant,

**TREVOR WELLS**,
a/k/a "Punch",
a/k/a "Punchy",

did unlawfully, knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT 37
## POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
## [21 U.S.C. § 841(a)(1) and (b)(1)(B)]

On or about May 31, 2019, in the District of Kansas, the defendant,

**TREVOR WELLS**,
a/k/a "Punch",
a/k/a "Punchy",

did unlawfully, knowingly and intentionally possess with intent to distribute one hundred (100) grams or more of a mixture and substance containing a detectable amount of heroin, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT 38
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about June 22, 2019, at 09:56:56 (session 851), in the District of Kansas, the defendants,

**TIA WARD**,
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 856, that is, offenses set forth in Count 8 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 39
## POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
## [21 U.S.C. § 841(a)(1) and (b)(1)(A)]

On or about July 17, 2019, in the District of Kansas, the defendant,

**TIA WARD**,

did unlawfully, knowingly and intentionally possess with intent to distribute five hundred (500) grams or more of a mixture and substances containing a detectable amount of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT 40
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 13, 2019, at 14:23:55 (session 39721), in the District of Kansas,

the defendants,

**DAVID BELL**,
a/k/a "Bizz",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 6 of this

Indictment incorporated by reference herein,.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United

States Code Section 2.

## COUNT 41
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 1, 2019, at 18:36:53 (session 17825), in the District of Kansas,

the defendant,

**OTIS PONDS**,
a/k/a "Wack",

did knowingly and intentionally use a communication facility, to wit: a telephone, in

committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this

Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

### COUNT 42
**USE OF COMMUNICATION FACILITY TO FACILITATE DRUG
TRAFFICKING CRIME
[21 U.S.C. § 843(b)]**

On or about June 14, 2019, at 09:28:27 (session 7927), in the District of Kansas, the defendants,

**MARIO PONDS**,
and **BYRON FITCHPATRICK**,

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 5 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

### COUNT 43
**USE OF COMMUNICATION FACILITY TO FACILITATE DRUG
TRAFFICKING CRIME
[21 U.S.C. § 843(b)]**

On or about June 27, 2019, at 12:32:19 (session 10841), in the District of Kansas, the defendant,

**SHANTUS SMALLWOOD**,
a/k/a "Gray",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21,

United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 44
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about June 29, 2019, at 10:07:56 (session 13259), in the District of Kansas, the defendants,

**SHANTUS SMALLWOOD**,
a/k/a "Gray",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 45
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 3, 2019, at 12:48:15 (session 2876), in the District of Kansas, the defendants,

**SATORIA HILL**,
a/k/a "Booty",
and **DORZEE HILL**,

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 5 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 46
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about July 13, 2019, at 13:03:19 (session 39599), in the District of Kansas, the defendant,

**ROBERT RICHMOND**,
a/k/a "Shot",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Counts 5 and 6 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 47
## USE OF COMMUNICATION FACILITY TO FACILITATE DRUG TRAFFICKING CRIME
## [21 U.S.C. § 843(b)]

On or about June 26, 2019, at 15:30:17 (session 8787), in the District of Kansas, the defendants,

**KIMBERLY SCHMIDTBERGER**,
a/k/a "Leggs",
and **TRAVIS KNIGHTEN**,
a/k/a "Troub",

did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, offenses set forth in Count 2 of this Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

## COUNT 48
## POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
## [21 U.S.C. § 841(a)(1) and (b)(1)(A)]

Between April 22, 2019 and May 31, 2019, in the District of Kansas, the defendant,

**RICHARD ADAMS**,

did unlawfully, knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT 49
## POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
## [21 U.S.C. § 841(a)(1) and (b)(1)(A)]

On or about July 23, 2019, in the District of Kansas, the defendant,

### RICHARD ADAMS,

did unlawfully, knowingly and intentionally possess with intent to distribute five hundred (500) grams or more of a mixture and substances containing a detectable amount of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT 50
## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
## [18 U.S.C. § 924(c)(1)]

On or about April 23, 2019, in the District of Kansas, the defendant,

### DAVID BELL,
a/k/a "Bizz",

did knowingly possess a firearm, that is a SCCY CPX-2, 9mm semi-automatic pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute cocaine, a controlled substance, as set forth in Count 5 of this Indictment incorporated by reference herein.

