# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       v.                                             **CASE NO. 20-10028-EFM**

**11. KEVIN LEWIS,**
    a/k/a "YT",
    a/k/a "Y",

**15. OTIS PONDS,**
    a/k/a "Wack",

**19. TRAVIS VONTRESS,**
    a/k/a "Bink",
    a/k/a "Gumbo",

       **Defendants.**

### UNITED STATES' CONSOLIDATED RESPONSE TO DEFDENDANT KEVIN LEWIS' MOTION FOR AN EVIDENTIARY *DAUBERT* HEARING (Doc. 559) AND DEFENDANT ORLANDO HOGAN'S MOTION FOR EARLY DISCLOSURE OF EXPERT TESTIMONY AND OPPORTUNITY TO OBJECT (Doc. 557)

Comes now the United States of America, by and through Katherine J. Andrusak, Special Assistant United States Attorney and Matt Treaster, Assistant United States Attorney, and responds to defendant Kevin Lewis' Motion for an Evidentiary *Daubert* Hearing (Doc. 559), joined by Otis Ponds (Doc. 607) and defendant Orlando Hogan's Motion for Early Disclosure of Expert Testimony and Opportunity to Object joined by Travis Vontress (Doc. 565) and Kevin Lewis (Doc. 566) as follows:

**Preliminary Matter**

Defendant Lewis claims Detective McKee's CV was not provided. However, the CV can be found on pages 134-35 of the Government's Expert Disclosure (Doc. 539). Detective McKee and Moore's reports will be provided once they are received by the Government in advanced of the hearing.

As the Government filed their Expert Notice on November 15, 2021, over three months in advance of trial, the deadline of December 15, 2021 requested by Defendant Hogan's motion should be deemed moot. The Government has met its obligations and will continue to provide defendants with information regarding those disclosed experts as it is received. Any reciprocal disclosure by the defendants should be provided immediately rather than by December 29, 2021. The defendants discuss equity and fairness in preparing for pre-trial motions and yet only propose to give the government two weeks to examine their expert disclosure in advance of motion hearings.

**Legal Standard**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed.R.Evid. 702.  The Court must apply a two-part test to determine admissibility under this rule. *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013). First, it must decide "whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion."

*Id*. (quoting *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (quoting Fed. R. Evid. 702)). Second, the Court "'must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony.'" *Id*. (quoting *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006) (further citations omitted)).

The trial court determines whether the expert is proposing to testify to scientific, technical, or other specialized knowledge that will assist the trier of fact to understand or determine a fact in issue. *United States v. Muldrow*, 19 F.3d 1332, 1337 (10th Cir. 1994). The rule uses a liberal definition of "expert." Fed.R.Evid. 702. ("Within the scope of this rule are not only experts in the strictest sense of the word, e.g. physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values." Fed.R.Evid. 702 advisory committee's note 1972). An expert is one who possesses a skill or knowledge, based on training or experience, in a particular field, and based on that foundation, would aid the trier of fact in the search for the truth. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004). Once the court determines expert testimony is helpful, a witness "may qualify as an expert by knowledge, skill, experience, training, or education and … the expert … should not be required to satisfy an overly narrow test of his own qualifications." *Gardner v. Gen. Motors Corp.*, 507 F.2d 525, 528 (10th Cir. 1974). Under the Federal Rules, expert testimony is admitted liberally.

Under Rule 702, the Supreme Court has held that district courts must perform a gatekeeping role to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993). That gatekeeping requirement "applies not only to testimony based on scientific

knowledge, but also to testimony based on technical and other specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (internal quotation marks omitted). The trial judge has broad discretion "to determine reliability in light of the particular facts and circumstances of the particular case." *Id.* at 158. "Generally, the district court performs this [gatekeeping] function at a *Daubert* hearing, although such a hearing is not specifically required." *Burlington Northern & Santa Fe Ry Co. v. Grant*, 505 F.3d 1013, 1031 (10th Cir. 2007). A district court may satisfy its gatekeeping function by ruling on an objection during trial, "so long as the court has sufficient evidence to perform 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Goebel v. Denver & Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 597). The district court must make specific findings on the record. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003).

The court, as the gatekeeper, is required to determine if the testimony is reliable and relevant. Fed.R.Evid. 702. The court must determine if the expert's proffered testimony … has 'a reliable basis in the knowledge and experience of his discipline.' *Daubert,* 509 U.S. at 592. The court must decide if the reasoning underlying the testimony is valid and whether it is relevant to the issue before the court. *Id.* at 592-93 and 597. Then the court must ensure that the proposed expert testimony logically advances a material aspect of the case. *Id.* at 591. This standard applies to scientific testimony, as well as technical or specialized knowledge. *Kumho Tire Co.* 526 U.S. at 141. However, trial judges are not required to mechanically apply the *Daubert* factors to both scientific and non-scientific testimony and are entitled to broad discretion when discharging their gatekeeping function. See *Id*. at 1175-76

Once the testimony is considered reliable, the court must consider whether the testimony will be helpful to the trier of fact, considering relevance, jurors' common knowledge and experience, and whether the testimony may replace the jury's primary role as the evaluator of the evidence. *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed.R.Evid. 401.

Evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed.R.Evid. 403. Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude. *United States v. Rodriquez*, 192 F.3d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial merely because it damages a party's case. *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008). "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter." *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (quoting *United States v. Sides,* 944 F.2d 1554, 1563 (10th Cir.1991) (quotation omitted)). "Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing." *U.S. v. Hankey*, 203 F.3d 1160 (9th Cir. 2000) (quoting *U.S. v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983).

