# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                    **CASE NO. 20-10028-EFM**

**8. ORLANDO HOGAN,**
    a/k/a "Solo",

**11. KEVIN LEWIS,**
    a/k/a "YT",
    a/k/a "Y",

**12. ARMANDO LUNA,**
    a/k/a "Diablo",

**15. OTIS PONDS,**
    a/k/a "Wack",

**19. TRAVIS VONTRESS,**
    a/k/a "Bink",
    a/k/a "Gumbo",

    **Defendants.**

## UNITED STATES' RESPONSE TO DEFDENDANT HOGAN'S MOTION TO COMPEL PRODUCTION OF IDENTITY OF CONFIDENTIAL SOURCES OF INFORMATION (Doc. 550)

Comes now the United States of America, by and through Katherine J. Andrusak, Special Assistant United States Attorney and Matt Treaster, Assistant United States Attorney, and respectfully requests Defendant Hogan's Motion to Compel Production of Identity of Confidential Sources of Information (Doc. 550) joined by Defendants Armando Luna (Doc.

551), Kevin Lewis (Doc. 566), Travis Vontress (Doc. 565), and Otis Ponds (Doc. 607) be denied. The United State submits the following response in support of its request:

## Background

The Confidential Human Source ("CHS") and three sources of information ("SOI's") were part of the probable cause for the various wire applications.[1] Defendants Hogan, Luna, Lewis, O. Ponds and Vontress are requesting the production of the identities of the CHS and three SOI's. As there are great concerns regarding the safety of these individuals should their identities be disclosed and the fact they will not be called as witness, the Government requests the Defendant's motion be denied.

The CHS was part of six hand-to-hand deals that involved purchasing heroin from Defendant Dorzee Hill and his girlfriend Breonte Hadley-Ponds.[2] Dorzee Hill has plead and Breonte Hadley-Ponds is not indicted in this matter. No other named defendant was party to these hand-to-hand deals. The hand-to-hand deals the CHS participated in are not part of charged conduct pertaining to any defendant who remains charged with in the Indictment or Superseding Indictment. The CHS provided information about other defendants that have since plead in this matter.[3]

Source of Information 1 ("SOI-1") provided information that Defendant Kevin Lewis was Hill's source of supply for heroin. The SOI-1 provided information on other defendants that have since plead in this matter and unindicted coconspirators.[4]

Source of Information 2 ("SOI-2") was incarcerated at the time and was providing historical information regarding Hill and his organization. This information was provided about

---

[1] *See* Docs. 1, 7, 11.
[2] *See* Doc. 1, pgs. 28, 30-39; Doc. 7, pgs. 31, 52-55; Doc.11, pgs. 26, 37, 73-74, 80.
[3] *See* Doc. 1, pgs. 23-27, 28, 46-47; Doc. 7, pgs. 22- 25, 31, 52-54, 68-69, 71; Doc.11, pgs. 26-27, 29-30, 32, 74
[4] *See* Doc. 1, pgs. 23-27, 29, 37; Doc. 7, pgs. 21-25, 31, 69, 72; Doc.11, pgs. 26-28, 36

defendants that have since plead in this matter.[5] The information provided by SOI-1 and SOI-2 did not mention Defendants Orlando Hogan, Armando Luna or Travis Vontress. The information provided by SOI-1 regarding Defendant Kevin Lewis was simply that, information.

Source of Information 3 ("SOI-3") provided information regarding Defendant Travis Knighten's access to cellphones, that Knighten controlled Defendant Trevor Wells residence on Yale, that Defendant Orlando Hogan was Knighten's right hand man as well as other information regarding Knighten and his alleged stash houses.[6]

