IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,       )
                                    )  District Court
                 Plaintiff,         )  Case Nos.
v.                                  )  20-10028-01
                                    )  through -20,
RICHARD ADAMS, et al.,              )  and -22 through
                                    )  -24
                 Defendant.         )


TRANSCRIPT OF STATUS CONFERENCE

     On the 19th day of November, 2020, came on to be heard
proceedings in the above-entitled and numbered cause before the
HONORABLE ERIC F. MELGREN, Judge of the United States District
Court for the District of Kansas, sitting in Wichita,
commencing 9:31 A.M. Proceedings recorded by machine shorthand.
Transcript produced by computer-aided transcription.

APPEARANCES:

The plaintiff appeared by and through:
          Mr. Matt Treaster (by phone)
          Ms. Katherine Andrusak (by phone)
          United States Attorney's Office
          1200 Epic Center
          301 North Main
          Wichita, Kansas 67202

The defendant Richard Adams appeared by and through:
          Mr. Brian K. Edwards
          Joseph, Hollander & Craft, LLC
          500 North Market Street
          Wichita, Kansas 67214

The defendant David Bell appeared by and through:
          Mr. Paul S. McCausland (by phone)
          Young, Bogle, McCausland, Wells & Blanchard, PA
          One Main Place
          100 North Main Street, Suite 1001
          Wichita, Kansas 67202-1322

The defendant Frederick Collins appeared by and through:
        Ms. Sylvia B. Penner
        Penner Lowe Law Group, LLC
        245 North Waco Street
        Suite 125
        Wichita, Kansas 67202

The defendant Byron Fitchpatrick appeared by and through:
        Forrest A. Lowry (by phone)
        Forrest A. Lowry, Attorney at Law
        P.O. Box 1015
        Ottawa, Kansas 66067

The defendant Eric Goodwin appeared by and through:
        Mark T. Schoenhofer
        Law Office of Mark T. Schoenhofer, LLC
        1631 East First
        Wichita, Kansas 67214

The defendant Dorzee Hill appeared by phone and by and through:
        Mr. Thomas R. Telthorst (by phone)
        650 Minnesota Avenue
        Kansas City, Kansas 66101

The defendant Satoria Hill appeared by and through:
        Mr. Thomas D. Haney (by phone)
        Stevens & Brand, LLP
        4848 SW 21st Street
        Suite 201
        Topeka, Kansas 66604

The defendant Orlando Hogan appeared by and through:
        Mr. Adam M. Hall (by phone)
        Thompson-Hall, PA
        333 West 9th Street
        Suite B
        Lawrence, Kansas  66044-2803

The defendant Derek Hubbard appeared by and through:
        Mr. Richard C. Paugh (by phone)
        Pate & Paugh, LLC
        833 North Waco
        Wichita, Kansas 67203

The defendant Travis Knighten appeared by and through:
        Mr. Mark A. Thomason (by phone)
        Law Office of Mark Thomason, LLC
        928 Walnut Street
        Suite 101
        Kansas City, Missouri 64106

The defendant Kevin Lewis appeared by and through:
          Mr. Michael J. Shultz (by phone)
          Shultz Law Office, PA
          445 North Waco
          Wichita, Kansas 67202

The defendant Armando Luna appeared by and through:
          Ms. Kari S. Schmidt (by phone)
          Conlee Schmidt & Emerson, LLP
          200 West Douglas
          Suite 300
          Wichita, Kansas 67202

Defendant Trey Martin appeared by and through:
          Mr. Edward L. Robinson (by phone)
          Robinson Law Firm, LLC
          218 North Mosley
          Wichita, Kansas  67202

The defendant Mario Ponds appeared by and through:
          Mr. John E. Rapp (by phone)
          Hinkle Law Firm LLC
          1617 North Waterfront Parkway
          Suite 400
          Wichita, Kansas  67206-6639

The defendant Robert Richmond appeared by and through:
          Mr. Charles A. O'Hara (by phone)
          O'Hara & O'Hara, LLC
          1223 East First Street
          Wichita, Kansas  67214

The defendant Kimberly Schmidtberger appeared by and through:
          Mr. Stephen T. Ariagno
          Ariagno, Kerns, Mank & White
          328 North Main
          Wichita, Kansas  67202

The defendant Shantus Smallwood appeared by and through:
          Mr. Thomas H. Johnson (by phone)
          Petefish, Immel, Hird, Johnson, Leibold & Sloan, LLP
          842 Louisiana Street
          Lawrence, Kansas  66044

The defendant Travis Vontress appeared by and through:
          Mr. Kevin W. Babbit (by phone)
          Fagan & Emert, LLC
          730 New Hampshire
          Suite 210
          Lawrence, Kansas  66044

The defendant Kevin Walker appeared by and through:
        Mr. James R. Campbell
        Coffman & Campbell, LLC
        511 Neosho Street
        Burlington, Kansas  66839

The defendant Eddie Washington appeared by and through:
        Mr. Steven D. Mank (by phone)
        Ariagno, Kerns, Mank & White
        328 North Main
        Wichita, Kansas  67202

The defendant Trevor Wells appeared by and through:
        Mr. Jason P. Hoffman (by phone)
        Hoffman & Hoffman, Attorneys at Law
        100 East Ninth Street
        Second Floor East
        Topeka, Kansas  66612

The defendant Dallas Williams appeared by and through:
        Mr. Robert J. Moody
        Martin Pringle Oliver Wallace & Bauer, LLP
        645 East Douglas
        Suite 100
        Wichita, Kansas  67202

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 5 of 31

11-19-20   USA v. ADAMS, et al.   No. 20-10028                5

09:31:37   1        CLERK KOEHLER:  All rise.  The United States

09:31:50   2   District Court for the District of Kansas is now in

09:31:51   3   session, the Honorable Eric F. Melgren presiding.

09:31:56   4        THE COURT:  Good morning, everyone.

09:32:00   5        We're on the record, so I'll note that this is the

09:32:03   6   case of the United States v. Adams, et al., Case

09:32:08   7   No. 20-10028.

09:32:11   8        Excuse me for not being on the microphone for

09:32:13   9   those of you on the phone.  I think we will start with

09:32:18   10   appearances, if we can, please.  For the Government?  You

09:32:21   11   can be seated, I'm sorry.  Appearances for the

09:32:26   12   Government.