In violation of Title 18, United States Code, Sections 924(c)(1) and Title 18, United States Code, Section 2.

## COUNT 51
## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
## [18 U.S.C. § 924(c)(1)]

On or about July 17, 2019, in the District of Kansas, the defendant,

### TRAVIS VONTRESS,
a/k/a "Bink",
a/k/a "Gumbo",

did knowingly possess firearms, that is a Smith and Wesson, SW40VE .40 caliber semi-automatic pistol and a Smith and Wesson Shield .40 caliber semi-automatic pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute cocaine, a controlled substance, as set forth in Count 5 of this Indictment incorporated by reference herein.

In violation of Title 18, United States Code, Sections 924(c)(1) and Title 18, United States Code, Section 2.

## COUNT 52
## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
## [18 U.S.C. § 924(c)(1)]

On or about July 23, 2019, in the District of Kansas, the defendant,

### RICHARD ADAMS,

did knowingly possess firearms, that is a Kahr CW45 .45 caliber semi-automatic pistol and a SCCY CPX2 9mm semi-automatic pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute methamphetamine, a controlled substance, as set forth in Count 2 of this Indictment incorporated by reference herein.

In violation of Title 18, United States Code, Sections 924(c)(1) and Title 18, United States Code, Section 2.

## COUNT 53
## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
## [18 U.S.C. § 924(c)(1)]

On or about July 16, 2019, in the District of Kansas, the defendant,

**TIA WARD**,

did knowingly possess a firearm, that is a Diamond Back .380 semi-automatic pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute methamphetamine, a controlled substance, as set forth in Count 2 of this Indictment incorporated by reference herein.

In violation of Title 18, United States Code, Sections 924(c)(1) and Title 18, United States Code, Section 2.

## COUNT 54
## MAINTAINING A DRUG INVOLVED PREMISE
## [21 U.S.C. § 856(a)(1)]

On or about July 1, 2019 through July 17, 2019, in the District of Kansas, the defendants,

**ARMANDO LUNA**,
a/k/a "Diablo" ,
**TRAVIS KNIGHTEN**,
a/k/a "Troub",

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence located at 429 N. Green,

53

Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said residence for the purpose of unlawful storing, using, manufacturing and distributing methamphetamine and marijuana, controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT 55
## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)(1)]

On or about May 31, 2019, in the District of Kansas, the defendant,

**TREVOR WELLS**,
a/k/a "Punch",
a/k/a "Punchy",

did knowingly possess a firearm, that is a Taurus, PT145 Millennium, .45 caliber semi-automatic pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute marijuana, a controlled substance, as set forth in Count 3 of this Indictment incorporated by reference herein.

In violation of Title 18, United States Code, Sections 924(c)(1) and Title 18, United States Code, Section 2.

## FORFEITURE NOTICE

1.      Upon conviction of the offense(s) set forth in Counts 5, 6, or 50 of this Indictment, the defendant, **DAVID BELL**, shall forfeit to the United States, all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations, and all property used or intended to be used in any manner or part

or involved in to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited to:

    a.    One SCCY, CPX-2, 9mm semi-automatic pistol, serial number 644576;

    b.    Any ammunition; and

    c.    A sum of money equal to the amount of proceeds obtained as a result of the offenses.

All pursuant to Title 21, United States Code, § 841, § 853, and Title 18, United States Code, § 924(d).

2.    Upon conviction of the offense(s) set forth in Counts 2, 4, 5, 10, 23, or 51 of this Indictment, the defendant, **TRAVIS VONTRESS**, shall forfeit to the United States, all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations, and all property used or intended to be used in any manner or part or involved in to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited to:

    a.    One Smith and Wesson, SW40VE, .40 semi-automatic pistol, serial number PBL4406;

    b.    One Smith and Wesson, Shield, .40 semi-automatic pistol, serial number HDN5496;

    c.    Any ammunition; and

    d.    A sum of money equal to the amount of proceeds obtained as a result of the offenses.

All pursuant to Title 21, United States Code, § 841, § 853, and Title 18, United

States Code, § 924(d).