### **Gang Evidence Expert**

The use of law enforcement officers as expert witnesses about criminal activity is well-recognized. *See United States v. Najera*, No. CRIM.A. 12-10089-01, 2013 WL 2254501, at *3 (D. Kan. May 22, 2013). "The fact that the expert also may be a fact witness or that some of the

testimony technically may be within Rule 701 is not disqualifying," *Id; See United States v. DeSoto,* 885 F.2d 354 (7th Cir.1989) and *United States v. Caballero,* 277 F.3d 1235, 1247 (10th Cir.2002) ("[b]oth Rules 701 and 702 distinguish between expert and lay testimony, not between expert and lay witnesses ... it is possible for the same witness to provide both lay and expert testimony in a single case.") The keys are reliability and helpfulness to the jury. *United States v. Najera*, No. CRIM.A. 12-10089-01, 2013 WL 2254501, at *3 (D. Kan. May 22, 2013).

The Tenth Circuit has recognized the admissibility of gang-related evidence since 1992 in *United States v. Robinson*, 978 F.2d 1554, 1562-64 (10th Cir. 1992). Law enforcement testimony, particularly in regard to gang evidence, is not required to meet a specific scientific methodology.

> The methodology and reliability of an officer's testimony regarding gang activity must be evaluated by a non-scientific approach. In other words, for example, there is no recognized scientific test to determine the meaning of gang graffiti. This is made clear in cases like *United States v. Mejia,* 545 F.3d 179 (2nd Cir.2008) ("An appropriate (admissible) example of such expertise would have been an expert's explanation of how the graffiti near a body indicated that the murderer was a member of MS–13 ...") *Id.* at 195. Rather, the reliability of the expert's opinion must be based on law enforcement methodology which, to a considerable extent, must turn upon the training, education and experience of the officer on *that* particular subject. Scientific methods are not required. *See United States v. Garza,* 566 F.3d 1194, 1198–99 (10th Cir.2009). "The *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony from a gang expert, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *United States v. Thomas,* No. 10–4725, 2012 WL 2951410, *5 (4th Cir. July 20, 2012) (quoting *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir .2000))

*United States v. Najera*, No. CRIM.A. 12-10089-01, 2013 WL 2254501, at *4 (D. Kan. May 22, 2013).

Similar to the *Najera* case, it is fair to assume that most, if not all, of the prospective jurors in the current case are not now, nor have ever been, gang members themselves or are

6

familiar with gang activity in this area. As such, Detective Moore's testimony will be helpful to assist the jury in understanding the relationship between the defendants, particularly their relationship and willingness to work for Co-Defendant Knighten, the leader of the drug trafficking organization ("DTO") the collective goals of the DTO and the operation they were running in concert.

### Drug Evidence Experts

The Tenth Circuit, along with many other courts, routinely apply Fed.R.Evd. 702 in allowing law enforcement officers/agents to provide excerpt testimony concerning drug trafficking. *See United States. v. Quintana*, 70 F.3d 1167, 1170-71 (10th Cir. 1995) (admitting officers expert testimony regarding meaning of terms used by drug traffickers); *United States v. Sturmoski*, 971 F.2d 452 (10th Cir. 1992) (no abuse of discretion in classifying agent as expert who testified regarding meth lab operations and tools of narcotic trade); *United States v. McDonald*, 933 F.2d 1519, 1520-23 (10th Cir. 1991) (admitting officer testimony regarding user/distributor quantities and common drug packaging). *See also, United States v. Blake*, 284 Fed.Appx.530, 539-40 (10th Cir. 2008) (unpublished). Moreover, officers training and experience can provide the requisite bases and reasons for expert testimony. *See United States. v. Reulet*, Case No. 14-40005-DDC, 2015WL7776876, *3, (10th Cir. 2015) (unpublished).

Again, it is fair to assume that many, if not all, of our prospective jurors are unfamiliar with drug trafficking. Detective McKee's testimony will be helpful to assist the jury in understanding the slang words used, what quantity is considered just for personal use and common behaviors of those engaged in drug trafficking. This will better help the prospective jury understand the calls and text messages presented as well as understand a variety of other evidence in relation to drug trafficking.

## CONCLUSION

WHEREFORE, for the reasons stated herein the United States agrees that a *Daubert* hearing is required in this matter and will request the Court find Detectives Moore and McKee be deemed experts at the conclusion of that hearing.

        DUSTON J. SLINKARD
        Acting United States Attorney

        /s/ Katherine J. Andrusak
        KATHERINE J. ANDRUSAK
        Special Assistant U.S. Attorney
        United States Attorney's Office
        301 N. Main, Suite 1200
        Wichita, Kansas 67202
        (316) 269-6481
        (316) 269-6484 (fax)
        K.S.Ct.No. 25961
        katie.andrusak@usdoj.gov

        s/ Matt Treaster
        MATT TREASTER
        Ks. S.Ct. No. 17473
        Assistant United States Attorney
        District of Kansas
        301 N. Main, Suite 1200
        Wichita, Kansas 67202
        (316) 269-6481
        (316) 269-6484 (FAX)
        Matt.treaster@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ Katherine J. Andrusak
KATHERINE J. ANDRUSAK
Special Assistant United States Attorney


s/ Matt Treaster
MATT TREASTER
Assistant United States Attorney