### Legal Analysis

**I.    The Defendant's Motion is Premature**

Pursuant to the Court's *Pretrial and Criminal Case Management Order*, should the Government invoke the provisions of the Jencks Act, the court acknowledges the authority to withhold witness statements until the witness has testified but strongly encourages the Jencks Act material be provided three days prior to trial.[7] Likewise Rule 16 does not require disclosure of statements or inspection of prospective witnesses, except as provided in 18 U.S.C. § 3500. It is settled law in this circuit that, in the absence of a statutory or constitutional requirement, ... there [is no] requirement that the government disclose its witnesses in any manner, except in a case where trial is for treason or other capital offense." *United States v. Nevels*, 490 F.3d 800, 803 (10th Cir. 2007) (quoting *United States v. Baca*, 494 F.2d 424, 427 (10th Cir. 1974))(ellipsis in *United States v. Nevels*). Moreover, the Tenth Circuit has explained that "[i]n noncapital cases, moreover, there is no constitutional right to the pretrial disclosure of witnesses." *United States v. Russell*, 109 F.3d 1503, 1510 (10th Cir. 1997)

---

[5] *See* Doc. 1, pgs. 25, 29; Doc. 7, pgs.23, 32, 69; Doc.11, pgs. 27,
[6] *See* Doc. 11, pgs. 34-35, 38-39, 56-57, 71, 75
[7] Doc. 204, Section 8, pages 10-11.

In this instance, the United States filed its Jencks Act notice (Doc. 479) and indicated it would disclose Jencks Act materials two weeks prior to trial. This is well in advance of its statutory obligations and the expectations set out in this Court's Pretrial Order. Additional disclosure of information at this time is premature, under both the Court's Pretrial Order and Rule 16. Moreover, the United States is not expecting at this time to call the CHS or any of the SOI's as witnesses at trial.

II.     **The Protection of The Individuals' Identities Supports Nondisclosure.**

The law regarding the disclosure of the identities of confidential informants is well-established by the *Roviaro* case and its progeny. The government may withhold information that would disclose the identity of a confidential informant except where the information would be "relevant and helpful to the defense of the accused." *Rovario v. United States*, 353 U.S. 53, 60-61 (1957). This concept, of protecting the informant's identity from disclosure is called the informer's privilege. As *Rovario* stated:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Scher v. United States*, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151; *In re Quarles and Butler*, 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080; *Vogel v. Gruaz*, 110 U.S. 311, 316, 4 S.Ct. 12, 14, 28 L.Ed. 158. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id*. at 59. The decision to reveal a confidential informant's identity involves the balancing of the defendant's asserted need for his defense against the government's interest while considering the crime charged, possible defenses, possible significance of the informer's testimony and other relevant factors. *Id*. at 62. The two central factors to balance are "the informant's level of

participation in the illegal activity for which the criminal charges are brought and the probative value of the informant's probable testimony. *United States v. Wilson*, 899 F.Supp. 521, 523 (D.Kan. 1995).

The Tenth Circuit has categorized cases involving confidential informants into three categories. "At one extreme are the cases where the informant is a mere *tipster*, and disclosure is not required." *United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992) *cert. denied,* 507 U.S. 1022 (1993) (emphasis added). At the other extreme you have an informant that "played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial." *Id.* This later scenario is akin to the facts of *Roviaro*. There is also a situation between these two extremes "where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant." *Id.* "When the informant is an active participant and the only witness to significant portions of the alleged criminal activity besides the defendant or the agent, disclosure is necessary." *United States v. Ridley*, 814 F.Supp. 992, 996 (D.Kan. 1993) (citation omitted). But that is not a hard and fast rule as the Tenth Circuit has held that disclosure of an informant is not required because that informant has taken an active role in the criminal transaction—the courts must still balance the respective factors outlined in *Roviaro*. *United States v. Martinez*, 979 F.2d 1424, 1428 (10th Cir. 1992) *cert. denied,* 507 U.S. 1022 (1993)

The Tenth Circuit has consistently not required the disclosure of an informant, especially when their involvement with the defendant was minimal. *See, United States v. Mendoza–Salgado*, 964 F.2d 993, 1001 (10th Cir. 1992) (*quoting United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987)) (not requiring disclosure where the information sought 'would be merely cumulative,' or where the informer did not participate in the illegal transaction,); *United States v.*

*Brantley*, 986 F.2d 379, 383 (10th Cir. 1993) (not requiring disclosure where the informant is not a participant or witness to the crime); *United States v. Wynne*, 993 F.2d 760, 766 (10th Cir.1993) (not requiring disclosure where the informant is a mere tipster).