09:32:27   13        MR. TREASTER:  Yes, Your Honor, the United States

09:32:29   14   appears by Assistant United States Attorney Matt Treaster

09:32:32   15   and Special Assistant U.S. Attorney Katie Andrusak.

09:32:35   16        THE COURT:  All right.  You're appearing by phone.

09:32:38   17        MR. TREASTER:  Yes, Your Honor.

09:32:39   18        THE COURT:  For defendant one, Mr. Adams?

09:32:42   19        MR. EDWARDS:  Mr. Adams appears through counsel

09:32:45   20   Keith Edwards, with Joseph, Hollander & Craft, in person.

09:32:49   21        THE COURT:  Thank you.

09:32:49   22        For defendant No. 2, David Bell?

09:32:52   23        MR. MCCAUSLAND:  Paul McCausland appears by

09:32:54   24   telephone for David Bell, Your Honor.

09:32:55   25        THE COURT:  Thank you.

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 6 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028                6

| | | |
|---|---|---|
| 09:32:55 | 1 | For defendant No. 3, Frederick Collins? |
| 09:32:58 | 2 | MS. PENNER:  Good morning, Your Honor.  Sylvia |
| 09:33:00 | 3 | Penner appears in person on behalf of Mr. Collins. |
| 09:33:02 | 4 | THE COURT:  Thank you. |
| 09:33:03 | 5 | Defendant No. 4, Byron Fitchpatrick? |
| 09:33:06 | 6 | MR. LOWRY:  Good morning, Your Honor. |
| 09:33:08 | 7 | Mr. Fitchpatrick appears by and through counsel Forrest |
| 09:33:12 | 8 | Lowry by phone. |
| 09:33:13 | 9 | THE COURT:  Thank you. |
| 09:33:13 | 10 | Defendant number 5, Eric Goodwin? |
| 09:33:15 | 11 | MR. SCHOENHOFER:  Eric Goodwin appears by and |
| 09:33:17 | 12 | through Mr. Schoenhofer. |
| 09:33:19 | 13 | THE COURT:  Thank you, Mr. Schoenhofer.  I noted |
| 09:33:20 | 14 | you entered appearance yesterday.  Will you be staying in |
| 09:33:23 | 15 | this case or you just here for the internationally |
| 09:33:25 | 16 | traveling Mr. Kerns? |
| 09:33:26 | 17 | MR. SCHOENHOFER:  I am filling in for the |
| 09:33:29 | 18 | internationally traveling Kurt Kerns, but I will be |
| 09:33:32 | 19 | available if he needs me at a later time. |
| 09:33:33 | 20 | THE COURT:  All right.  Thank you, |
| 09:33:33 | 21 | Mr. Schoenhofer. |
| 09:33:33 | 22 | Defendant No. 6, Dorzee Hill? |
| 09:33:36 | 23 | MR. TELTHORST:  Your Honor, Thomas Telthorst |
| 09:33:38 | 24 | appears by Dorzee Hill.  I'm joined by my client by audio |
| 09:33:41 | 25 | link as well. |

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 7 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028          7

09:33:42   1          THE COURT:  I'm sorry, you're joined by?

09:33:45   2          THE REPORTER:  His client.

09:33:46   3          THE COURT:  Oh, your client.  All right.  Thank

09:33:48   4   you.

09:33:48   5          Defendant No. 7, Satoria Hill?

09:33:52   6          MR. HANEY:  Mr. Hill appears by phone by his

09:33:57   7   attorney Tom Haney.

09:33:58   8          THE COURT:  Thank you.

09:34:00   9          Defendant No. 8, Orlando Hogan?

09:34:02  10          MR. HALL:  May it please the Court, Orlando Hogan

09:34:04  11   appears by counsel Adam Hall by telephone.

09:34:06  12          THE COURT:  Thank you.

09:34:07  13          Defendant No. 9, Derek Hubbard?

09:34:14  14          CLERK KOEHLER:  Did someone just join the call?

09:34:17  15          THE COURT:  I think someone just got dropped from

09:34:19  16   the call, and I wonder if it was Mr. Paugh.  Mr. Paugh,

09:34:23  17   are you there?  I actually heard him enter his appearance

09:34:27  18   later while I was in my chambers.  We'll come back and

09:34:30  19   see if he rejoins us.

09:34:31  20          Defendant 10, Travis Knighten?

09:34:34  21          MR. THOMASON:  Good morning, Your Honor, Mark

09:34:36  22   Thomason on behalf of Mr. Knighten.

09:34:38  23          THE COURT:  Thank you.

09:34:38  24          Defendant No. 11, Kevin Lewis?

09:34:43  25          MR. SHULTZ:  Thank you, Your Honor, Michael Shultz

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 8 of 31

11-19-20   USA v. ADAMS, et al.   No. 20-10028          8

09:34:45   1   appears for Kevin Lewis by telephone.

09:34:47   2         THE COURT:  Thank you.

09:34:47   3         Defendant No. 12, Armando Luna?

09:34:54   4         CLERK KOEHLER:  Who just joined?

09:34:56   5         MR. PAUGH:  This is Richard Paugh on behalf of

09:34:58   6   Derek Hubbard by phone.

09:34:59   7         THE COURT:  All right.  Thank you, Mr. Paugh.

09:35:01   8         MR. PAUGH:  I was just cut off.  Sorry.

09:35:04   9         THE COURT:  I had a feeling just as I called your

09:35:06   10  name the phone beeped and you weren't there.  I had a

09:35:08   11  feeling you were the one that dropped.  So --

09:35:10   12        MR. PAUGH:  I was.

09:35:11   13        THE COURT:  So defendant 12, Armando Luna?

09:35:15   14  Ms. Schmidt?

09:35:17   15        THE REPORTER:  We missed her.  I don't think she's

09:35:20   16  been on.

09:35:21   17        THE COURT:  Hmm, I knew she wasn't on our last

09:35:22   18  one.  She told us she wouldn't be available.

09:35:24   19        Defendant 13, Trey Martin?

09:35:27   20        MR. ROBINSON:  Good morning, Your Honor.