3.      Upon conviction of the offense(s) set forth in Counts 2, 3, 8, 39, or 53 of this Indictment, the defendant, **TIA WARD**, shall forfeit to the United States, all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations, and all property used or intended to be used in any manner or part or involved in to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited to:

      a.      One Diamond Back, .380 caliber semi-automatic pistol, serial number ZH2232;

      b.      Any ammunition;

      c.      $6,802 in U.S. currency seized during the investigation; and,

      d.      A sum of money equal to the amount of proceeds obtained as a result of the offenses.

All pursuant to Title 21, United States Code, § 841, § 853, and Title 18, United States Code, § 924(d).

4.      Upon conviction of the offense(s) set forth in Counts 2, 49, or 52 of this Indictment, the defendant, **RICHARD ADAMS**, shall forfeit to the United States, all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations, and all property used or intended to be used in any manner or part or involved in to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited to:

      a.      One Kahr, Model CW45, .45 caliber semi-automatic pistol, serial number SG3304;

b.      One SCCY, Model CPX2, 9mm caliber semi-automatic pistol, serial number 449926;

c.      Any ammunition;

d.      $11,300 in U.S. currency seized during the investigation; and,

e.      A sum of money equal to the amount of proceeds obtained as a result of the offenses.

All pursuant to Title 21, United States Code, § 841, § 853, and Title 18, United States Code, § 924(d).

5.      Upon conviction of the offense(s) set forth in Counts 2, 4, 5, 6, or 8 of this Indictment, the defendant, **KEVIN LEWIS**, shall forfeit to the United States, all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations, and all property used or intended to be used in any manner or part or involved in to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited to:

a.      $1,437 in U.S. currency seized during the investigation;

b.      $579.00 in U.S. currency seized during the investigation; and,

c.      A sum of money equal to the amount of proceeds obtained as a result of the offenses.

All pursuant to Title 21, United States Code, § 841, § 853, and Title 18, United States Code, § 924(d).

6.      Upon conviction of the offense(s) set forth in Counts 2, 3, 4, 7, 35, 36  or 55 of this Indictment, the defendant, **TREVOR WELLS**,  shall forfeit to the United States, all property constituting or derived from any proceeds the defendant obtained directly or

indirectly as a result of the violations, and all property used or intended to be used in any manner or part or involved in to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited to:

     a.     One Taurus .45 caliber handgun, SN: NUD47932;

     b.     $2,985.00 in U.S. currency seized during the investigation; and,

     c.     A sum of money equal to the amount of proceeds obtained as a result of the offenses.

All pursuant to Title 21, United States Code, § 841, § 853, and Title 18, United States Code, § 924(d).

7.     Upon conviction of the offense(s) set forth in Counts 2, 9, 18, 19 or 20 of this Indictment, the defendant, **ARMANDO LUNA**, shall forfeit to the United States, all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations, and all property used or intended to be used in any manner or part or involved in to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited to:

     a.     One Hogan Multi Caliber Firearm, SN: 13-00510(1B93); and

     b.     A sum of money equal to the amount of proceeds obtained as a result of the offenses.

All pursuant to Title 21, United States Code, § 841, § 853, and Title 18, United States Code, § 924(d).

8.     Upon conviction of the offense(s) set forth in Counts 1-17, 21-22, 24, 25, 38, 40, 44 or 47 of this Indictment, the defendant, **TRAVIS KNIGHTEN**, shall forfeit to the United States, all property constituting or derived from any proceeds the defendant

obtained directly or indirectly as a result of the violations, and all property used or intended to be used in any manner or part or involved in to commit and to facilitate the commission of the violations alleged in this Indictment, including, but not limited to:

      a.     One Hogan Multi Caliber Firearm, SN: 13-00510(1B93); and

      b.     A sum of money equal to the amount of proceeds obtained as a result of the offenses.

All pursuant to Title 21, United States Code, § 841, § 853, and Title 18, United States Code, § 924(d).

**A TRUE BILL.**

February 26, 2020                        s/Foreperson
DATE                                  FOREPERSON OF THE GRAND JURY

s/Stephen R. McAllister
STEPHEN R. McALLISTER
United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Ks. S. Ct. No. 15845
SMcAllister@usa.doj.gov

[It is requested that jury trial be held in Wichita, Kansas.]