Moreover, "[t]he government is not required to supply information about an informer to a defendant when the informer merely provides the initial introduction. *United States v. Beltran-Palafox*, 09-40022-01/02-JAR, 2010 WL 1408590, *7 (D.Kan. March 31, 2010) (citing *United States v. Holmes*, 311 F'App'x 156, 162 (10th Cir. 2009)). *See also United States v. Ridley*, 831 F.Supp. 808, 809 (D.Kan. 1993) (stating that minimal participation, such as driving to a transaction and observing the transaction, does not require disclosure).

Further, a defendant seeking disclosure bears the burden of proving a need for the information. *United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992) *cert. denied,* 507 U.S. 1022 (1993). Mere speculation that an informant might be relevant in some capacity is insufficient to meet this burden. *Id.* at 1428. A defendant must point to concrete circumstances sufficient to overcome the public interest and safety of confidential informants. *United States v. Ridley*, 814 F.Supp. 992, 996 (D.Kan. 1993) (citing *United States v. Batista-Polanco*, 927 F.2d 14, 19 (1st Cir. 1991)).

While this privilege is not absolute, the United States Supreme Court has declined to create a bright-line rule requiring disclosure. *Rovairo*, 353 U.S. at 62. As mentioned before, the government's privilege may give way if "disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused." *Id*. at 60-61. Disclosure of an informant's identity is not automatic and it is the defendant's burden to move for disclosure of privileged material. Regarding the Court's evaluation:

> Whether to disclose the identity of a confidential police informant is a determination that requires a court to balance the public interest in

> protecting the flow of information in a manner necessary for effective law enforcement against an individual's right to prepare his defense. 353 U.S. at 62. In determining whether disclosure is necessary, the court must consider the particular circumstances of the case, including the crime charged, the possible defenses, and the significance of the informer's testimony. *Id.* "Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret his identity must prevail over the defendant's asserted right of disclosure." *United States v. Martinez,* 979 F.2d 1424, 1429 (10th Cir.1992), *cert. denied,* 507 U.S. 1022 (1993).

*United States v. Folsom*, No. 01-400007-01-SAC, 2001 WL 789261, at *7–8 (D. Kan. June 12, 2001). "The defendant must explain to the court as precisely as possible what testimony he thinks the informer could give and how this testimony would be relevant to a material issue of guilt or innocence." *United States v. Logan*, 241 F. Supp. 2d 1164, 1175 (D. Kan. 2002). *See also United States v. Beltran-Palafox*, 09-40022-01/02-JAR, 2010 WL 1408590, *7 (D.Kan. March 31, 2010).

## Application

### A. SOI-1, SOI-2 and SOI-3's are Tipsters and Their Identities are Not Relevant or Material.

Tenth Circuit and District of Kansas case law is clear, identities and information on informants that are tipsters and not part of the illegal activity alleged in the indictment are routinely not disclosed. In the current case, all three sources of information were simply that—providers of information that corroborated what law enforcement was hearing on the wire or learning about the drug trafficking operation. They were nothing more than that. They did not participate in any illegal transaction that makes up a charge against any defendant in this case. The Tenth Circuit has refused disclosure "where the informant has limited information, was not present during the commission of the offense, and cannot provide any evidence that is not cumulative or exculpatory." *United States v. Gordon*, 173 F.3d 761, 767-68 (10th Cir. 1999) (citations omitted).

7

SOI-1 provided limited general information as to Defendant Kevin Lewis and no other active defendant. SOI-2 provided no information about any defendant still charged. SOI-3 provided limited information regarding Travis Knighten and Defendant Orlando Hogan. However, as laid out above and in the wiretap applications, they only provided general information. Moreover, the Government has no expectation at this time of using any source of information as a witness at trial.