09:35:29   21  Mr. Martin appears through counsel Ed Robinson by

09:35:32   22  telephone.

09:35:32   23        THE COURT:  Thank you.

09:35:33   24        Defendant 14, Mario Ponds?

09:35:35   25        MR. RAPP:  Mario Ponds appears through counsel

11-19-20  USA v. ADAMS, et al.  No. 20-10028          9

| | | |
|---|---|---|
| 09:35:39 | 1 | John Rapp. |
| 09:35:41 | 2 | THE COURT:  Thank you, Mr. Rapp, by phone. |
| 09:35:43 | 3 | Defendant 15, Otis Ponds is still a fugitive. |
| 09:35:47 | 4 | Mr. Treaster, can you tell me anything about what you |
| 09:35:50 | 5 | know, if anything, about Mr. Ponds, Otis Ponds? |
| 09:35:54 | 6 | MR. TREASTER:  No, Your Honor, there's no new |
| 09:35:56 | 7 | information. |
| 09:35:57 | 8 | THE COURT:  All right.  He's just whereabouts |
| 09:36:01 | 9 | unknown. |
| 09:36:01 | 10 | MR. TREASTER:  That's correct, Your Honor. |
| 09:36:03 | 11 | THE COURT:  Okay.  All right. |
| 09:36:04 | 12 | Defendant 16, defendant Robert Richmond? |
| 09:36:07 | 13 | MR. O'HARA:  He appears by Charles O'Hara, Your |
| 09:36:09 | 14 | Honor, by telephone. |
| 09:36:10 | 15 | THE COURT:  Thank you. |
| 09:36:10 | 16 | Defendant 17? |
| 09:36:13 | 17 | MR. ARIAGNO:  Sir? |
| 09:36:13 | 18 | THE COURT:  Hello?  Defendant 17, Kimberly |
| 09:36:19 | 19 | Schmidtberger? |
| 09:36:20 | 20 | MR. ARIAGNO:  Steve Ariagno appears in person on |
| 09:36:22 | 21 | behalf of Kimberly Schmidtberger. |
| 09:36:24 | 22 | THE COURT:  Thank you, Mr. Ariagno. |
| 09:36:25 | 23 | Defendant 18, Shantus Smallwood? |
| 09:36:27 | 24 | MR. JOHNSON:  Good morning, Your Honor.  Thomas |
| 09:36:29 | 25 | Johnson for Mr. Smallwood, appearing by telephone. |

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 10 of 31

11-19-20   USA v. ADAMS, et al.   No. 20-10028         10

| 09:36:32 | 1 | THE COURT:  Very well. |

09:36:32   1        THE COURT:  Very well.

09:36:33   2        Defendant 19, Travis Vontress?

09:36:38   3        MR. BABBIT:  Travis Vontress appears through

09:36:41   4   counsel Kevin Babbit by telephone.

09:36:43   5        THE COURT:  Thank you.

09:36:43   6        Defendant 20, Kevin Walker?

09:36:46   7        MR. CAMPBELL:  Kevin Walker appears by James

09:36:48   8   Campbell, appearing in person.

09:36:49   9        THE COURT:  Thank you.

09:36:52   10        Defendant 21, Tia Ward?

09:36:55   11        THE REPORTER:  She's pled.

09:36:57   12        THE COURT:  She has.  We need to get her off this

09:37:00   13   list.  Thank you.

09:37:01   14        Defendant 22, Eddie Washington.

09:37:05   15        MR. MANK:  Your Honor, Eddie Washington appears

09:37:08   16   via telephone and through Steve Mank.

09:37:10   17        THE COURT:  Thank you, Mr. Mank.

09:37:11   18        Defendant 23, Trevor Wells?

09:37:15   19        MR. HOFFMAN:  Mr. Wells appears by and through

09:37:18   20   counsel Jason Hoffman via telephone, Your Honor.

09:37:20   21        THE COURT:  And -- thank you.

09:37:21   22        And defendant 24, Dallas Williams.

09:37:24   23        MR. MOODY:  May it please the Court, Robert Moody

09:37:25   24   appears in person on behalf of Dallas Williams.

09:37:28   25        THE COURT:  Thank you, Counsel.

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 11 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028          11

09:37:30    1          All right.  Thank you everyone for appearing.  I

09:37:35    2  have set these monthly status conferences just because of

09:37:37    3  the size and complexity of this case, to monitor both how

09:37:42    4  pretrial matters are going and, hopefully, to move

09:37:47    5  towards setting a schedule.  At our previous meetings we

09:37:51    6  had set today's status conference as an aspirational time

09:37:55    7  that we could begin setting a schedule, or looking at a

09:37:59    8  schedule in this case.

09:37:59    9          Let me first inquire as to discovery matters.  I

09:38:05   10  suppose I'll begin by asking about the ongoing saga of

09:38:09   11  reviewing the thousands of hours of pole camera video.

09:38:18   12  Who can give me a report on the status of that matter?

09:38:24   13          MR. ROBINSON:  Your Honor, Ed Robinson.  I can

09:38:26   14  update you on that.

09:38:27   15          THE COURT:  Thank you, Mr. Robinson.

09:38:30   16          MR. ROBINSON:  There are three paralegals who are

09:38:33   17  reviewing the footage.  There -- as the Court knows from

09:38:38   18  previous status conferences, there is a significant

09:38:41   19  amount of footage in this particular case.  They are

09:38:49   20  proceeding apace.  They do not expect to get done in

09:38:51   21  calendar year 2020.  In general, there is -- I'm told

09:38:56   22  that there is lots of cars and foot traffic to both of

09:39:03   23  the houses where the cameras were pointed, but the camera

09:39:08   24  is grainy and it's difficult to identify individuals

09:39:13   25  specifically.