Further, "[a] defendant seeking disclosure bears the burden of proving a need for the information. *United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992). Mere speculation that an informant might be relevant in some capacity is insufficient to meet this burden. *Id.* at 1428. Defendant Orlando Hogan's *Motion to Compel Production of Identity of Confidential Sources of Information* fails to include a precise explanation as to how any SOIs' testimony, identities and information would be relevant and material to the issue of guilt or innocence as to Defendant Orlando Hogan's case or aid in his defense, especially when they are not being called by the Government.[8] Hogan, and any defendant joining the motion, is required to explain to this Court as precisely as possible the relevance of the information to a material issue.

Defendants simply states the sources of information's testimony must be relevant and essential if the Government is announcing it will call such witnesses at trial. However, the Government made no such announcement, nor can the Jencks Act Notice be construed as such. The assumption that the Government's Jencks Act Notice means these Sources of Information will be witnesses called at trial in no way formulates the Defendants required showing that the information is at all material to his defense.

---

[8] While Defendants Lewis, Luna, Vontress and O. Ponds have joined this motion, their joinder motions include no additional or different arguments than that in Hogan's Motion and are thus precluded from raising them at the time of the motion hearings. *See United States v. Holveck*, 867 F.Supp. 969, 972-73 (D.Kan. 1994).

Moreover, the basis for the charges against the Defendant and those that have joined this motion, do not come from the information provided by the Sources of Information. No source of information was a party to any transaction or criminal act that makes up the charges against any defendant in this case. Defendants fail to establish how the disclosure of the sources of information's identities is essential. As such, Tenth Circuit and District of Kansas case law protects against the disclosure of the sources of information's identities.

### B. While the CHS was a Participant in Criminal Activity, Said Activity is Not Related to the Defendants and Thus Disclosure Should Not Be Granted.

The CHS in the present case did participate in illegal activity rather than just pass on information, such as the SOI's. However, the illegal activity the CHS participated in is not criminal activity charged against any defendant, and should it have been charged, it would not have been charged against any of the current defendants seeking to compel his/her identity. As such, *Roviaro* and its progeny do not require the disclosure of the CHS information and identity.

In *Roviaro*, the informant was a participant in the **charged** criminal activity. Specifically, the informant took a material part in bringing about the possession of certain drugs by the defendant, was present with the defendant during the alleged crime and could have been a material witness to whether the defendant knowingly transported the drugs as charged. *Roviaro v. United States*, 353 U.S. 53, 55, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The current case is distinguishable. The CHS in the present case was not a participant in any transaction charged in the Indictment and/or Superseding Indictment. Moreover, the illegal activity he/she did participate in involved the defendant Dorzee Hill. The CHS was not part of any illegal activity involving Defendants Hogan, Luna, Lewis O. Ponds or Vontress and thus could not be a material witness to any activity charged against the named defendants. The wire application documents (Docs. 2, 8, 11) lay out the activities of the CHS and they are summarized above. Defendants

state no basis from which to infer that the CHS witnesses the involvement of Hogan, Luna, Lewis, O. Ponds or Vontress in the conspiracies in which they are charged.

"Disclosure of an informant is not required simply because the informant has taken an active role in the criminal transaction. *United States v. Folsom*, No. 01-400007-01-SAC, 2001 WL 789261, at *7–8 (D. Kan. June 12, 2001) (citing *United States v. Martinez,* 979 F.2d 1424, 1428 (10th Cir.1992), *cert. denied,* 507 U.S. 1022 (1993)). As the cases post *Roviaro* indicate, there is a distinction when the informant is the only other witness to a transaction other than law enforcement and when they take a role such as setting up the transaction for another. It is about balancing the activity taken with the factors laid out in *Roviaro*. The Court must balance the defendant's asserted need for his defense against the government's interest while considering the crime charged, possible defenses, possible significance of the informer's testimony and other relevant factors.