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 12 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028    12

09:39:15   1        As with the other case that involves lots of pole
09:39:21   2   cam footage, there is a discrepancy between the time
09:39:25   3   stamps on the video and the time stamps on the player
09:39:29   4   itself.  And I'm told that the Government's time stamp,
09:39:39   5   based on their player, may be different from both of
09:39:44   6   those time stamps.  So there is an issue with sorting out
09:39:48   7   the, you know, actually what time it was that these
09:39:54   8   reported events occurred, and so that's going to be
09:39:57   9   something that this needs to get clarified with the
09:40:03  10   Government counsel and possibly through the coordinating
09:40:08  11   discovery attorney.
09:40:08  12        But things are moving forward, and it's going as
09:40:12  13   fast as it can go with three paralegals and the volume
09:40:15  14   that they have, that they're making their way through it.
09:40:19  15        THE COURT:  Mr. Robinson, I appreciate you having
09:40:21  16   taken the lead or the point on the video reviews, both in
09:40:24  17   this case and the other.  Let me ask you a couple three
09:40:28  18   questions.  First, is it at all possible for the
09:40:34  19   reviewing paralegals to estimate when they might be
09:40:39  20   completed with their preliminary review?
09:40:44  21        MR. ROBINSON:  I asked Ms. Koci about that this
09:40:49  22   morning.  She's one of the three paralegals who are
09:40:53  23   working on this.  And she said that the best estimate
09:40:59  24   that she can give right now is that it won't be done in
09:41:04  25   calendar year 2020.  They're hopeful that they can get

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 13 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028          13

| | | |
|---|---|---|
| 09:41:11 | 1 | through with it possibly in January or February of 2021, |
| 09:41:17 | 2 | but a lot of that depends on the workload of the other |
| 09:41:20 | 3 | two paralegals apart from Ms. Koci and how much time |
| 09:41:27 | 4 | they're available, they have to devote to this project on |
| 09:41:29 | 5 | an ongoing basis. |
| 09:41:30 | 6 | THE COURT:  Certainly.  Okay, I appreciate that. |
| 09:41:33 | 7 | MS. SCHMIDT:  Your Honor, this is Kari Schmidt. |
| 09:41:35 | 8 | And I apologize, I had connectivity issues.  I am |
| 09:41:39 | 9 | appearing on behalf of the Armando Luna. |
| 09:41:41 | 10 | I can give you a little bit of detail on the time |
| 09:41:45 | 11 | 'cause my paralegal is one of them that's working on |
| 09:41:49 | 12 | this.  In this particular case, there is much more |
| 09:41:52 | 13 | interaction that has to be logged, and to give you an |
| 09:41:56 | 14 | idea, I think that my paralegal has looked at |
| 09:41:59 | 15 | approximately 15 to 20 days on one pole camera, and has |
| 09:42:09 | 16 | generated 21 pages of activity.  So if you're comparing |
| 09:42:14 | 17 | it to the other case, there's many more pole cameras in |
| 09:42:19 | 18 | this particular case, and there's a whole lot more |
| 09:42:21 | 19 | activity that has to be logged.  And so I don't |
| 09:42:25 | 20 | anticipate, even with three paralegals on this one, that |
| 09:42:28 | 21 | it will be done by February. |
| 09:42:31 | 22 | THE COURT:  Well, thank you, Ms. Schmidt.  And |
| 09:42:33 | 23 | that actually addressed my next question, which was that |
| 09:42:39 | 24 | I was going to note in our similar case with much pole |
| 09:42:43 | 25 | camera video, we're determining that that video seems to |

11-19-20   USA v. ADAMS, et al.   No. 20-10028          14

| | | |
|---|---|---|
| 09:42:45 | 1 | be much ado about nothing.  That does not, however, |
| 09:42:48 | 2 | appear to be the case then in this situation.  There is, |
| 09:42:53 | 3 | apparently, a great deal of activity, if that's the best |
| 09:42:58 | 4 | word to use, from these pole cameras, and once that |
| 09:43:03 | 5 | activity has been identified by the paralegals, and then |
| 09:43:08 | 6 | counsel will have to look at it. |
| 09:43:08 | 7 | I'm concerned -- I'm confused and concerned about |
| 09:43:12 | 8 | the situation that the clock or the time indicator on the |
| 09:43:20 | 9 | Government's versions of the videos is different than on |
| 09:43:22 | 10 | what's being reviewed.  That baffles me and it also, |
| 09:43:27 | 11 | obviously, creates a lot of logistical problems as we get |
| 09:43:30 | 12 | to identifying sections on the video.  I don't know if |
| 09:43:35 | 13 | anybody has a theory or an understanding as to why that |
| 09:43:43 | 14 | is. |
| 09:43:48 | 15 | MR. ROBINSON:  Your Honor, Ed Robinson.  I have |
| 09:43:51 | 16 | not taken the time to look into why that is.  I -- that's |
| 09:43:57 | 17 | something that we might be able to try to coordinate |
| 09:44:02 | 18 | through the CDA and the U.S. Attorney's Office just to |
| 09:44:09 | 19 | see if that's something that can be reconciled, but it is |
| 09:44:14 | 20 | something that will have to be resolved for anybody that |
| 09:44:17 | 21 | may want to use this in evidence at trial. |
| 09:44:22 | 22 | THE COURT:  Mr. Treaster, has the Government |
| 09:44:26 | 23 | identified for the defendants which sections or portions |
| 09:44:29 | 24 | of pole camera video it anticipates it will use in its |
| 09:44:34 | 25 | prosecution of this case? |

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 15 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028          15

09:44:37  1        MR. TREASTER:  No, Your Honor, nothing beyond

09:44:39  2  providing reports, which outlines the time period of

09:44:44  3  activity that the investigators focused on.

09:44:48  4        THE COURT:  I'm not entirely sure I understood

09:44:50  5  that response.  These time periods that you're

09:44:54  6  identifying, I assume, are more general time periods and

09:44:57  7  not specific as to the detail of identification that

09:45:04  8  would be necessary to isolate a portion of the video?

09:45:09  9        MR. TREASTER:  Well, they would be more specific,

09:45:11  10  Your Honor, in a sense that the reports will outline what

09:45:14  11  the investigators saw as they were watching it real

09:45:18  12  time --

09:45:18  13        THE COURT:  I see.

09:45:19  14        MR. TREASTER:  -- and at a specific time.

09:45:21  15        THE COURT:  And, of course, that gets back to our

09:45:24  16  confusion on the time stamps on the video, and to the

09:45:30  17  coordination of what I suppose a potential trifold

09:45:37  18  confusion as to what time periods the investigators noted

09:45:40  19  as they were watching in real time, contrasted with any

09:45:44  20  time stamp that's on the video itself, contrasted with

09:45:48  21  any time stamp that's on the video produced to defense

09:45:52  22  counsel.