Defendants again fail to assert a need for the CHS identity for his defense beyond mere speculation that the Government is calling the witness therefore it must be relevant. Case law is clear this is insufficient to meet the defendants' burden. No specificity as to how the information from the CHS is material to the issue of their innocent or guilt was provided by any defendant. Considering the crimes charged against these defendants are based on the wire interceptions of Travis Knighten's phone, their own cellphones and searches of residences that are not related to any action taken by the CHS, the balancing of a lack of specified need against the need to protect the CHS identity and to protect all informants favors protecting the CHS identity.

While the CHS took an active role in criminal transactions, those transactions involved none of the defendants now seeking his/her identity. Nor do those criminal transaction relate to any charge against the moving defendants. As the CHS was not present during the commission

of any offense charged against Hogan, Luna, Lewis, O. Ponds or Vontress, they are not entitled to compel the disclosure of the CHS' identity. While the CHS is more than a mere tipster and thus a balancing of interests must be assessed, the moving defendants lack standing to request such a balancing as there is no evidence that the CHS was involved or witnesses any illegal activity in which they were involved and was charged in this case.

Kansas District Court Judge Crow, on two separate occasions, denied the disclosure of informants' identities, even when those informants qualified as more than a mere tipster. In *United States v. Ridley*, 831 F.Supp. 808, 809 (D.Kan. 1993), Judge Crow denied the disclosure of the informant's identity, even though they arranged the transaction, because they were not an active participant in the criminal activity for which the defendant was indicted. *Id.* In *United States v. Folsom*, No. 01-400007-01-SAC, 2001 WL 789261, at *7–8 (D. Kan. June 12, 2001) Judge Crow again denied the disclosure of the informant's identity. The *Folsom* informant was alleged to have purchased cocaine base from the defendant. Even with the informant being present at the time of the crime, the disclosure was still denied. In the present case, the CHS was even more removed than the *Ridley* and *Folsom* informants and thus should not be disclosed.

### C. Danger in Producing Identities.

Many, if not all, of the defendants, are members of, or associate with, members of the Junior Boys street gang. As such, the mentality has greatly been, during the wire and even now, loyalty until the end. Since the filing of the original Indictment threats have been made against individuals the defendants' thought were "snitches" without regard for the accuracy of these accusations. The government has been made aware of activities taken by certain defendants to identify all witnesses against them and alleged orders to ensure no one is present to testify.

Moreover, many of the defendants, and those that were unindicted yet still associated with this groups, have extensive and violent criminal pasts.

Identifying the CHS and SOI's, when they will not be testifying against any remaining defendant at trial, puts not only them in harms way, but also greatly impacts the use of any future CHS or SOI. Setting the precedent of requiring disclosure of a sources identity when it will more likely than not put them directly in harms way when they provided some simple information or when they interacted with one defendant not associated with anyone going to trial will greatly deter anyone from coming forward with information regarding criminal activity in the community. As the defendants have not provided any specificity as to how the identity and information from the CHS and SOI's would be relevant and material to the issue of guilt or innocence beyond mere speculation, the interest of protecting the sources should prevail.

## Conclusion

WHEREFORE, the Government respectfully requests the Court deny Defendant Hogan's Motion to Compel Production of Identity of Confidential Sources of Information for the reasons stated herein. The Defendants fail to meet their burden as to the materiality of the information in relation to their defenses as to each informant and the interest of protecting these specific individuals and the ability to use informants outweighs the concept that they must be relevant if they are to be used by the Government.

In the alternative, should the Court need additional information to balance the *Roviaro* factors, the Government would suggest an in-camera hearing regarding the background and nature of involvement of CHS so as to protect their identity until this Court issues its order.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney


By: /s/ Matt Treaster
MATT TREASTER
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: matt.treaster@usdoj.gov
Ks. S. Ct. No. 17473

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the appropriate parties of record.


/s/ Matt Treaster
MATT TREASTER
Assistant United States Attorney
Ks. S. Ct. No. 17473

13