09:45:53  23        MR. TREASTER:  Right.  And I think the easiest

09:45:58  24  route for us to go on that is I'll have to sit down with

09:46:01  25  the investigators, and then we can relay to the defense

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 16 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028          16

09:46:04   1   counsel, as best we can -- I don't really know the full

09:46:07   2   extent of the issue, but once we look into it I think we

09:46:10   3   can figure out what is the accurate time.

09:46:12   4         THE COURT:  Well, I hope so.  I don't know that I

09:46:14   5   share your optimism, but I hope that's the case because

09:46:18   6   otherwise it's a real mess.  When do you think --

09:46:21   7         MR. MCCAUSLAND:  Your Honor?

09:46:21   8         THE COURT:  Yes, go ahead.  Who's speaking?

09:46:23   9         MR. MCCAUSLAND:  This is Paul McCausland, Your

09:46:26  10   Honor.

09:46:26  11         THE COURT:  All right.

09:46:27  12         MR. MCCAUSLAND:  To understand the problem better,

09:46:30  13   there is a time stamp that's embedded on the actual video

09:46:34  14   that you can watch, and then the player has its own time

09:46:41  15   broken down in increments, I think, of, oh, seconds

09:46:48  16   within a minute.  And that player -- if I understand the

09:46:50  17   problem, the player's time doesn't jibe with the time

09:46:54  18   that's shown on the video itself.

09:46:58  19         But I think it would be possible for the

09:47:01  20   Government to identify video by date and time that's on

09:47:07  21   the video of what they intend to offer, and that maybe

09:47:12  22   there should be a deadline, a reasonable deadline, in the

09:47:16  23   future set for the Government to do that because it has

09:47:18  24   more resources than we do.

09:47:19  25         THE COURT:  Well, it's impossible to overstate how

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 17 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028        17

09:47:22  1  little I may know about technology, but it strikes me,

09:47:25  2  having said that, that if there's a time stamp embedded

09:47:30  3  within the video itself, that time stamp should be

09:47:35  4  consistent, whether the Government's playing it or

09:47:40  5  whether defense counsel's playing it.  Is that unduly

09:47:45  6  naive?

09:47:48  7       MR. MCCAUSLAND:  This is Paul McCausland again.  I

09:47:50  8  would agree with the Court, that's the way it would

09:47:52  9  appear.  I have not in this case, that I have received

09:47:58  10 pole cam video in other cases, and it's the same thing;

09:48:00  11 it's embedded on the videotape, and so even if it isn't

09:48:06  12 synchronized with the time on the player, you would think

09:48:11  13 what's on the tape would be accurate.  Maybe someone else

09:48:13  14 can answer that better than I.

09:48:16  15      THE COURT:  Probably, but probably not someone

09:48:18  16 who's present on this call.  Anybody have any expertise

09:48:25  17 they want to lend to this?

09:48:29  18      MR. THOMASON:  Your Honor, this is Mark Thomason.

09:48:31  19 I don't have a particular expertise, but I think that I

09:48:35  20 have the pole camera in the other case, and it has that

09:48:38  21 same problem.  But I kind of agree with the Court that it

09:48:42  22 seems like if they're all operating off of the embedded

09:48:45  23 time on the video itself, that would be beneficial to all

09:48:52  24 the parties.

09:48:52  25      The problem is that the Government's reports are

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 18 of 31

11-19-20    USA v. ADAMS, et al.    No. 20-10028                18

09:48:55  1  generated off of the player time, and all the paralegals

09:48:59  2  are using the other one.  I don't know if we're really

09:49:03  3  going to ever match up.  It's going to make it a second

09:49:05  4  go-round of trying to figure out what it is.

09:49:07  5          THE COURT:  So you believe that the paralegals,

09:49:10  6  who are reviewing this video in behalf of collective

09:49:14  7  defense are referencing the embedded time but not the

09:49:17  8  player time?

09:49:20  9          MR. THOMASON:  I don't know that.  I'm just saying

09:49:22  10  that that would be the problem I could see --

09:49:24  11          THE COURT:  Yeah.

09:49:25  12          MR. THOMASON:   -- is if the Government in their

09:49:27  13  reports is reporting it off of the player time, and we're

09:49:30  14  using the embedded time, then we're -- I mean, we're

09:49:34  15  talking about different time periods.

09:49:36  16          THE COURT:  Let me start by asking, Mr. Robinson

09:49:40  17  and Ms. Schmidt, do you know which time the paralegals

09:49:43  18  are referencing based on their reviews?

09:49:53  19          MR. ROBINSON:  Your Honor, I don't know the answer

09:49:55  20  to that right off, but if you give me just a few seconds

09:49:57  21  I can get that answer from Ms. Koci.

09:50:00  22          THE COURT:  Okay.  Thank you.

09:50:02  23          Did someone join or did someone drop?

09:50:08  24          HARVEY COUNTY JAIL:  No, we have -- are you the

09:50:11  25  attorney for Mr. Hill?

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 19 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028      19

09:50:14  1        THE COURT:  I'm sorry?

09:50:15  2        HARVEY COUNTY JAIL:  Are you the attorney for

09:50:17  3  Mr. Hill?

09:50:18  4        THE COURT:  Well, we have a lot of people on this

09:50:20  5  call.  Who are we talking to?

09:50:22  6        HARVEY COUNTY JAIL:  This is from Harvey County

09:50:26  7  jail.  We're trying to get him on the conference call

09:50:29  8  that we were given the phone number for.

09:50:31  9        MR. TELTHORST:  Yes, Thomas Telthorst for Dorzee

09:50:34  10  Hill.  This is the right call.

09:50:35  11        HARVEY COUNTY JAIL:  Okay, I just wanted to make

09:50:37  12  sure.  Here he is right here.

09:50:38  13        THE COURT:  Thank you.  Thank you.

09:50:41  14        While Mr. Robinson's running down the issue,

09:50:44  15  Mr. Treaster and Ms. Andrusak, do you know what time

09:50:53  16  periods -- that's not the right term -- which times the

09:50:57  17  Government's referring to in its reports that you

09:50:59  18  produced thus far?

09:51:02  19        MR. TREASTER:  I do not know, Your Honor.  I'm

09:51:04  20  just going to have to -- I didn't realize this was the

09:51:06  21  issue that it was.  I'm going to have to sit down with

09:51:11  22  the agent and figure this out.

09:51:13  23        THE COURT:  All right.

09:51:14  24        MR. ROBINSON:  Your Honor, I can update you.  The

09:51:17  25  paralegals have been basing their review on the time

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 20 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028        20

09:51:20   1   stamp on the player, not on the time that's shown on the

09:51:25   2   screen.

09:51:25   3       THE COURT:  All right.  Well, it seems to me that

09:51:29   4   that may end up being a problem, so I'm going to suggest,

09:51:33   5   if I can -- I mean, this is, I guess, a bit outside of

09:51:37   6   the purview of the court, but I'm going to suggest going

09:51:40   7   forward that they might note the embedded time in the

09:51:43   8   sense that that might be more consistent across the

09:51:45   9   various displays.  I'm just, as I said somewhat earlier,

09:51:55  10   mystified that we can have different times reflected.

09:51:58  11   But be that as it may, I don't know that I have any value

09:52:00  12   to add to this problem.

09:52:05  13       MR. MCCAUSLAND:  Judge, this is Paul McCausland

09:52:06  14   again.  I think what is happening is that the Government

09:52:10  15   may have one player application and that the coordinating

09:52:16  16   discovery attorney has formatted it for a different

09:52:22  17   application because the Government's application is

09:52:24  18   proprietary.  So we're using different applications, plus

09:52:29  19   we have what's embedded on the actual videotape.  And I

09:52:33  20   agree with the Court, using the time on the videotape

09:52:35  21   makes the most sense.

09:52:36  22       THE COURT:  Well, I'm going to ask, at a minimum,

09:52:41  23   Mr. Robinson and Ms. Schmidt, you're kind of taking a

09:52:44  24   leading oar on this, if you all and others who want to be

09:52:49  25   involved, whether Mr. McCausland and others, would try to

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 21 of 31

11-19-20   USA v. ADAMS, et al.   No. 20-10028

21

09:52:54   1   coordinate with the Government and see if we can

09:52:56   2   ascertain a consistent time reference.  I'm concerned

09:53:00   3   that, after having spent hundreds of hours reviewing

09:53:03   4   these videos and making reports on them, the paralegals'

09:53:08   5   work product may not be of the usable value that we had

09:53:12   6   hoped if it references different times that -- or it may

09:53:18   7   at least be of a work product that needs to go back and

09:53:22   8   be substantially translated into a different time.  This

09:53:25   9   again just all mystifies me, but obviously before this

09:53:28   10  problem continues to get worse we need to try to get our

09:53:31   11  arms around it if we can.

09:53:33   12       Mr. Treaster, when do you think the Government

09:53:38   13  might identify for defendants which segments of video you

09:53:44   14  anticipate using in your prosecution of these cases?

09:53:52   15       MR. TREASTER:  Your Honor, I think we could

09:53:53   16  probably get it done in 60 days.

09:53:57   17       THE COURT:  All right.  I got in here without my

09:54:01   18  calendar.  I'm going to set at least an aspirational date

09:54:12   19  60 days out for the Government to produce that.

09:54:18   20       Can you look at a calendar, Audrey, and tell me if

09:54:22   21  February 19th is a Sunday or some other unsuitable day?

09:54:27   22       CLERK KOEHLER:  It's Friday.

09:54:28   23       THE COURT:  Oh, perfect.  Well, why don't we set

09:54:31   24  February 19th, at least for today's purposes, as an

09:54:34   25  aspirational date for the Government to produce its

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 22 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028          22

09:54:41   1   video.  And once that's been produced, and hopefully by

09:54:48   2   February we're anticipating that defense will have --

09:54:53   3   that is to say, the paralegals working for all the

09:54:57   4   defense will have completed their review of the video as

09:55:03   5   well.

09:55:04   6        Is it possible then to at least set a tentative

09:55:08   7   motions deadline today, based on the assumption that all

09:55:13   8   this video will be identified by the end of February?

09:55:17   9   Probably some date in early April.  What do you all think

09:55:21  10   of that?

09:55:27  11        MR. CAMPBELL:  May it please the Court, Your

09:55:28  12   Honor, Mr. Campbell on behalf of the Mr. Walker.

09:55:30  13        THE COURT:  Yes.

09:55:32  14        MR. CAMPBELL:  We have had an opportunity to

09:55:34  15   review the majority of discovery that deals with our

09:55:39  16   particular case, and my client is in a bit of a unique

09:55:43  17   position in the fact that he only has connections with

09:55:46  18   really one other individual involved in this case.  And

09:55:54  19   you had indicated last time, at least in anticipation

09:56:00  20   that there may be a severance-type situation in this

09:56:06  21   case, where not everybody follows the same track.

09:56:09  22        THE COURT:  I wouldn't use the word "severance."

09:56:11  23   That's going to give heart palpitations to the

09:56:15  24   Government.  But certainly setting a deadline doesn't

09:56:19  25   mean you can't file motions well in advance of that.

09:56:23  1       MR. CAMPBELL:  I understand that, Your Honor.  But

09:56:26  2  our position is that the likelihood of the fact scenario

09:56:33  3  relative to my client is so substantially different to

09:56:36  4  others, my client, as you will find out later today, is

09:56:40  5  still being held, and that he is concerned about the fact

09:56:47  6  this is plugging along at a basically glacial pace.

09:56:51  7       THE COURT:  It is.

09:56:52  8       MR. CAMPBELL:  That is appropriate potentially for

09:56:56  9  a case of this magnitude, but his little corner of the

09:56:59  10  iceberg is so small that he is frustrated that he can't

09:57:05  11  get to something earlier.

09:57:08  12       On behalf of him, he asked me to make clear to the

09:57:12  13  Court we would like to have as quick a deadline as

09:57:16  14  possible.  Again, his portion is so distinct from the

09:57:20  15  grand conspiracy as a whole that the Government has

09:57:23  16  alleged, that we feel that we could be in position to

09:57:26  17  move more quickly.

09:57:27  18       THE COURT:  All right.  I appreciate that,

09:57:29  19  Mr. Walker [sic].  And let me say a couple of things

09:57:31  20  about that.  One, as I just indicated, a motion deadline

09:57:37  21  is the latest possible date.  Certainly motions can be

09:57:40  22  filed much earlier.  I know someone told me when I was a

09:57:43  23  young lawyer that procrastination is the hallmark of the

09:57:47  24  profession, and I know that we tend to review -- tend to

09:57:51  25  view motions deadlines the way we all view the speed

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 24 of 31

11-19-20   USA v. ADAMS, et al.   No. 20-10028          24

09:57:55   1   limit, the speed limit means that's the slowest rate you

09:57:58   2   should possibly be driving, at least that's the way I

09:58:00   3   look at things sometimes when I'm driving, I'm afraid.

09:58:03   4   But a motions deadline obviously doesn't preclude you

09:58:07   5   from filing a motion two months earlier.  And so I would

09:58:10   6   say to you, and frankly to any of the defense counsel

09:58:14   7   here represented, that if you think you've adequately

09:58:20   8   reviewed all the discovery that's going to be pertinent

09:58:22   9   to your client and have motions you want to address

09:58:25   10  early, I would not only welcome, I would encourage, that

09:58:28   11  so that we can try to obtain some momentum in this case.

09:58:34   12          Secondly, I anticipate that at some point it's

09:58:40   13  likely or certainly at least possible that some defense

09:58:44   14  counsel may file motions to sever based on the varying

09:58:48   15  factors that you've just identified, Mr. Walker, which is

09:58:52   16  that some of these cases are moving much more slowly than

09:58:55   17  others, and that there may be concerns about being

09:58:58   18  hitched to the slow-moving wagon when you'd like to move

09:59:01   19  at a faster pace.

09:59:02   20          My guess is that the Government will oppose those

09:59:06   21  severance issues.  I don't know that.  I've not asked

09:59:08   22  them to opine on that, and I'm not asking them to do so

09:59:11   23  now, but I just know in practice how that works.

09:59:14   24          Of course, as you know, the burden to obtain

09:59:18   25  severance is not insubstantial, but, obviously, if you're

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 25 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028        25

09:59:23   1  at a point where you think there's no issues left in our
09:59:27   2  case -- obviously this also assumes that you have pursued
09:59:33   3  whatever discussions you may wish to pursue with the
09:59:36   4  Government about working out a disposition short of trial
09:59:40   5  in this case, as Ms. Ward has already done.  But if all
09:59:42   6  that happens and you look at this slow-moving train and
09:59:47   7  say, "We're six months from trial for everybody else and
09:59:50   8  we'd like to go to trial now," you can certainly file a
09:59:52   9  motion to sever.
09:59:53  10       I'm not -- I'm not indicating, obviously, what my
09:59:58  11  response to that will be or what the Government's
10:00:00  12  response to that will be, but that seems to be your other
10:00:03  13  alternative then with it.  But I am sensitive to the fact
10:00:07  14  that different people's cases are going to move at
10:00:11  15  different rates, and, quite frankly, I'm not hoping at
10:00:14  16  the end of the day to have a trial with 20 defendants in
10:00:17  17  a courtroom.
10:00:19  18       MR. CAMPBELL:  To clarify for the record, Your
10:00:21  19  Honor.  I'm Mr. Campbell for Mr. Walker.
10:00:24  20       THE COURT:  I'm sorry.  I apologize.  Of course
10:00:27  21  you're correct, and I'm looking at the left-hand side of
10:00:30  22  my sheet here where the defendants are listed.  I
10:00:34  23  apologize, Mr. Campbell.
10:00:35  24       MR. CAMPBELL:  That's fine.
10:00:36  25       THE COURT:  I've got a huge cast of characters

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 26 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028                    26

| | | |
|---|---|---|
| 10:00:38 | 1 | here.  I apologize. |
| 10:00:39 | 2 | MR. CAMPBELL:  And I'm not a frequent player in |
| 10:00:41 | 3 | your particular theater on a regular basis, but I just |
| 10:00:45 | 4 | wanted to clarify for the record. |
| 10:00:47 | 5 | THE COURT:  Yes, well, and this particular theater |
| 10:00:50 | 6 | has a usually much smaller cast of characters, so we're |
| 10:00:53 | 7 | all playing on unique ground.  But anyway, |
| 10:00:57 | 8 | notwithstanding the confusion of characters, to stick |
| 10:00:59 | 9 | with the metaphor, that's my response to you and to |
| 10:01:02 | 10 | others that may find yourselves in that situation.  I |
| 10:01:07 | 11 | don't know that I can say anything more about it at this |
| 10:01:09 | 12 | point other than that if you think you've reviewed |
| 10:01:12 | 13 | discovery, if you want to start having disposition |
| 10:01:14 | 14 | discussions with the Government, if you want to |
| 10:01:17 | 15 | preliminarily or early file motions for whatever matters |
| 10:01:22 | 16 | you think need to be brought before the court, and once |
| 10:01:24 | 17 | those are all -- have all been played out, if you think |
| 10:01:30 | 18 | the matter needs to go to trial and you would like an |
| 10:01:33 | 19 | earlier trial setting, you can obviously file motions to |
| 10:01:36 | 20 | sever for that. |
| 10:01:37 | 21 | Mr. Ariagno, you looked like you were getting |
| 10:01:40 | 22 | ready to stand to say something, or are you just |
| 10:01:44 | 23 | stretching? |
| 10:01:45 | 24 | MR. ARIAGNO:  No, I'm just stretching.  Sorry. |
| 10:01:48 | 25 | THE COURT:  What else do we need to talk about |

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 27 of 31

11-19-20   USA v. ADAMS, et al.   No. 20-10028          27

| | | |
|---|---|---|
| 10:01:49 | 1 | today with respect to -- oh, we were trying to talk about |
| 10:01:54 | 2 | finding an early motions deadline for April?  Do you all |
| 10:01:57 | 3 | have any reaction to that?  That's, of course, dependent |
| 10:02:01 | 4 | on both the Government being able to meet its |
| 10:02:04 | 5 | February 19th deadline and the paralegals finishing their |
| 10:02:07 | 6 | review of the video and presenting usable information as |
| 10:02:12 | 7 | to when there's something substantially relevant by |
| 10:02:16 | 8 | February to you all.  But assuming those predicates are |
| 10:02:20 | 9 | met, what's your perspective on a motions deadline? |
| 10:02:25 | 10 |         MR. SHULTZ:  Your Honor, this is Michael Shultz |
| 10:02:27 | 11 | for Kevin Lewis.  And this seems like as good a time as |
| 10:02:30 | 12 | any, and I don't know if this is necessary, but my client |
| 10:02:32 | 13 | has requested again that I kind of renew for the record |
| 10:02:36 | 14 | our objections for the complex designation and the pace, |
| 10:02:38 | 15 | and we would echo a little bit of the concerns of |
| 10:02:41 | 16 | Mr. Campbell, so just for the record I would say that. |
| 10:02:44 | 17 |         In terms of a specific deadline, I don't have |
| 10:02:47 | 18 | any -- I'll defer to the Court and to the rest of |
| 10:02:50 | 19 | counsel. |
| 10:02:50 | 20 |         THE COURT:  All right.  And, again, Mr. Shultz, |
| 10:02:52 | 21 | you've obviously made that note on the record at our |
| 10:02:55 | 22 | prior hearings on behalf of your counsel and I appreciate |
| 10:02:57 | 23 | that.  Again, my response to be would be the same as to |
| 10:03:01 | 24 | Mr. Campbell:  If you think you're at a position to go |
| 10:03:04 | 25 | forward, if you have motions you want to file, you can |

| | | |
|---|---|---|
| 10:03:07 | 1 | file those promptly, and we will try to resolve those |
| 10:03:10 | 2 | promptly.  I'm certainly hoping not to have all of these |
| 10:03:14 | 3 | logjammed at the same time. |
| 10:03:17 | 4 | If you're past a motions point, if you're |
| 10:03:20 | 5 | unsuccessful in your disposition discussions with the |
| 10:03:23 | 6 | Government and you want to move for an early trial date, |
| 10:03:25 | 7 | you can do that.  Again, I'm not predetermining what the |
| 10:03:28 | 8 | Court's response to that will be or the Government's |
| 10:03:30 | 9 | response to that would be, but that would be the course |
| 10:03:33 | 10 | you all can follow, obviously. |
| 10:03:36 | 11 | MR. SHULTZ:  Thank you, Your Honor. |
| 10:03:37 | 12 | THE COURT:  Audrey, if you would look at the |
| 10:03:39 | 13 | calendar, what's the second Monday in April? |
| 10:03:51 | 14 | CLERK KOEHLER:  12th. |
| 10:03:57 | 15 | THE COURT:  Oh, I didn't hear.  The 12th? |
| 10:04:00 | 16 | CLERK KOEHLER:  Yes. |
| 10:04:01 | 17 | THE COURT:  Oh, I'm sorry, I didn't hear your |
| 10:04:03 | 18 | response. |
| 10:04:03 | 19 | Let's set April 12th, for today's purposes, as a |
| 10:04:07 | 20 | motions deadline, again, assuming the previously |
| 10:04:11 | 21 | identified predicates I've talked about are met. |
| 10:04:17 | 22 | What else do we need to talk about at this time? |
| 10:04:24 | 23 | Any other discovery issues? |
| 10:04:32 | 24 | All right, I don't hear anything.  We have another |
| 10:04:35 | 25 | status conference set for December 21st.  That's our last |

Case 6:20-cr-10028-EFM    Document 652    Filed 12/23/21    Page 29 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028          29

10:04:40  1  status conference that's set.  Do you all think we need a

10:04:44  2  December status conference or should we cancel that one

10:04:46  3  and reconvene at some date in January?

10:04:50  4      MR. ARIAGNO:  Your Honor, on behalf of the

10:04:52  5  Miss Schmidtberger, Steve Ariagno, I think a January

10:04:55  6  status conference would be adequate, at least as to my

10:04:58  7  client.

10:04:58  8      THE COURT:  All right.  Thank you, Mr. Ariagno.

10:05:00  9      Does anybody think there's value in maintaining

10:05:03  10  our December status conference date, which is set for

10:05:08  11  December 21st?  All right, hearing nothing, we're going

10:05:13  12  to -- I'm going to cancel that status conference.  We

10:05:17  13  will set dates not only for January but in the next year.

10:05:20  14  I'll try to set some monthly -- have Ms. McKee set some

10:05:24  15  monthly status conference dates.  It's possible, as we

10:05:26  16  move along, that we may not need all those, but I think

10:05:29  17  for now we'll at least get those on your calendars.

10:05:34  18      Anything else we need to take up at this point?

10:05:44  19      All right.  Well, hearing nothing, that'll

10:05:46  20  conclude our status conference.  We will set these two

10:05:50  21  dates I've just noted.  We'll cancel the December 21st

10:05:53  22  status conference and set new status conferences for 2021

10:05:56  23  and proceed at that point.  So have a happy holiday,

10:06:00  24  everyone.  That'll conclude our hearing.

10:06:05  25      (Whereupon, the proceedings were concluded at

Case 6:20-cr-10028-EFM   Document 652   Filed 12/23/21   Page 30 of 31

11-19-20  USA v. ADAMS, et al.  No. 20-10028          30

10:06:06   1  10:06 A.M.)

           2

           3

           4

           5

           6

           7

           8

           9

          10

          11

          12

          13

          14

          15

          16

          17

          18

          19

          20

          21

          22

          23

          24

          25

C E R T I F I C A T E

I, Johanna L. Wilkinson, United States Court Reporter in and for the District of Kansas, do hereby certify:

That the above and foregoing proceedings were taken by me at said time and place in stenotype;

That thereafter said proceedings were transcribed under my direction and supervision by means of computer-aided transcription, and that the above and foregoing constitutes a full, true and correct transcript of said proceedings;

That I am a disinterested person to the said action.

IN WITNESS WHEREOF, I hereto set my hand on this the 23rd day of December, 2021.


                    s/ Johanna L. Wilkinson
                    Johanna L. Wilkinson, CSR, CRR, RMR
                    United States Court Reporter