IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,    )
                                 )  District Court
                   Plaintiff,    )  Case Nos.
v.                               )  20-10028-11
                                 )  20-10028-19
KEVIN LEWIS and TRAVIS VONTRESS, )
                                 )  Circuit No.
                   Defendants.   )  22-3119


TRANSCRIPT OF PROCEEDINGS

On the 24th day of February, 2022, came on to be heard
proceedings in the above-entitled and numbered cause before the
HONORABLE ERIC F. MELGREN, Judge of the United States District
Court for the District of Kansas, sitting in Wichita,
commencing at 9:03 A.M. Proceedings recorded by machine
shorthand.  Transcript produced by computer-aided
transcription.


APPEARANCES:

The plaintiff appeared by and through:
        Mr. Matt Treaster
        Ms. Katherine J. Andrusak
        United States Attorney's Office
        1200 Epic Center
        301 North Main
        Wichita, Kansas 67202

The defendant Kevin Lewis appeared in person and by and
through:
        Mr. Michael J. Shultz
        Shultz Law Office, P.A.
        445 North Waco
        Wichita, Kansas 67202

The defendant Travis Vontress appeared in person and by and
through:
        Mr. Kevin W. Babbit
        Fagan & Emert, LLC
        730 New Hampshire
        Suite 210
        Lawrence, Kansas  66044

2-24-22  USA v. LEWIS, et al. No. 20-10028                    2

| | | |
|---|---|---|
| 09:03:23 | 1 | CLERK SCHMIDT:  All rise.  The United States |
| 09:03:26 | 2 | District Court for the District of Kansas is now in |
| 09:03:28 | 3 | session, the Honorable Eric F. Melgren presiding. |
| 09:03:30 | 4 | THE COURT:  Good morning.  You may be seated. |
| 09:03:34 | 5 | The court calls the case of the United States v. |
| 09:03:41 | 6 | Kevin Lewis and Travis Vontress, Case No. 20-10028-11 and |
| 09:03:49 | 7 | -19.  United States appears by Assistant United States |
| 09:03:54 | 8 | Attorneys Matthew Treaster and Katherine Andrusak. |
| 09:03:57 | 9 | Defendant, Mr. Lewis, appears in person and by his |
| 09:04:00 | 10 | counsel Michael Shultz.  Defendant Mr. Vontress appears |
| 09:04:02 | 11 | in person and by his counsel Mr. Babbit. |
| 09:04:05 | 12 | Primarily, counsel, we're here for our jury |
| 09:04:09 | 13 | instruction conference.  I do have a few preliminary |
| 09:04:11 | 14 | matters I want to take up before we get to the |
| 09:04:13 | 15 | instructions. |
| 09:04:13 | 16 | I emailed you all last night -- admittedly it was |
| 09:04:18 | 17 | after 5:00 -- my proposed copy of the instructions to |
| 09:04:22 | 18 | work through today.  I prefer to try to provide those a |
| 09:04:26 | 19 | night before the instruction conference.  Got that out a |
| 09:04:31 | 20 | bit later than we wanted but we have a lot of |
| 09:04:32 | 21 | instructions here.  I was juggling with my law clerk that |
| 09:04:35 | 22 | I can remember doing trials when we got the instructions |
| 09:04:37 | 23 | to look at 30 minutes before the instruction conference. |
| 09:04:40 | 24 | And I think as I mentioned before, I'll consider this |
| 09:04:43 | 25 | somewhat of kind of a working thing to the extent we have |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 3 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                3

| | | |
|---|---|---|
| 09:04:46 | 1 | things to work through.  I'm not anticipating major |
| 09:04:48 | 2 | problems.  There were no objections filed.  I think the |
| 09:04:50 | 3 | instructions submitted by the parties were largely |
| 09:04:53 | 4 | consistent. |
| 09:04:53 | 5 | But before we get to those, just a few preliminary |
| 09:04:58 | 6 | matters.  So obviously we're down to two defendants in |
| 09:05:01 | 7 | this case.  For jury selection then I'm modifying the |
| 09:05:09 | 8 | peremptory strikes slightly.  I'm going to give each |
| 09:05:15 | 9 | defendant seven peremptories and the Government eight. |
| 09:05:20 | 10 | The rules require, of course, for all defendants ten and |
| 09:05:24 | 11 | six, but for additional parties I've typically increased |
| 09:05:27 | 12 | that.  The numbers I gave you at our last hearing were |
| 09:05:30 | 13 | based on five, four, or three defendants.  I didn't give |
| 09:05:33 | 14 | you a number based on two. |
| 09:05:36 | 15 | We'll still do the peremptory strikes as I |
| 09:05:39 | 16 | anticipated -- or as I indicated.  There will be a strike |
| 09:05:42 | 17 | sheet that will be passed back and forth between counsel |
| 09:05:46 | 18 | for you to indicate your peremptories on, and we'll do -- |
| 09:05:51 | 19 | for instance, Government will take its first peremptory |
| 09:05:57 | 20 | strike, each defendant will make their first peremptory |
| 09:06:00 | 21 | strike, back and forth like that, so you'll do them in |
| 09:06:03 | 22 | kind of a back-and-forth method. |
| 09:06:05 | 23 | I'm still going to call in panels of 40, both for |
| 09:06:10 | 24 | the morning and the afternoon, on Monday for our |
| 09:06:14 | 25 | for-cause issue, and we'll go through that.  During that |

09:06:20  1  jury selection process I'm going to give the Government

09:06:24  2  30 minutes for voir dire and each defendant 20 minutes

09:06:27  3  for voir dire, after I've gone through the initial round.

09:06:32  4  And the purpose there is simply to deal with those who

09:06:36  5  have some reason for which they could not -- that they

09:06:40  6  need to be struck for cause.

09:06:42  7       And then those that survive both the morning and

09:06:44  8  the afternoon process will be brought back Tuesday

09:06:46  9  morning, and then from that pool we'll randomly seat 38,

09:06:50  10  with the intent of starting into our peremptories.  The

09:06:52  11  only other time I've done this process, at that stage we

09:06:57  12  had a couple other people who had remembered overnight

09:06:59  13  that they had some reason that they didn't think they

09:07:01  14  could serve on the jury.  So we'll have the extras there

09:07:04  15  in case we need to fill them in.

09:07:06  16       But when there's a for-cause strike on Monday,

09:07:09  17  morning or afternoon, those spots will not be filled.

09:07:13  18  We're just bringing in 40.  We'll seat 40.  We'll work

09:07:16  19  through them.  We'll strike those who have a reason to be

09:07:19  20  struck for cause, and just continue to work with the rest

09:07:22  21  of the process for that.

09:07:23  22       Any remaining questions about our jury selection

09:07:28  23  process?

09:07:29  24       MR. SHULTZ:  No.

09:07:31  25       THE COURT:  Okay.  Opening statements.  Again,

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 5 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                5

09:07:35  1  we're down to two defendants.  What'll happen then on

09:07:38  2  Tuesday, by the way, is we'll -- Tuesday morning we'll

09:07:43  3  pick the final jury, with the exercise of peremptories,

09:07:47  4  and then Tuesday afternoon we'll start the trial, I will

09:07:50  5  read instructions, parties will make their opening

09:07:53  6  statements.

09:07:53  7       It's possible, Government, although I think not

09:07:56  8  highly likely, that we may be able to start testimony at

09:08:00  9  that point.  You should probably have your witness ready,

09:08:02  10  but I gather that your first witness is your case agent.

09:08:04  11       MR. TREASTER:  (Nods head.)

09:08:05  12       THE COURT:  So I expect he'll be here.

09:08:07  13       For opening statements, I'm going to give the

09:08:11  14  Government 45 minutes and each defendant 30 minutes for

09:08:15  15  an opening statement, and then we'll proceed.

09:08:22  16       One of the things I sent to you all yesterday

09:08:25  17  before I started to look at the instructions was I had

09:08:30  18  Mr. Schmidt, my law clerk, go through and redact the

09:08:32  19  indictment to remove the names of people no longer

09:08:35  20  involved.  And as I told you --

09:08:38  21       You know what, Jake?  I don't think I brought a

09:08:39  22  copy of that in.

09:08:40  23       But as I told you, I was not happy with the final

09:08:43  24  product.  I guess I want to talk with you all about how

09:08:49  25  you want to handle that, particularly with respect to the

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 6 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                    6

09:08:51  1   fact that we will give the jurors a copy of the remaining

09:08:56  2   indictment with the charges left being tried.

09:09:00  3        I'm inclined to think that, in those narrative

09:09:03  4   sections of the first however many counts are left on

09:09:08  5   conspiracies, that the narrative is unfunctionable with

09:09:12  6   all those names stricken.  I'm wondering if we need to

09:09:16  7   put the "Travis Knighten and the others" back in.  Of

09:09:18  8   course, that's going to raise a question, although our

09:09:21  9   instructions address this, as to why these people are

09:09:23  10  named but not indicted.  Our instructions address that

09:09:26  11  "in a conspiracy not everybody has to be tried at the

09:09:29  12  same time," blah, blah, blah.  But either approach seems

09:09:33  13  to have some -- seems to be less than fully desirable.

09:09:40  14       What's your all's thought on this issue?

09:09:42  15       MR. TREASTER:  Your Honor, we were wondering if

09:09:44  16  maybe the Court can just put the initials of the

09:09:48  17  individuals in the -- where they've taken -- stricken

09:09:52  18  them out.  That might give a little more context.

09:09:54  19       THE COURT:  I could.  I mean, that doesn't really

09:09:56  20  address the question of whether -- or, rather, if the

09:09:59  21  jury will wonder, "Well, why are these individuals named

09:10:04  22  in the indictment but not on trial?" which is my primary

09:10:10  23  concern.

09:10:11  24       What do we gain by using the initials as opposed

09:10:14  25  to the name?

Case 6:20-cr-10028-EFM   Document 926   Filed 08/10/22   Page 7 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          7

| | | |
|---|---|---|
| 09:10:17 | 1 | MR. TREASTER: Well, the thought would be that |
| 09:10:20 | 2 | they're removed from the case, but that was what I |
| 09:10:23 | 3 | thought the Court was going towards. |
| 09:10:24 | 4 | THE COURT: No, my concern is that the jury's |
| 09:10:26 | 5 | going to look at this and say, "Why are all these other |
| 09:10:29 | 6 | people named" -- or under your scenario, named by |
| 09:10:31 | 7 | initial -- "and not on trial here?" |
| 09:10:33 | 8 | And as I said, we have an instruction that |
| 09:10:35 | 9 | addresses that, but I didn't know if that creates issues |
| 09:10:40 | 10 | with respect to the trial of the case. But even if we |
| 09:10:43 | 11 | redact those names, it's obvious that there are other |
| 09:10:46 | 12 | people involved. |
| 09:10:49 | 13 | I don't know, Mr. Treaster, that I know that we |
| 09:10:52 | 14 | gain anything by using initials as opposed to names, and, |
| 09:10:55 | 15 | frankly, the initials are probably harder for the jury to |
| 09:10:58 | 16 | keep track of the narrative than if they have a name. |
| 09:11:03 | 17 | Mr. Shultz, Mr. Babbit, what do you all think? |
| 09:11:06 | 18 | MR. SHULTZ: Your Honor, I guess I don't know if |
| 09:11:09 | 19 | this is -- I'm not well-versed on the law of what goes |
| 09:11:13 | 20 | back to the jury, is read to the jury as part of the |
| 09:11:16 | 21 | charges. I think the Court has to inform the jury about |
| 09:11:18 | 22 | the charges. To me it feels like a lot of where the |
| 09:11:21 | 23 | concern arises is surplusage, you know, it's the stuff |
| 09:11:24 | 24 | that the Government's going to talk about 20 minutes |
| 09:11:26 | 25 | after their opening when the case agent starts |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 8 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028                        8

09:11:28   1   testifying.  But like all the narrative and the facts and

09:11:32   2   "here's what this and this and this" I'm not sure is

09:11:35   3   necessary.

09:11:35   4        THE COURT:  Well, typically, as you know in an

09:11:40   5   instruction I say -- and there's an instruction in here

09:11:42   6   that says this -- "The indictments charges substantially

09:11:45   7   as follows."  And then typically I read the indictment,

09:11:49   8   or at least the remaining portions of it that are

09:11:52   9   relevant to the jury.  Typically I don't have a 60-page

09:11:54  10   indictment.  But, I mean, typically, although I don't,

09:11:57  11   per se, give them the document that's titled an

09:12:01  12   Indictment, the instruction replicates that.

09:12:05  13        I've never, that I can recall -- I mean, I

09:12:08  14   abbreviate that to the extent that, as I said, I don't

09:12:11  15   mention, obviously, charges that aren't relevant and I

09:12:14  16   reformat it briefly so it's not in the format of the

09:12:19  17   indictment, but typically I give them all the substance

09:12:22  18   of the remaining indictment in that instruction.  I can't

09:12:25  19   think that I've ever not done that or truncated or

09:12:29  20   abbreviated that somehow.  And that's what my concern is,

09:12:34  21   particularly with respect to the narratives on the

09:12:36  22   conspiracy charges of the front.  I don't think it

09:12:39  23   matters otherwise.

09:12:40  24        MR. SHULTZ:  I think the phone charges and the

09:12:42  25   drug premises charges, those are just standard.  I think

09:12:44  1  the narrative before the intro to the -- or before the

09:12:48  2  actual charges of the conspiracies, and then to some

09:12:51  3  extent the narrative --

09:12:52  4       THE COURT:  Yeah, I don't know that I've given the

09:12:53  5  narrative before the charges.

09:12:54  6       MR. SHULTZ:  Okay.

09:12:56  7       THE COURT:  But I'm thinking about -- again, I'm

09:12:59  8  by no means decided on this, but I'm thinking about

09:13:02  9  primarily the narrative that's kind of in the conspiracy

09:13:06  10  charges.

09:13:08  11       MR. BABBIT:  Looks to me like it's each one has a

09:13:15  12  kind of overt acts statement and that's where we get into

09:13:19  13  all of redacted areas.

09:13:23  14       THE COURT:  Right.  Yeah, the narrative that --

09:13:25  15  I'm looking at the original indictment.  I didn't bring a

09:13:28  16  redacted copy up here with me.  But the -- I say the

09:13:33  17  "original."  The superseding indictment returned in April

09:13:36  18  of last year has an introduction starting on page 2 that

09:13:41  19  goes over to the top of page 5 before we get to Count 1.

09:13:45  20  Of course, Count 1's no longer involved in this case.  I

09:13:49  21  didn't plan to read that portion to them.

09:13:52  22       MR. SHULTZ:  Okay.

09:13:52  23       THE COURT:  It's not a charge.  And that

09:13:57  24  background, as you indicated, Mr. Shultz, they'll pick up

09:14:01  25  during the trial.  But then you get to Count 2, the

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 10 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          10

09:14:05  1  methamphetamine conspiracy, there are, as Mr. Babbit

09:14:08  2  said, the overt acts, and there's a narrative under

09:14:11  3  Count 2 that goes on for four or five pages.  Golly, more

09:14:18  4  than that.  It's a long narrative.  And, obviously, the

09:14:26  5  overt acts are a part of the conspiracy charged.

09:14:29  6      I don't know if I need to do all that narrative,

09:14:35  7  or if I just do, for instance on Count 2, as the example,

09:14:41  8  the actual charge itself that goes down to the subheading

09:14:45  9  Quantity Involved, but of course the Government has an

09:14:49  10  obligation with some -- to some extent to prove the

09:14:53  11  quantities involved.  But these overt acts go into more

09:14:57  12  detail than that.  That's the part I'm --

09:15:01  13      MR. SHULTZ:  Right.

09:15:03  14      THE COURT:  -- puzzling about.

09:15:04  15      MR. SHULTZ:  Yeah.  And I don't know what -- if

09:15:07  16  the overt act reading is necessary or if it's even a

09:15:11  17  legally required element.

09:15:15  18      MR. BABBIT:  It's not.

09:15:16  19      MR. SHULTZ:  It feels like -- it feels to me like,

09:15:18  20  especially I have concern with the Court reading these

09:15:23  21  things, that, you know, we tell the jury, you know, this

09:15:26  22  is just the charge and not evidence, we're reading the

09:15:29  23  evidence basically and the Court will be reading the

09:15:32  24  evidence --

09:15:33  25      THE COURT:  Right, right.

| | | |
|---|---|---|
| 09:15:33 | 1 | MR. SHULTZ:  -- which raises concerns to me.  And |
| 09:15:36 | 2 | it seems maybe the simplest solution is just cut off |
| 09:15:39 | 3 | after the quantity and be done, and then we've killed two |
| 09:15:42 | 4 | birds with one stone in terms of the clarity of the |
| 09:15:45 | 5 | indictment as read and concerns about that.  'Cause it's |
| 09:15:49 | 6 | a unique -- I mean, you know, essentially the overt acts |
| 09:15:53 | 7 | are phone conversations for the most part, or phone |
| 09:15:55 | 8 | messages, and that's going to be the evidence, |
| 09:16:00 | 9 | presumably.  So I think there's a danger in having the |
| 09:16:03 | 10 | Court read the evidence. |
| 09:16:05 | 11 | THE COURT:  It's a long bed story, and like most |
| 09:16:09 | 12 | bed stories, it'll put them to sleep, I'm sure. |
| 09:16:12 | 13 | Mr. Babbit, you look like you're ready to say |
| 09:16:14 | 14 | something. |
| 09:16:15 | 15 | MR. BABBIT:  I'm sorry, Judge.  I agree with those |
| 09:16:17 | 16 | comments. |
| 09:16:17 | 17 | THE COURT:  What's the Government think? |
| 09:16:19 | 18 | MS. ANDRUSAK:  Your Honor, it's my understanding |
| 09:16:20 | 19 | and part of why we included the overt acts, that was a |
| 09:16:23 | 20 | requirement for the continuing criminal enterprise count, |
| 09:16:26 | 21 | which obviously is no longer an issue in this case.  My |
| 09:16:31 | 22 | understanding is the Government -- and the way the law |
| 09:16:33 | 23 | reads -- that the Government is not required to prove up |
| 09:16:36 | 24 | specific overt acts as part of the conspiracy, so I don't |
| 09:16:41 | 25 | know if, to alleviate that, all of this redaction or |

| | | |
|---|---|---|
| 09:16:45 | 1 | putting these people in there, that we do, in fact, |
| 09:16:50 | 2 | potentially cut out those paragraphs as defense counsel |
| 09:16:53 | 3 | is suggesting. |
| 09:16:54 | 4 | THE COURT:  So, for instance, Ms. Andrusak, you |
| 09:16:56 | 5 | would say, again going back to the indictment on Count 2, |
| 09:17:02 | 6 | the first conspiracy charge that remains -- and by the |
| 09:17:04 | 7 | way, and your instructions follow this, although far less |
| 09:17:08 | 8 | than the full 57, or whatever the number is, counts are |
| 09:17:12 | 9 | included in this indictment, we're retaining the original |
| 09:17:15 | 10 | numbers of the counts, and the proposed instructions did |
| 09:17:17 | 11 | that. |
| 09:17:17 | 12 | MS. ANDRUSAK:  (Nods head.) |
| 09:17:18 | 13 | THE COURT:  So there won't be a Count 1, for |
| 09:17:20 | 14 | instance, we'll start with Count 2.  I'm assuming that |
| 09:17:23 | 15 | you all are in agreement with that because that's how it |
| 09:17:25 | 16 | looked like things were proposed. |
| 09:17:26 | 17 | But you're saying then, Ms. Andrusak, with respect |
| 09:17:29 | 18 | to Count 2, that you would only include that first |
| 09:17:37 | 19 | paragraph, six or eight lines, probably eight lines, |
| 09:17:40 | 20 | after the names -- and of course only the names remaining |
| 09:17:43 | 21 | will be listed -- and then stop Count 2 before we get |
| 09:17:45 | 22 | into the quantity of methamphetamine involved in the |
| 09:17:48 | 23 | conspiracy, and certainly not go into the overt acts?  Is |
| 09:17:51 | 24 | that what you're saying? |
| 09:17:51 | 25 | MS. ANDRUSAK:  No, Your Honor.  Almost.  We do |

09:17:54  1  believe that the quantity of methamphetamine has to be

09:17:56  2  included because that is something that we are required

09:17:59  3  by law to allege and prove, which is why it's its own

09:18:05  4  separate instruction and entry on the verdict form.  So

09:18:09  5  it would be to stop after that and not read anything

09:18:13  6  under the headline Overt Acts.

09:18:16  7       THE COURT:  All right.  In that case, focusing

09:18:19  8  again on Count 2, I would really only do the first

09:18:23  9  paragraph under Quantity because the next paragraph, it

09:18:27  10  appears to me, only addresses defendants no longer in the

09:18:35  11  case.

09:18:35  12       MS. ANDRUSAK:  Your Honor, in the version that I

09:18:38  13  printed that was sent, I only had the paragraph involving

09:18:41  14  Mr. Lewis and Mr. Vontress.  So if there was a second

09:18:45  15  paragraph then --

09:18:46  16       THE COURT:  So you're looking at the redacted

09:18:48  17  form?

09:18:48  18       MS. ANDRUSAK:  I am, yes.

09:18:49  19       THE COURT:  Okay.  So in the actual original

09:18:51  20  indictment, there were two paragraphs, but the second --

09:18:53  21       MS. ANDRUSAK:  Yes.

09:18:54  22       THE COURT:  -- paragraph says this is two

09:18:58  23  paragraphs under Quantity of Methamphetamine Involved.

09:19:01  24  The second paragraph says, "With respect to the

09:19:03  25  defendants Hogan, Collins, and Schmidtberger," and that's

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 14 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028        14

| | | |
|---|---|---|
| 09:19:05 | 1 | been pulled out of what's redacted and you would pull it |
| 09:19:08 | 2 | out of what I would read? |
| 09:19:09 | 3 | MS. ANDRUSAK:  Yes, Your Honor. |
| 09:19:10 | 4 | THE COURT:  But you would read that first |
| 09:19:11 | 5 | paragraph under Quantity? |
| 09:19:12 | 6 | MS. ANDRUSAK:  Yes. |
| 09:19:12 | 7 | THE COURT:  And then none of this long detail of |
| 09:19:16 | 8 | the overt acts. |
| 09:19:17 | 9 | MS. ANDRUSAK:  That would be my suggestion, Your |
| 09:19:19 | 10 | Honor. |
| 09:19:19 | 11 | THE COURT:  Counsel, defense, what do you think of |
| 09:19:21 | 12 | that? |
| 09:19:22 | 13 | MR. SHULTZ:  I think that probably -- if we follow |
| 09:19:25 | 14 | that through on the conspiracy charges, like that solves |
| 09:19:28 | 15 | my concerns probably as well. |
| 09:19:29 | 16 | MR. BABBIT:  Agreed. |
| 09:19:29 | 17 | THE COURT:  All right.  And then I think once we |
| 09:19:32 | 18 | get past the conspiracy charges, this problem really |
| 09:19:37 | 19 | takes care of itself.  For instance, Count 8, which |
| 09:19:48 | 20 | involves Mr. Lewis, is a short paragraph.  All right.  So |
| 09:19:51 | 21 | that's what we'll do with respect to -- then I'll read |
| 09:19:55 | 22 | that as part of the instructions, and then of course all |
| 09:19:58 | 23 | the jurors will have a copy of the instructions so that's |
| 09:20:02 | 24 | what will go back to them.  Okay, that's how we'll do |
| 09:20:05 | 25 | that, counsel. |

Case 6:20-cr-10028-EFM   Document 926   Filed 08/10/22   Page 15 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                15

09:20:11   1          Do you think I need to make some comment about the
09:20:17   2    fact that we have missing numbers?  In other words, we
09:20:22   3    have Count 2, Count 3.  I don't remember which numbers
09:20:24   4    are missing.  But obviously we're going to go through and
09:20:28   5    have -- it's going to be obvious that numbers are
09:20:32   6    missing.
09:20:35   7          MR. SHULTZ:  Your Honor, I don't think it probably
09:20:37   8    makes too much difference either way.  I would say I
09:20:40   9    probably wouldn't be in favor of some big explanation
09:20:43  10    about some of these are gone because somebody pled
09:20:45  11    guilty.
09:20:45  12          THE COURT:  Oh, yeah, I'm not going to do that.
09:20:47  13          MR. SHULTZ:  But something just --
09:20:51  14          THE COURT:  Just read it to 'em and let 'em figure
09:20:53  15    it out.
09:20:53  16          MR. SHULTZ:  Yeah, that's what I would say.
09:20:55  17          THE COURT:  Mr. Treaster?
09:20:55  18          MR. TREASTER:  I would just say that or they've
09:20:58  19    been resolved or they're not there anymore.  Yeah, I
09:21:00  20    don't want any explanation, Your Honor.
09:21:01  21          THE COURT:  What I may do is say -- so Instruction
09:21:17  22    No. 2 says, The indictment in this case charges
09:21:20  23    substantially as follows."  And that's what we're talking
09:21:22  24    about.  I may just say, "The remaining charges in the
09:21:26  25    indictment in this case charge as follows."

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 16 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          16

```
09:21:32   1          Does that work for everyone?

09:21:33   2          MR. TREASTER:  That's fine for the Government Your

09:21:34   3  Honor.

09:21:34   4          MR. SHULTZ:  That's fine.

09:21:35   5          MR. BABBIT:  That's fine, Judge.

09:21:36   6          THE COURT:  Great.  Thanks, counsel.  I'll just

09:21:39   7  make a note of that.

09:21:39   8          MR. SHULTZ:  Your Honor?

09:21:40   9          THE COURT:  Yes.

09:21:41  10          MR. SHULTZ:  As we get into the working on the

09:21:43  11  jury instructions, are you okay if we continue to sit

09:21:45  12  while we talk?

09:21:46  13          THE COURT:  Thank you.  You don't need to be

09:21:49  14  popping up and down.  Certainly as we work through these

09:21:52  15  that's going to become more aerobic, so feel free to sit

09:21:56  16  and address me where you're seated, please.

09:21:57  17          And I may stand up and down just to kind of manage

09:22:00  18  my document here, but you don't need to stand up to

09:22:02  19  address the Court.  I appreciate you asking that,

09:22:05  20  Mr. Shultz.

09:22:05  21          MR. SHULTZ:  Thank you.

09:22:11  22          THE COURT:  Anything else with respect to then the

09:22:15  23  presentation and the remaining parts of the indictment to

09:22:21  24  the jury during instructions?

09:22:22  25          MS. ANDRUSAK:  No, Your Honor.
```

2-24-22  USA v. LEWIS, et al. No. 20-10028                17

| | | |
|---|---|---|
| 09:22:23 | 1 | THE COURT:  Okay.  One other matter at this point |
| 09:22:25 | 2 | to take up before we get into the instructions. |
| 09:22:30 | 3 | Mr. Treaster, you filed a couple of motions yesterday.  I |
| 09:22:39 | 4 | assume defendants have seen these.  Looks like these were |
| 09:22:41 | 5 | filed under seal. |
| 09:22:42 | 6 | MR. TREASTER:  No, Your Honor. |
| 09:22:43 | 7 | THE COURT:  This motion's release restricted |
| 09:22:46 | 8 | document. |
| 09:22:46 | 9 | MR. TREASTER:  Right, we just want to be able to |
| 09:22:48 | 10 | release -- |
| 09:22:49 | 11 | THE COURT:  Obviously, because defense is entitled |
| 09:22:51 | 12 | to know. |
| 09:22:51 | 13 | MR. TREASTER:  Right, and we just want it to be |
| 09:22:53 | 14 | protected -- we just don't want any copies given to |
| 09:22:56 | 15 | defendants, and that they secure those copies.  The |
| 09:22:58 | 16 | defense can see them.  We just don't want that getting |
| 09:23:01 | 17 | out beyond the two counsel. |
| 09:23:04 | 18 | THE COURT:  But the order -- and that's my |
| 09:23:05 | 19 | concern -- well, actually I have two concerns.  First of |
| 09:23:08 | 20 | all, have you talked to counsel for the respective |
| 09:23:11 | 21 | defendants regarding this? |
| 09:23:12 | 22 | MR. TREASTER:  I did not. |
| 09:23:13 | 23 | THE COURT:  Not these defendants but the |
| 09:23:14 | 24 | defendants whose documents are at issue. |
| 09:23:17 | 25 | MR. TREASTER:  I did talk to Mr. -- |

2-24-22  USA v. LEWIS, et al. No. 20-10028          18

| | | |
|---|---|---|
| 09:23:20 | 1 | THE COURT:  Mr. Freund or Mr. Hoffman? |
| 09:23:21 | 2 | MR. TREASTER:  Mr. Hoffman yesterday about it.  I |
| 09:23:24 | 3 | have not said anything to Mr. Freund. |
| 09:23:26 | 4 | THE COURT:  What was Mr. Hoffman's position? |
| 09:23:28 | 5 | MR. TREASTER:  He understood.  He was fine with |
| 09:23:29 | 6 | it, Your Honor.  And I can certainly address it with |
| 09:23:32 | 7 | Mr. Freund. |
| 09:23:33 | 8 | THE COURT:  Yeah, I think you should. |
| 09:23:34 | 9 | The proposed order doesn't actually -- I mean, you |
| 09:23:39 | 10 | represented that, you know, there are going to be |
| 09:23:43 | 11 | restrictions on what can be done with these documents. |
| 09:23:46 | 12 | They can't be disseminated.  They can be shown to |
| 09:23:48 | 13 | defendants, whatever, but your proposed order doesn't put |
| 09:23:50 | 14 | any of these restrictions in it. |
| 09:23:51 | 15 | MR. TREASTER:  I would ask that, Your Honor. |
| 09:23:53 | 16 | THE COURT:  What restrictions should that be? |
| 09:23:56 | 17 | MR. TREASTER:  Just that the counsel can maintain |
| 09:23:57 | 18 | a copy but it's not to be disseminated beyond that.  That |
| 09:24:01 | 19 | they can show it to their client but that we just don't |
| 09:24:06 | 20 | want it getting out, Your Honor.  That's all. |
| 09:24:08 | 21 | THE COURT:  Obviously. |
| 09:24:11 | 22 | MR. TREASTER:  And I can submit a modified order, |
| 09:24:14 | 23 | Your Honor, with that, once I talk to Mr. Freund as well. |
| 09:24:18 | 24 | THE COURT:  Yeah, why don't you do that.  I mean, |
| 09:24:21 | 25 | I understand the reason you need to do this.  It's |

Case 6:20-cr-10028-EFM   Document 926   Filed 08/10/22   Page 19 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028      19

| | | |
|---|---|---|
| 09:24:23 | 1 | important that the defendant has access to that.  But |
| 09:24:26 | 2 | these, you know, were put in the restricted folder not on |
| 09:24:28 | 3 | a whim, so we obviously need to put some restrictions on |
| 09:24:31 | 4 | their release and dissemination, so -- and the ones you |
| 09:24:37 | 5 | mentioned orally I think are what I would expect. |
| 09:24:38 | 6 | MR. TREASTER:  Yes, Your Honor. |
| 09:24:39 | 7 | THE COURT:  Why don't you document that a bit more |
| 09:24:42 | 8 | in a proposed order and get that to me, and we'll get |
| 09:24:45 | 9 | those released. |
| 09:24:47 | 10 | Mr. Shultz? |
| 09:24:48 | 11 | MR. SHULTZ:  Your Honor, just as a point of |
| 09:24:50 | 12 | clarification, I understand that not giving paper copies |
| 09:24:53 | 13 | to anybody, to permit dissemination -- |
| 09:24:56 | 14 | THE COURT:  I assume they're going to give a paper |
| 09:24:58 | 15 | copy to you. |
| 09:24:59 | 16 | MR. SHULTZ:  I'm sorry, to me.  But only a point |
| 09:25:03 | 17 | of clarification, is discovery -- and I have not done it |
| 09:25:05 | 18 | this way so I wanted to clarify first.  The discovery |
| 09:25:09 | 19 | review now largely, especially in large cases, in the |
| 09:25:13 | 20 | jails is we give an encrypted zip drive or whatever, and |
| 09:25:17 | 21 | my understanding is they can look at it on a computer but |
| 09:25:20 | 22 | then everything from that session is erased once -- so |
| 09:25:23 | 23 | there's no way to disseminate that further. |
| 09:25:26 | 24 | Is that a possibility? |
| 09:25:28 | 25 | THE COURT:  Of course once we're in trial -- and |

2-24-22   USA v. LEWIS, et al. No. 20-10028          20

| | | |
|---|---|---|
| 09:25:30 | 1 | by the way, Mr. Shultz, I'll note that after you asked if |
| 09:25:34 | 2 | you had to stand and I said no, that you're standing. |
| 09:25:37 | 3 | MR. SHULTZ:  Oh. |
| 09:25:39 | 4 | THE COURT:  Once we're in trial, they're not |
| 09:25:42 | 5 | really going to have time to go to the library at the |
| 09:25:46 | 6 | jail anyway to look at that, so -- |
| 09:25:50 | 7 | MR. SHULTZ:  Yeah. |
| 09:25:50 | 8 | THE COURT:  Going to be spending their full days |
| 09:25:53 | 9 | here. |
| 09:25:53 | 10 | MR. SHULTZ:  We're okay to show it to them, just |
| 09:25:56 | 11 | we need to retain copies, is what I understand. |
| 09:25:59 | 12 | THE COURT:  I think counsel should have a copy. |
| 09:26:00 | 13 | MR. SHULTZ:  Okay. |
| 09:26:01 | 14 | MR. TREASTER:  (Nods head.) |
| 09:26:02 | 15 | THE COURT:  But I think -- I'll give you a moment |
| 09:26:05 | 16 | there. |
| 09:26:05 | 17 | (Whereupon, a sotto voce discussion was had |
| 09:26:29 | 18 | between Mr. Shultz and defendant Lewis.) |
| 09:27:12 | 19 | THE COURT:  I think that the oral representations |
| 09:27:17 | 20 | Mr. Treaster's making is that the order should indicate |
| 09:27:20 | 21 | that copies of these restricted documents can be provided |
| 09:27:24 | 22 | to defense counsel, and defense counsel may show them to |
| 09:27:29 | 23 | their clients -- obviously show it to them and discuss it |
| 09:27:33 | 24 | with their clients -- but beyond that should not disclose |
| 09:27:36 | 25 | them or disseminate them to anybody else.  And then at |

09:27:40   1   the conclusion of the trial those copies should be

09:27:42   2   destroyed by counsel.

09:27:43   3           Isn't that essentially what we're looking for

09:27:46   4   here?

09:27:46   5           MR. TREASTER:  Yes, Your Honor.

09:27:48   6           THE COURT:  Mr. Shultz, Mr. Babbit, is that what

09:27:50   7   you anticipate?

09:27:51   8           MR. BABBIT:  Yes.  And no objection.

09:27:57   9           MR. SHULTZ:  We're okay with that.

09:27:59   10          THE COURT:  All right.  Very well.

09:28:00   11          Last comment I have, and this relates to the

09:28:08   12  instructions but it doesn't relate to a specific

09:28:10   13  instruction, here's the best way to discuss it.  One of

09:28:17   14  the defendants, maybe it was Mr. Babbit, in their

09:28:20   15  proposed instructions recited a lot of the elements

09:28:23   16  necessary for a conspiracy in each of the conspiracy

09:28:26   17  charges.

09:28:26   18          I've adopted the approach the Government did,

09:28:29   19  where it sets out the elements of the conspiracy, and

09:28:31   20  then it has just one instruction that says as to the

09:28:34   21  conspiracy charges in Counts 2, 3, 4, whatever they are,

09:28:37   22  and it sets out the elements once.  I think it's going to

09:28:41   23  be a long slog of instructions to read to the jury

09:28:45   24  anyway.  I think that makes sense and that's how the

09:28:47   25  Government did it in their proposed.

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 22 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028         22

09:28:49   1        However, we have the same issue, it seems to me,

09:28:52   2   potentially in the use of a communication facility.  We

09:28:54   3   have some detail in those charges and we have several

09:28:59   4   counts about it.  I don't remember how many.  And some of

09:29:03   5   that detail is repeated in each charge.

09:29:08   6        Is there a way to only provide those elements

09:29:19   7   once, or is that --

09:29:21   8        MS. ANDRUSAK:  Judge, are you talking about the

09:29:22   9   phone count or the maintaining-the-premises count?

09:29:25  10        THE COURT:  I'm primarily talking about the phone

09:29:27  11   count.  I suppose the same would apply to the maintaining

09:29:31  12   the drug premises, but we have fewer of those counts.

09:29:34  13        But -- and by the way, counsel, I was talking to

09:29:37  14   my law clerk before we started.  I sent these documents

09:29:40  15   to you last night.  And then I opened them up to print

09:29:44  16   them for myself to have a hard copy, and I discovered

09:29:47  17   that, at least when I did that, my pagination was all

09:29:50  18   screwed up, and I'm afraid that's probably how you all

09:29:53  19   got it.

09:29:54  20        Is that -- I see Ms. Andrusak nodding her head.

09:29:57  21   Is that -- I want to apologize for that.  So that's going

09:29:59  22   to make this a bit awkward.  I typically do not number my

09:30:02  23   instructions in instruction conference because we have

09:30:04  24   many numbers, you know, added or taken out, so I normally

09:30:07  25   refer to page numbers.  That's going to be a bit awkward.

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 23 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028    23

| | | |
|---|---|---|
| 09:30:10 | 1 | But, for instance, I look at page 40 on my |
| 09:30:13 | 2 | document that's had pagination corrected, and it sets out |
| 09:30:19 | 3 | the elements of a communication facility.  And we'll do |
| 09:30:27 | 4 | those several times, because we have several |
| 09:30:32 | 5 | communication facility charges in here.  They don't all |
| 09:30:38 | 6 | come together, of course, because there's more than one |
| 09:30:44 | 7 | of them.  There's actually one on page 40, may be the |
| 09:30:48 | 8 | last one.  There are four or five -- well, several, prior |
| 09:30:54 | 9 | to that.  At least at that section of the instructions |
| 09:31:02 | 10 | there are five of those counts that come together, and 80 |
| 09:31:07 | 11 | percent of what's in each of these counts is all the |
| 09:31:10 | 12 | same. |
| 09:31:10 | 13 | Is there a way to do with these counts what was |
| 09:31:15 | 14 | done with the conspiracy count, or do you think that |
| 09:31:19 | 15 | becomes too cumbersome to -- the complications of it |
| 09:31:24 | 16 | outweigh the benefits? |
| 09:31:25 | 17 | MS. ANDRUSAK:  I think, Your Honor, because |
| 09:31:28 | 18 | there's various drugs listed, not each phone count |
| 09:31:32 | 19 | involves the exact same -- like in the second element. |
| 09:31:36 | 20 | THE COURT:  Right. |
| 09:31:36 | 21 | MS. ANDRUSAK:  Not all of them -- |
| 09:31:38 | 22 | THE COURT:  The second element differs on each of |
| 09:31:39 | 23 | those.  And I noted that that would probably be the |
| 09:31:41 | 24 | complication of this. |
| 09:31:42 | 25 | MS. ANDRUSAK:  Uh-huh, uh-huh. |

```
09:31:43   1        THE COURT:  That may be why you did it that way.

09:31:45   2        MS. ANDRUSAK:  I mean, there's two sentences after

09:31:47   3   the third element that give some vague definitions that

09:31:51   4   we could move to an instruction, but since they're just

09:31:55   5   two sentences, that's why the Government left them there,

09:31:58   6   as opposed to the conspiracy charge, where it was

09:32:00   7   multiple paragraphs.

09:32:02   8        THE COURT:  Do you guys have any --

09:32:04   9        MR. SHULTZ:  I would think, Your Honor, my guess

09:32:06  10   is moving stuff around will take more time than just

09:32:09  11   reading them as is to the jury, so I would probably --

09:32:12  12        THE COURT:  All right.  I wondered if that might

09:32:14  13   not be the case.

09:32:15  14        Okay.  Before we start going through the

09:32:17  15   instructions then, anything else that either of you want

09:32:21  16   to take up or ask about before we wade into this?

09:32:27  17        MS. ANDRUSAK:  Not from the Government, Your

09:32:31  18   Honor.

09:32:31  19        MR. SHULTZ:  Nothing from Mr. Lewis, Your Honor.

09:32:34  20        THE COURT:  Just as a reminder, of course, Monday

09:32:38  21   and Tuesday morning we'll be in the courtroom on the

09:32:41  22   second floor.  Tuesday afternoon we'll move up here once

09:32:44  23   we're down to our final jury of 16, but Monday and

09:32:49  24   Tuesday morning we'll be in the larger courtroom on the

09:32:51  25   second floor.  Just to remind you of that.
```

```
09:32:55   1        Well, I think what I'll do is I'll start through
09:32:58   2   the instructions.  And, again, because the pagination has
09:33:03   3   been corrupted somehow in what we sent you, I'm going to
09:33:05   4   tell you my page number but I'm also going to tell you
09:33:08   5   what the opening line or sentence of the instruction is.
09:33:10   6   We're going to move through them in order, so hopefully
09:33:13   7   we won't get confused.
09:33:15   8        So starting with the first instruction on page 2
09:33:18   9   that starts "Members of the Jury:  The time has now
09:33:22  10   come," is there any objection to this instruction?
09:33:24  11        MS. ANDRUSAK:  No, Your Honor.
09:33:25  12        MR. SHULTZ:  Your Honor, I don't have any
09:33:27  13   objection to the instruction.  I have a question
09:33:30  14   procedurally.
09:33:30  15        THE COURT:  Sure.
09:33:31  16        MR. SHULTZ:  As you're going to get read this at
09:33:34  17   the beginning, do they have a copy of instructions to
09:33:35  18   read during trial.
09:33:36  19        THE COURT:  Yes.  I'll give them copies of the
09:33:38  20   instructions.
09:33:38  21        MR. SHULTZ:  I guess my concern relating to that
09:33:41  22   would be that they start making conclusions and
09:33:45  23   deliberating about -- or deliberating in their own mind
09:33:49  24   about elements and stuff before all the evidence is heard
09:33:53  25   with this.  I've never done that procedure before.
```

09:33:55   1        THE COURT:  So prior to these instructions I will
09:33:59   2   give them what I call "preliminary instructions."  They
09:34:05   3   used to make more sense when I did the jury instructions
09:34:07   4   at the end of trial.  At the beginning of trial I gave
09:34:11   5   them preliminary instructions.  I'll give them those as
09:34:14   6   well.  I don't give them a written copy of those.  But
09:34:17   7   those address a couple things:  one, as I'm reading
09:34:23   8   through these I say, "You can read along with me if you
09:34:25   9   want, but don't read ahead."  But I also say, you know,
09:34:29  10   "Don't make up your mind until you've heard all the
09:34:32  11   evidence and heard the closing arguments of counsel
09:34:35  12   indicating how you should consider the evidence."  So I
09:34:37  13   admonish them on that.
09:34:39  14        I've done this now for just a few trials in the
09:34:42  15   last couple of years.  And I've always asked the jurors
09:34:45  16   how they felt about getting this before the case, and
09:34:50  17   they have always been extremely positive about it, that
09:34:52  18   it's easier for them to sort of follow the evidence as it
09:34:55  19   comes in, and I've noted that some jurors actually make
09:35:00  20   notes on their instructions through the trial.  So I
09:35:03  21   think it's a help to them, particularly in case as
09:35:06  22   complicated as this.
09:35:06  23        I understand your concern and I'll address that.
09:35:09  24   Is there something more you'd like me to do besides what
09:35:13  25   I've indicated I typically do?

09:35:14   1          MR. SHULTZ:  Your Honor, at this point I'd just

09:35:15   2    register that concern about that and I think --

09:35:18   3          THE COURT:  Well, what do you want me to do about

09:35:20   4    that concern?

09:35:20   5          MR. SHULTZ:  I think -- I mean, I'm not sure

09:35:23   6    there's -- well, I guess -- well, I guess maybe it just,

09:35:31   7    for the record purposes, I understand you're going to do

09:35:33   8    it this way.  I would say maybe we read them after the

09:35:35   9    trial, or don't give them a copy of them until after the

09:35:38   10   trial when they take it back to start deliberating, or

09:35:42   11   retrieve their copies.  That's probably a better

09:35:45   12   solution, before --

09:35:46   13         THE COURT:  How would -- how would reading to them

09:35:48   14   but not giving them a copy address that concern?

09:35:50   15         MR. SHULTZ:  Well, I mean, I guess -- and -- I

09:35:57   16   think in a case this complicated, that there is a -- I

09:36:07   17   don't know, the idea of them -- again I've never done

09:36:09   18   this before so I'm kind of speaking off the top of my

09:36:12   19   head.  Even as the Court noted that sometimes they'll

09:36:14   20   take notes about evidence, you know, are they making

09:36:17   21   notes and linking it up to elements, which to me feels

09:36:20   22   like that they are jumping the gun in terms of making

09:36:24   23   legal conclusions or factual conclusions based on the

09:36:26   24   evidence before they have been instructed -- been

09:36:32   25   fully -- had fully experienced the evidence.

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 28 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                28

09:36:35  1          I think the complicated cases are that, and I

09:36:38  2   guess that --

09:36:39  3          THE COURT:  But I think precisely because this is

09:36:41  4   a complicated case, it's important to tell the jury up

09:36:45  5   front "Here's what you should be looking for."  And the

09:36:48  6   corollary to that is other things don't matter.  So they

09:36:52  7   don't just hear this barrage of evidence over several

09:36:58  8   weeks without really knowing, under the law, what's

09:37:01  9   relevant and what isn't.  I mean, I've started reading

09:37:05  10  instructions to them, as have a number of judges, in

09:37:08  11  advance of the trial in any case.

09:37:09  12         But I think it's particularly beneficial on a

09:37:15  13  complicated case to, at the outset, tell them "Here's

09:37:18  14  what you should be looking for."  I think there's always

09:37:23  15  a risk, Mr. Shultz, that a jury is going to start making

09:37:28  16  up its mind prematurely.  I always admonish them not to

09:37:32  17  do that, but I think that's always a risk.

09:37:35  18         It's my assessment that we better guard against

09:37:40  19  that risk by telling them up front what's relevant and

09:37:44  20  what isn't, so they just don't hear a lot of stories and

09:37:48  21  think, "Boy, it all sounds pretty sinister, they must be

09:37:52  22  guilty," without really focusing them on what applies.

09:37:55  23  So I understand your concern.  It's obviously a concern

09:37:57  24  I've always had, irrespective of when I read the

09:38:00  25  instructions to them.

2-24-22  USA v. LEWIS, et al. No. 20-10028          29

```
09:38:03   1          MR. SHULTZ:  It may be just a concern borne out of
09:38:06   2   newness to my experience, so I raise it, understanding
09:38:09   3   the Court's ruling.
09:38:12   4          THE COURT:  Any objections to this first
09:38:14   5   instruction?
09:38:15   6          MS. ANDRUSAK:  No, Your Honor.
09:38:17   7          MR. BABBIT:  None from Mr. Vontress.
09:38:18   8          MR. SHULTZ:  No, Your Honor.
09:38:19   9          THE COURT:  The next instruction, "The
09:38:22  10   indictment."  And I'm now going to make that read "the
09:38:25  11   remaining charges of the indictment."
09:38:28  12          And you're making these changes as we go,
09:38:30  13   Mr. Schmidt?
09:38:30  14          CLERK SCHMIDT:  (Nods head.)
09:38:32  15          THE COURT:  Then we'll put in the format of the
09:38:34  16   indictment that we've just discussed previously.  Are
09:38:36  17   there any other remaining objections to that?
09:38:38  18          MS. ANDRUSAK:  No, Your Honor.
09:38:40  19          MR. SHULTZ:  No, Your Honor.
09:38:41  20          MR. BABBIT:  No, Your Honor.
09:38:42  21          THE COURT:  The next instruction, "An indictment
09:38:43  22   is simply a formal method of accusing," any objection to
09:38:47  23   this instruction?
09:38:47  24          MS. ANDRUSAK:  No, Your Honor.
09:38:48  25          MR. SHULTZ:  No, Your Honor.
```

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 30 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          30

```
09:38:49   1        MR. BABBIT:  No, Your Honor.

09:38:51   2        THE COURT:  The next instruction, "The indictment

09:38:53   3  charges crimes were committed on or about," any

09:38:56   4  objections?

09:38:56   5        MS. ANDRUSAK:  No, Your Honor.

09:38:57   6        MR. SHULTZ:  No, Your Honor.

09:38:58   7        MR. BABBIT:  No, Your Honor.

09:39:00   8        THE COURT:  Next instruction, "A separate crime is

09:39:02   9  charged in each count."  This is a little different than

09:39:06  10  the instructions that were proposed, as I recall, because

09:39:10  11  this one more clearly sets out there were separate

09:39:14  12  charges and there are multiple defendants and everything

09:39:16  13  has to be considered separately.  So this isn't the exact

09:39:19  14  format that was proposed by either side, but as I've

09:39:23  15  proposed it here, any objections to this indictment?

09:39:26  16        MR. SHULTZ:  No, Your Honor.

09:39:27  17        MS. ANDRUSAK:  No, Your Honor.

09:39:28  18        MR. SHULTZ:  No, Your Honor.

09:39:29  19        MR. BABBIT:  No, Your Honor.

09:39:31  20        THE COURT:  The next instruction, "Each defendant

09:39:33  21  has entered pleas of not guilty," any objections?

09:39:36  22        MS. ANDRUSAK:  No, Your Honor.

09:39:36  23        MR. SHULTZ:  No, Your Honor.

09:39:37  24        MR. BABBIT:  None.

09:39:39  25        THE COURT:  The next instruction, the law presumes
```

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 31 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                    31

| | | |
|---|---|---|
| 09:39:41 | 1 | a defendant to be innocent.  Any objections to this |
| 09:39:44 | 2 | instruction? |
| 09:39:44 | 3 | MS. ANDRUSAK:  No, Your Honor. |
| 09:39:45 | 4 | MR. SHULTZ:  No, Your Honor. |
| 09:39:46 | 5 | MR. BABBIT:  No, Your Honor. |
| 09:39:48 | 6 | THE COURT:  The next instruction, "The burden is |
| 09:39:50 | 7 | always upon the Government."  This is a burden of proof |
| 09:39:53 | 8 | instruction.  Any objection to this instruction? |
| 09:39:57 | 9 | MS. ANDRUSAK:  No, Your Honor. |
| 09:39:58 | 10 | MR. SHULTZ:  Your Honor, I did submit the |
| 09:40:01 | 11 | alternative, an alternative instruction that included -- |
| 09:40:04 | 12 | it was the pattern instruction with the included language |
| 09:40:07 | 13 | about "reasonable doubt is doubt that you would not |
| 09:40:12 | 14 | hesitate to rely on and act on." |
| 09:40:14 | 15 | THE COURT:  That sentence is the last sentence in |
| 09:40:15 | 16 | the second paragraph of this instruction.  Oh, you're |
| 09:40:25 | 17 | talking about "you would not hesitate when relying" -- |
| 09:40:27 | 18 | MR. SHULTZ:  "Personal affairs" -- I could read |
| 09:40:28 | 19 | the language, Your Honor. |
| 09:40:29 | 20 | THE COURT:  No, I know what language you're |
| 09:40:31 | 21 | talking about. |
| 09:40:33 | 22 | MR. SHULTZ:  I did -- I didn't see it in there. |
| 09:40:37 | 23 | "It has proved so convincing that you would not hesitate |
| 09:40:40 | 24 | to rely and act upon it in the most important of your own |
| 09:40:43 | 25 | affairs." |

09:40:44  1        I believe that used to be a Tenth Circuit pattern

09:40:46  2   instruction, and there's case law that suggests that the

09:40:50  3   "hesitate to act" -- and they're footnoted in the current

09:40:54  4   pattern instruction -- language is preferred to the "rely

09:40:58  5   on it" action, so I always request it.  I think it gives

09:41:02  6   the jury sort of a real-world "here's how to think about

09:41:05  7   reasonable doubt."

09:41:43  8        THE COURT:  Well, I try to organize my draft so

09:41:48  9   that I had all these together.  Let me find your initial

09:41:56  10  submission, Mr. Shultz.

09:42:21  11       (Brief pause.)

09:42:21  12       THE COURT:  Oh, it's bolded in your proposed

09:42:25  13  instruction.  "It is proof so convincing you would not

09:42:28  14  hesitate to rely and act upon them in the most important

09:42:30  15  of your affairs."

09:42:31  16       That did used to be in the pattern instructions.

09:42:34  17  I probably dropped it out because it's not there.  I

09:42:37  18  don't think it's an inaccurate statement of the law.

09:42:41  19       Is there any objection to adding that back in?

09:42:44  20       MS. ANDRUSAK:  Your Honor, the Government would

09:42:45  21  object since it's not part of the pattern instruction,

09:42:48  22  and we agree that it doesn't accurately define reasonable

09:42:56  23  doubt.

09:42:56  24       THE COURT:  How does it not accurately define?

09:43:04  25       MS. ANDRUSAK:  I apologize, Your Honor, it goes

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 33 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028        33

09:43:06   1   beyond what is required, not that it doesn't accurately

09:43:09   2   define, but it goes beyond what is required for finding

09:43:14   3   reasonable doubt, according to the Tenth Circuit.

09:43:15   4        THE COURT:  Okay.  I do remember, there have been

09:43:21   5   some cases on this that -- actually, I read an appellate

09:43:27   6   decision that says that this -- yeah, I recall the line

09:43:36   7   of discussion you've had on that, or that courts have had

09:43:39   8   on that, Ms. Andrusak, now that you say that, and I think

09:43:41   9   that is why it was dropped from the pattern instruction.

09:43:47  10        I think I'm going to note your objection to this,

09:43:51  11   Mr. Shultz, but not adopt that language because of how

09:43:55  12   discussion on this has evolved.

09:43:58  13        So are there any other objections to this

09:44:00  14   instruction?

09:44:01  15        MR. BABBIT:  We would join the objection.

09:44:04  16        THE COURT:  I'll note both defendants object to

09:44:07  17   the noninclusion of that.

09:44:11  18        Are we ready to move on to the next instruction?

09:44:15  19   So the next instruction brings up a formatting point.

09:44:19  20   Many of the instructions, as I propose and as you all

09:44:23  21   proposed them to me, have a title or a caption on them.

09:44:28  22   And the next one, Evidence-Defined, has a caption but not

09:44:33  23   all the instructions have a caption.  For instance my

09:44:36  24   stock instructions we've just gone through do not.  Do

09:44:41  25   any of you have concern about the fact that some, but not

Case 6:20-cr-10028-EFM   Document 926   Filed 08/10/22   Page 34 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                34

09:44:44  1  all, instructions has a subject matter title?

09:44:50  2       (Whereupon, a sotto voce discussion was had

09:44:51  3  between Mr. Treaster and Ms. Andrusak.)

09:44:55  4       MS. ANDRUSAK:  Your Honor, the Government included

09:44:57  5  the title just to show what the instruction was

09:45:03  6  discussing and that it related to a specific instruction

09:45:06  7  in PIK.  I don't know that we expected the titles to

09:45:09  8  remain in the instructions that go to the jury.

09:45:12  9       THE COURT:  I've actually struggled with this in

09:45:15  10  other cases.  The instructions in this case, of course,

09:45:22  11  are unusually long.  Frankly, they may be the longest

09:45:26  12  instructions I've ever given.

09:45:27  13       I had another trial that lasted about as long as

09:45:30  14  this one did, but it only had two counts and the

09:45:34  15  instructions certainly were not 60-some pages.  But even

09:45:37  16  in shorter trials, I've struggled sometimes that by just

09:45:40  17  reading all of this, or even presenting them in print, to

09:45:45  18  the jurors tends to create a blur for them, and without

09:45:48  19  giving some helpful guidance to them as to what things

09:45:54  20  are, it leaves them at a disadvantage, particularly in a

09:45:57  21  document this thick, as they get back to the jury room

09:45:59  22  and are trying to find one instruction or another to

09:46:05  23  address their deliberations on, when none of these

09:46:11  24  instructions are titled, it really leaves them at a

09:46:15  25  disadvantage.

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 35 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028        35

09:46:16  1        I don't think the titles are prejudicial.  They're

09:46:19  2  very brief and descriptive.  I've done titles

09:46:27  3  occasionally, not -- certainly not the majority of the

09:46:30  4  time.  But as I say, I'm concerned, particularly in a

09:46:32  5  case of this breadth, as to whether it's putting the jury

09:46:37  6  at a huge disadvantage to just have all these

09:46:43  7  nonidentified instructions rolling one after another in.

09:46:48  8  Even as lawyers as we look through statutes or whatever,

09:46:51  9  the statutes typically have some sort of a title to them

09:46:56  10 to help us as we're going along.

09:47:02  11        Do you have an objection, Ms. Andrusak, to

09:47:03  12 including the titles?

09:47:03  13        MS. ANDRUSAK:  No, not at all, Your Honor.

09:47:05  14        THE COURT:  What do defendants think?

09:47:07  15        MR. SHULTZ:  I don't think I have a preference one

09:47:08  16 way or the other.

09:47:11  17        THE COURT:  Mr. Babbit?

09:47:17  18        MR. BABBIT:  I don't believe I have an objection

09:47:20  19 to that.  I think any objection I would have is going to

09:47:23  20 be more towards the content of the instruction itself.

09:47:27  21        THE COURT:  And certainly to the extent that any

09:47:29  22 of you think these titles are prejudicial -- I don't

09:47:33  23 think they are, I think they merely identify the subject

09:47:35  24 matter -- I don't want that to be the case.  But beyond

09:47:41  25 that -- and we'll get to the substance of the instruction

| | | |
|---|---|---|
| 09:47:43 | 1 | in just a moment -- but you don't have an objection to |
| 09:47:47 | 2 | the titles? |
| 09:47:47 | 3 | MR. BABBIT:  (Shaking head.) |
| 09:47:47 | 4 | THE COURT:  So the corollary to that is what about |
| 09:47:49 | 5 | the instructions, which I think primarily are these |
| 09:47:53 | 6 | opening instructions, that are not titled?  Does that |
| 09:48:00 | 7 | concern you?  These are brief instructions. |
| 09:48:07 | 8 | MR. BABBIT:  So I guess the potential concern |
| 09:48:09 | 9 | would be that if a juror decided that because there's a |
| 09:48:13 | 10 | title, the instruction's more important than one where |
| 09:48:18 | 11 | there's not.  My feeling is that that's not really going |
| 09:48:22 | 12 | to happen. |
| 09:48:22 | 13 | THE COURT:  And most of the instructions -- I |
| 09:48:24 | 14 | really think from here on out all of the instructions -- |
| 09:48:27 | 15 | well, until you get to my very closing instructions at |
| 09:48:30 | 16 | the end, but all of the instructions in the middle have a |
| 09:48:32 | 17 | title. |
| 09:48:36 | 18 | MR. BABBIT:  I suppose -- I mean, a Presumption of |
| 09:48:46 | 19 | Innocence title doesn't -- has some usefulness to me. |
| 09:48:59 | 20 | I'm just talking out loud.  I generally don't think |
| 09:49:05 | 21 | having a title's going to matter one way or the other and |
| 09:49:08 | 22 | may be helpful in some instance. |
| 09:49:12 | 23 | THE COURT:  Well, I hear no objections to titles. |
| 09:49:15 | 24 | Are there any objections to the fact that some of the |
| 09:49:19 | 25 | stock instructions at the very beginning and the very end |

09:49:22  1  are not titled?  Do you want --

09:49:28  2          MR. SHULTZ:  I have no objection, Your Honor.

09:49:30  3          MS. ANDRUSAK:  The Government has no objection

09:49:34  4  either, Your Honor.

09:49:38  5          MR. BABBIT:  No objections.

09:49:40  6          THE COURT:  Okay.  Let's go then to the substance.

09:49:42  7  We're back on the title Evidence-Defined.  Are there

09:49:46  8  objections to the substance of this instruction?

09:49:48  9          MS. ANDRUSAK:  No, Your Honor.

09:49:49  10         MR. SHULTZ:  No, Your Honor.

09:49:50  11         MR. BABBIT:  No, Your Honor.

09:49:52  12         THE COURT:  The next instruction is

09:49:54  13 Evidence-Direct and Circumstantial-Inferences.  Any

09:49:57  14 objections to this instruction?

09:49:58  15         MS. ANDRUSAK:  No, Your Honor.

09:49:59  16         MR. SHULTZ:  No, Your Honor.

09:50:00  17         MR. BABBIT:  No, Your Honor.

09:50:02  18         THE COURT:  The next instruction, Consider Only

09:50:05  19 Crimes Charged, any objections?

09:50:08  20         MS. ANDRUSAK:  No, Your Honor.

09:50:08  21         MR. SHULTZ:  No, Your Honor.

09:50:10  22         MR. BABBIT:  No, Your Honor.

09:50:11  23         THE COURT:  The next instruction, Possession:

09:50:14  24 Actual or Constructive, any objection to this

09:50:16  25 instruction?

| | | |
|---|---|---|
| 09:50:16 | 1 | MS. ANDRUSAK:  No, Your Honor. |
| 09:50:16 | 2 | MR. SHULTZ:  No, Your Honor. |
| 09:50:17 | 3 | MR. BABBIT:  No, Your Honor. |
| 09:50:19 | 4 | THE COURT:  The next instruction Controlled |
| 09:50:21 | 5 | Substances-Conspiracy, this is with respect to Count 2. |
| 09:50:25 | 6 | Any objections to this instruction? |
| 09:50:28 | 7 | MS. ANDRUSAK:  Your Honor, the Government does not |
| 09:50:29 | 8 | have an objection, but in our copy it still includes |
| 09:50:33 | 9 | Mr. Ponds. |
| 09:50:35 | 10 | THE COURT:  Ahh, and in my copy, too.  Let's |
| 09:50:39 | 11 | remove that.  Thank you. |
| 09:50:42 | 12 | Do you see that, Mr. Schmidt? |
| 09:50:45 | 13 | CLERK SCHMIDT:  (Nods head.) |
| 09:50:52 | 14 | THE COURT:  Do you see where we're at, |
| 09:50:55 | 15 | Mr. Schmidt? |
| 09:50:55 | 16 | CLERK SCHMIDT:  Yes, I do. |
| 09:50:56 | 17 | THE COURT:  Thanks.  We'll take that out. |
| 09:50:57 | 18 | Any other objections to this instruction? |
| 09:51:01 | 19 | MR. BABBIT:  Only I think there's a -- on the |
| 09:51:04 | 20 | second -- on the last full paragraph there seems to be |
| 09:51:07 | 21 | just a typo. |
| 09:51:09 | 22 | THE COURT:  Where's that at? |
| 09:51:10 | 23 | MR. BABBIT:  The last full paragraph of the |
| 09:51:15 | 24 | instruction. |
| 09:51:17 | 25 | MR. SHULTZ:  I have the same -- there's like an A |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 39 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

39

| | | |
|---|---|---|
| 09:51:20 | 1 | then an @ symbol.  I suspected it was some kind of coding |
| 09:51:23 | 2 | thing -- |
| 09:51:24 | 3 | MR. BABBIT:  Oh. |
| 09:51:25 | 4 | MR. SHULTZ:  -- that -- in the version we got when |
| 09:51:27 | 5 | I opened it up on Word.  So the "to distribute," I |
| 09:51:30 | 6 | suppose it's supposed to be in quotations. |
| 09:51:32 | 7 | THE COURT:  It's in quotations in my version. |
| 09:51:34 | 8 | MR. SHULTZ:  On my copy it has a capital A to |
| 09:51:37 | 9 | distribute and an @ symbol.  So that happens occasionally |
| 09:51:41 | 10 | with different versions of Word. |
| 09:51:43 | 11 | THE COURT:  Okay, mine has quotations on it.  So |
| 09:51:46 | 12 | we'll try to watch that. |
| 09:51:47 | 13 | Any other objections to this instruction? |
| 09:51:49 | 14 | MS. ANDRUSAK:  No, Your Honor. |
| 09:51:53 | 15 | THE COURT:  Defense counsel? |
| 09:51:54 | 16 | MR. SHULTZ:  No, Your Honor. |
| 09:51:55 | 17 | MR. BABBIT:  No. |
| 09:51:57 | 18 | THE COURT:  The next instruction is Drug |
| 09:52:01 | 19 | Quantities-Individual Conspirator. |
| 09:52:04 | 20 | Any objections? |
| 09:52:05 | 21 | MS. ANDRUSAK:  No, Your Honor. |
| 09:52:06 | 22 | MR. SHULTZ:  No, Your Honor. |
| 09:52:07 | 23 | MR. BABBIT:  No, Your Honor. |
| 09:52:10 | 24 | THE COURT:  The next instruction is Controlled |
| 09:52:14 | 25 | Substances-Conspiracy with respect to Count 4.  Any |

| | | |
|---|---|---|
| 09:52:15 | 1 | objections? |
| 09:52:16 | 2 | MS. ANDRUSAK:  No, Your Honor. |
| 09:52:16 | 3 | MR. SHULTZ:  No, Your Honor. |
| 09:52:18 | 4 | MR. BABBIT:  No, Your Honor. |
| 09:52:27 | 5 | THE COURT:  The next instruction is Drug |
| 09:52:29 | 6 | Quantities-Individual Conspirators.  Any objections? |
| 09:52:32 | 7 | MS. ANDRUSAK:  No, Your Honor. |
| 09:52:34 | 8 | MR. SHULTZ:  No, Your Honor. |
| 09:52:35 | 9 | MR. BABBIT:  No, Your Honor. |
| 09:52:37 | 10 | THE COURT:  The next instruction is Controlled |
| 09:52:41 | 11 | Substances-Conspiracy, this is involving Count 6.  Any |
| 09:52:44 | 12 | objections? |
| 09:52:50 | 13 | CLERK SCHMIDT:  Count 5. |
| 09:52:52 | 14 | MS. ANDRUSAK:  Your Honor, I think we skipped |
| 09:52:53 | 15 | Count 5, the conspiracy for Count 5. |
| 09:52:59 | 16 | THE COURT:  Oh, I did.  I apologize.  Well, let's |
| 09:53:02 | 17 | take up Controlled Substance-Conspiracy on Count 5. |
| 09:53:05 | 18 | MS. ANDRUSAK:  No objections, Your Honor. |
| 09:53:06 | 19 | MR. SHULTZ:  No objection. |
| 09:53:07 | 20 | MR. BABBIT:  No objection. |
| 09:53:08 | 21 | THE COURT:  And then Controlled |
| 09:53:11 | 22 | Substances-Conspiracy on Count 6. |
| 09:53:13 | 23 | MS. ANDRUSAK:  No objections. |
| 09:53:17 | 24 | MR. SHULTZ:  No objection, Your Honor. |
| 09:53:26 | 25 | MR. BABBIT:  We're kind of out of that one, but no |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 41 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028          41

| | | |
|---|---|---|
| 09:53:29 | 1 | objection. |
| 09:53:30 | 2 | THE COURT:  Okay.  The next instruction is |
| 09:53:34 | 3 | Conspiracy-Defined.  This is one I mentioned in my |
| 09:53:37 | 4 | earlier discussions.  Any objection to this? |
| 09:53:40 | 5 | MS. ANDRUSAK:  No, Your Honor. |
| 09:53:42 | 6 | MR. SHULTZ:  Your Honor, I believe Mr. Vontress -- |
| 09:53:47 | 7 | Mr. Babbit submitted a different proposed conspiracy |
| 09:53:50 | 8 | instruction that we would join. |
| 09:53:51 | 9 | THE COURT:  Tell me how it differs, because, as I |
| 09:53:54 | 10 | recall, what the defendant submitted included the gist of |
| 09:53:58 | 11 | this in each of the three conspiracy counts.  And so I |
| 09:54:02 | 12 | broke that out.  The Government broke it out.  I adopted |
| 09:54:04 | 13 | their version of that.  Tell me how it differs other than |
| 09:54:08 | 14 | the formatting. |
| 09:54:09 | 15 | MR. BABBIT:  You are correct.  Mine did not break |
| 09:54:13 | 16 | it out, and I have no objection to the Court doing it in |
| 09:54:16 | 17 | that fashion. |
| 09:54:16 | 18 | The definition portion or the Conspiracy-Defined, |
| 09:54:21 | 19 | as the Court, I think, has it described here, I did list |
| 09:54:27 | 20 | in my proposed instruction language which is identical to |
| 09:54:34 | 21 | the Tenth Circuit instruction with one addition, and |
| 09:54:37 | 22 | that's laid out in bold in the -- in the proposed |
| 09:54:46 | 23 | instruction. |
| 09:54:47 | 24 | THE COURT:  Hang on.  I -- well, Mr. Schmidt, you |
| 09:55:03 | 25 | gave me copies of those, and I somehow only have |

09:55:08    1    Mr. Lewis's here.  I need to look at the initial

09:55:12    2    submission.

09:55:12    3         CLERK SCHMIDT:  Do you want me to have Cindy print

09:55:14    4    it up?

09:55:14    5         THE COURT:  Oh, here it is.  I'm sorry.

09:55:22    6         So is the sentence you're referring to,

09:55:26    7    Mr. Babbit, that "A conspiracy is an agreement between

09:55:28    8    two or more persons to accomplish an unlawful purpose"?

09:55:33    9         MR. BABBIT:  No, the section that I'm referring to

09:55:36   10    is on the second page, on the next page.

09:55:39   11         THE COURT:  "Mere knowledge"?

09:55:40   12         MR. BABBIT:  It is.  And so just to help the Court

09:55:45   13    understand how I got there, I hadn't dealt with a

09:55:49   14    conspiracy instruction before and so where I started was

09:55:52   15    a conspiracy case that I was involved in before I got out

09:55:57   16    before the jury trial.  And I looked at the jury

09:56:01   17    instruction that was presented in that case, and this

09:56:03   18    language was in that.

09:56:08   19         And I noticed that that was different than what

09:56:10   20    the Tenth Circuit had actually -- at least the Tenth

09:56:14   21    Circuit version that exists now.  And then I looked to

09:56:24   22    figure out where that came from.  And there is a -- this

09:56:30   23    case that I cited, very recent case, certainly you --

09:56:36   24    that language came, you know, it was cited directly in

09:56:38   25    that case.  And I'm sure that case cited older cases so

09:56:42  1  that knowledge --

09:56:43  2      THE COURT:  This is the *Banks* case or the *Cushing*

09:56:46  3  case?

09:56:46  4      MR. BABBIT:  So the *Banks* case was the case where

09:56:48  5  I got the instruction from.  The *Cushing* case is the

09:56:53  6  recent Tenth Circuit case which, in discussing what's

09:56:57  7  required to prove a conspiracy, uses that precise

09:57:01  8  language.  So the short version, what I'm suggesting, is,

09:57:05  9  number one, this is an instruction that was given before.

09:57:09  10  It was given in a District of Kansas wiretap conspiracy

09:57:13  11  case as well; and secondly, it accurately states the law.

09:57:17  12      And for my purposes the reason I think this is

09:57:24  13  important is because it's the responsibility of the

09:57:31  14  Government to prove the conspiracy charged.  And on the

09:57:35  15  off chance a jury thinks there's a different conspiracy

09:57:40  16  that might be existing, that might be present, it doesn't

09:57:45  17  matter.  It's the burden -- the burden's on the

09:57:48  18  Government to prove the charged conspiracy.

09:57:49  19      THE COURT:  Well, this doesn't address different

09:57:52  20  conspiracies; this addresses knowledge versus

09:57:54  21  participation.

09:57:55  22      MR. BABBIT:  True, true.  And I'm not asking --

09:57:57  23  there's actually a separate, I think, instruction that

09:57:59  24  deals with that issue.  And, you know, if I expected to

09:58:03  25  present some argument on that, then obviously I'd be

| | | |
|---|---|---|
| 09:58:05 | 1 | arguing for it and I'm not. |
| 09:58:07 | 2 | However, there is evidence in this case that my |
| 09:58:11 | 3 | client possessed -- you know, we've got a substantive |
| 09:58:16 | 4 | possession charge.  And anytime you're going to have that |
| 09:58:18 | 5 | the prospect exists the jury may -- you know, it has to |
| 09:58:23 | 6 | be some sort of conspiracy involved.  If you had -- if |
| 09:58:31 | 7 | the jury, in fact, believes that my client had cocaine in |
| 09:58:33 | 8 | his possession.  And I think this is helpful in |
| 09:58:38 | 9 | accurately stating the law and saying, "Look, if you're |
| 09:58:43 | 10 | going to consider that information as evidence, you have |
| 09:58:45 | 11 | to consider it in light of the conspiracy charged by the |
| 09:58:50 | 12 | Government.  And mere knowledge of illegal activity, even |
| 09:58:57 | 13 | in conjunction with participation in a small part of the |
| 09:59:00 | 14 | conspiracy, does not by itself establish that a person |
| 09:59:02 | 15 | has joined in the grand conspiracy." |
| 09:59:05 | 16 | And, again, I think that emphasizes the fact that |
| 09:59:10 | 17 | it's the Government responsible for proving that a |
| 09:59:13 | 18 | conspiracy is as charged. |
| 09:59:14 | 19 | THE COURT:  So, Mr. Babbit, one of the reasons I |
| 09:59:16 | 20 | didn't -- and this is just conversational -- that I |
| 09:59:19 | 21 | didn't include this sentence was that I thought -- and, |
| 09:59:25 | 22 | again, your pagination's different than mine.  I thought |
| 09:59:29 | 23 | the last two sentences of the third paragraph on this |
| 09:59:34 | 24 | proposed instruction covered that same area.  That states |
| 09:59:40 | 25 | that "On the other hand, proof is not sufficient if it |

09:59:44   1   merely shows that the defendant knew about the existence

09:59:47   2   of the conspiracy or was associated with members of the

09:59:51   3   conspiracy."

09:59:51   4        And that "associated with members" is not covered

09:59:55   5   in this sentence here.  But that next sentence then says,

09:59:58   6   "Rather, the evidence must show the defendant knowingly

10:00:01   7   joined the conspiracy with the intent to that advance its

10:00:04   8   purposes."

10:00:05   9        What do you think the sentence you're advocating

10:00:08  10   for covers that these two do not?

10:00:22  11        MR. BABBIT:  I think -- I think it just emphasizes

10:00:31  12   that a person's understanding of illegal activity isn't

10:00:36  13   enough.  If their knowledge -- mere knowledge of illegal

10:00:41  14   activity, even in conjunction -- even if you're

10:00:43  15   participating in a small part of it, does not by itself

10:00:46  16   establish that a person has joined a conspiracy.  So, to

10:00:48  17   me, the emphasis here is the mere knowledge, and --

10:00:53  18        THE COURT:  So I'm not sure that the "even

10:00:57  19   participation in a small part of the conspiracy," I'm not

10:01:02  20   sure that's an accurate statement of the law, because I

10:01:05  21   think it's not unusual in a conspiracy for different

10:01:08  22   members to be involved in less than the whole but they're

10:01:13  23   nevertheless --

10:01:14  24        MR. BABBIT:  I agree.  I agree with the Court.  I

10:01:17  25   don't -- if that were what it said.  I don't think that's

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 46 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          46

| | | |
|---|---|---|
| 10:01:20 | 1 | what it says. |
| 10:01:20 | 2 | THE COURT:  It says, "Mere knowledge of illegal |
| 10:01:24 | 3 | activity, even with -- even in conjunction with |
| 10:01:29 | 4 | participation in a small part of the conspiracy, does not |
| 10:01:32 | 5 | establish that a person has joined the conspiracy."  [As |
| 10:01:35 | 6 | read.] |
| 10:01:35 | 7 | I also don't like the phrase "grand conspiracy." |
| 10:01:39 | 8 | That sounds like that grand conspiracy has some legal |
| 10:01:41 | 9 | meaning.  It doesn't.  But even apart from that, even if |
| 10:01:45 | 10 | you strike the word "grand," it says, "Mere knowledge, |
| 10:01:47 | 11 | even in conjunction with participation in a small part of |
| 10:01:52 | 12 | the conspiracy does not indicate that the person has |
| 10:01:53 | 13 | joined the conspiracy," and I'm not sure that's an |
| 10:01:57 | 14 | accurate statement of conspiracy law. |
| 10:02:08 | 15 | MR. BABBIT:  Again, I think it is.  I |
| 10:02:09 | 16 | understand -- I understand where the Court's coming from. |
| 10:02:11 | 17 | I think the focus here is, you know, what you know |
| 10:02:20 | 18 | doesn't matter, action -- |
| 10:02:22 | 19 | THE COURT:  Well, the thrust of what we want to |
| 10:02:25 | 20 | say in this, in this instruction, is to inform the jury |
| 10:02:30 | 21 | that there's a difference between knowing about the |
| 10:02:32 | 22 | illegal conspiracy and participating in the illegal |
| 10:02:37 | 23 | conspiracy. |
| 10:02:37 | 24 | MR. BABBIT:  Right. |
| 10:02:37 | 25 | THE COURT:  And the thrust of this part of the |

| | | |
|---|---|---|
| 10:02:40 | 1 | instruction is to say, just because they knew what was |
| 10:02:43 | 2 | going on doesn't mean they're guilty of it unless they |
| 10:02:46 | 3 | participated in it.  But my concern is I think they can |
| 10:02:49 | 4 | participate in a small way in the conspiracy and thereby |
| 10:02:53 | 5 | still be guilty of the conspiracy, even though others are |
| 10:03:02 | 6 | more broadly involved in the overall purposes of the |
| 10:03:04 | 7 | conspiracy. |
| 10:03:06 | 8 | MR. BABBIT:  Yeah, I don't disagree with the |
| 10:03:09 | 9 | general statement that the Court just made. |
| 10:03:11 | 10 | THE COURT:  Is there some legal point that you |
| 10:03:13 | 11 | think this statement makes that's not covered by those |
| 10:03:16 | 12 | two sentences that I directed your attention to? |
| 10:03:35 | 13 | MR. BABBIT:  I still think that it -- I still |
| 10:03:41 | 14 | think that it does in some fashion address the |
| 10:03:45 | 15 | prospect -- I know, understanding that there's a |
| 10:03:47 | 16 | completely different instruction on that issue, but I |
| 10:03:48 | 17 | still think in some fashion it addresses the requirement |
| 10:03:52 | 18 | of the Government to prove the conspiracy charged. |
| 10:04:02 | 19 | THE COURT:  Government, do you want to be heard on |
| 10:04:04 | 20 | this objection? |
| 10:04:07 | 21 | MS. ANDRUSAK:  Your Honor, we agree with the |
| 10:04:08 | 22 | Court's analysis and believe that the two sentences |
| 10:04:13 | 23 | read -- or that are preceding that addition summarize |
| 10:04:19 | 24 | accurately the Government's burden and accurately |
| 10:04:24 | 25 | describe the idea that mere knowledge is not enough. |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 48 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

48

| | | |
|---|---|---|
| 10:04:34 | 1 | THE COURT:  I'm going to note your objection, |
| 10:04:36 | 2 | Mr. Babbit, but I'm going to overrule it.  I'm |
| 10:04:42 | 3 | concerned -- I'm concerned about the phrase "grand |
| 10:04:44 | 4 | conspiracy."  That's easily addressed.  You can take out |
| 10:04:47 | 5 | the word "grand."  But more than that, I'm concerned that |
| 10:04:50 | 6 | this instruction could mislead the jury to thinking that |
| 10:04:54 | 7 | being a part of one aspect of the conspiracy but not all |
| 10:04:58 | 8 | of the aspects of the conspiracy would indicate that the |
| 10:05:01 | 9 | person has not joined the conspiracy, and that's an |
| 10:05:04 | 10 | inaccurate statement of the conspiracy law, and I think |
| 10:05:07 | 11 | the danger of misguiding the jury in that regard is |
| 10:05:16 | 12 | really significant.  And I think that the other concerns |
| 10:05:18 | 13 | that you have are adequately addressed in the language |
| 10:05:21 | 14 | that we've already discussed. |
| 10:05:24 | 15 | Are there any other objections to this |
| 10:05:29 | 16 | instruction? |
| 10:05:29 | 17 | MS. ANDRUSAK:  No, Your Honor. |
| 10:05:34 | 18 | THE COURT:  Mr. Shultz? |
| 10:05:35 | 19 | MR. SHULTZ:  No, Your Honor. |
| 10:05:36 | 20 | THE COURT:  Any other objections, Mr. Babbit? |
| 10:05:38 | 21 | MR. BABBIT:  No, Your Honor. |
| 10:05:42 | 22 | THE COURT:  The next instruction is |
| 10:05:44 | 23 | Conspiracy-Proof.  Any objections to this instruction? |
| 10:05:46 | 24 | MS. ANDRUSAK:  No, Your Honor. |
| 10:05:48 | 25 | MR. SHULTZ:  Your Honor, I would -- I mean, on |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 49 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                   49

| | | |
|---|---|---|
| 10:05:50 | 1 | sort of the same grounds as my -- the language on |
| 10:05:54 | 2 | reasonable doubt was excluded, I would say this goes |
| 10:05:57 | 3 | beyond what the Tenth Circuit required.  It crosses into |
| 10:06:02 | 4 | areas that are addressed by other general kind of proof |
| 10:06:06 | 5 | instructions, but in a way that, I think, tips the scales |
| 10:06:10 | 6 | a little bit from -- in favor of some conclusions.  Like |
| 10:06:14 | 7 | saying "ordinarily conspiracy is characterized by secrecy |
| 10:06:17 | 8 | in its origin and its execution.  Proof concerning the |
| 10:06:22 | 9 | accomplishments may be considered.  The offense is |
| 10:06:24 | 10 | complete when the unlawful agreement is made.  The |
| 10:06:27 | 11 | Government's not required to prove the parties were |
| 10:06:28 | 12 | successful." |
| 10:06:29 | 13 | Those are all things that are not included in the |
| 10:06:32 | 14 | Tenth Circuit pattern instruction, and so I think they |
| 10:06:35 | 15 | kind of go beyond what's required, and I think there are |
| 10:06:40 | 16 | implications though those statements in general, or in |
| 10:06:42 | 17 | particular, but kind of the whole thing, where this -- it |
| 10:06:47 | 18 | kind of gives the jury the shade of, "Oh, this is |
| 10:06:51 | 19 | secret," et cetera, et cetera. |
| 10:06:54 | 20 | THE COURT:  So as sort of a procedural point -- |
| 10:06:59 | 21 | and I ran into this a lot on objections to instructions. |
| 10:07:07 | 22 | I want to talk about specific language and not |
| 10:07:11 | 23 | philosophical concepts because ultimately we have to come |
| 10:07:13 | 24 | out of here with a written process.  Tell me what |
| 10:07:15 | 25 | language changes you would propose, either additions or |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 50 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

50

10:07:21  1  deletions, be made with respect to the concerns you have

10:07:23  2  with this instruction.

10:07:26  3       MR. SHULTZ:  I would say particularly, Your

10:07:30  4  Honor -- well, I mean, so, for instance, the first

10:07:33  5  clause, "The existence may be inferred from the

10:07:36  6  circumstances and conduct of the parties," I believe

10:07:38  7  that's covered in the proof instruction.  It says you can

10:07:41  8  look at the evidence and make reasonable inferences

10:07:44  9  therefrom.  So I think it's kind of unnecessary.

10:07:46  10      THE COURT:  Well, this is the proof instruction.

10:07:48  11      MR. SHULTZ:  Well, the general -- we have the

10:07:50  12  general -- maybe we haven't gotten there yet, but there's

10:07:53  13  the direct and circumstantial proof instruction.

10:07:55  14      THE COURT:  Oh, the direct and circumstantial

10:07:57  15  evidence instruction?

10:07:57  16      MR. SHULTZ:  Yeah.

10:07:59  17      THE COURT:  All right.

10:07:59  18      MR. SHULTZ:  That also includes the instruction

10:08:01  19  that you can make inferences based on that evidence.  And

10:08:04  20  so I think this is kind of extra and goes beyond.  My

10:08:09  21  main concern on that sense would be the sentence

10:08:12  22  "ordinarily the conspiracy is characterized by secrecy in

10:08:14  23  its origin and its execution."  I would excise, I guess,

10:08:19  24  that sentence.

10:08:25  25      The second sentence I think is what you just

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 51 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028        51

| | | |
|---|---|---|
| 10:08:30 | 1 | addressed with Mr. Babbit.  I think that probably is |
| 10:08:35 | 2 | okay. |
| 10:08:38 | 3 |      The first sentence of the second paragraph |
| 10:08:41 | 4 | beginning, "In determining," again, the language itself I |
| 10:08:44 | 5 | don't have any particular objection to other than I think |
| 10:08:46 | 6 | it kind of just repeats the more general thing again, in |
| 10:08:52 | 7 | terms of you can evaluate people's actions and evidence |
| 10:08:55 | 8 | of declarations and draw inferences. |
| 10:08:59 | 9 |      The next sentence beginning "Proof concerning |
| 10:09:02 | 10 | accomplishments," again, I think that goes beyond the law |
| 10:09:08 | 11 | or what the Tenth Circuit requires. |
| 10:09:11 | 12 |      THE COURT:  "Proof concerning the accomplishments |
| 10:09:14 | 13 | in the elements of the conspiracy may be considered |
| 10:09:16 | 14 | evidence of the existence," you think that's beyond what |
| 10:09:19 | 15 | the law requires? |
| 10:09:20 | 16 |      MR. SHULTZ:  I do.  I guess just short of basing |
| 10:09:22 | 17 | it on sort of the -- that the pattern instruction does |
| 10:09:27 | 18 | not include those things. |
| 10:09:31 | 19 |      Then the next sentence, "the offense of |
| 10:09:34 | 20 | conspiracy," I would excise.  I think that's accurate.  I |
| 10:09:37 | 21 | don't think that it necessarily -- I think it crosses |
| 10:09:40 | 22 | beyond when saying, like, the jury has to decide if there |
| 10:09:43 | 23 | is an agreement made to do this.  This feels like it -- |
| 10:09:49 | 24 | it seems like to me that it goes beyond the elements |
| 10:09:55 | 25 | required and say -- and creates sort of this time |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 52 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028          52

| | | |
|---|---|---|
| 10:09:58 | 1 | definition. |
| 10:10:00 | 2 | That one may be more academic, but it -- I |
| 10:10:04 | 3 | obviously am not putting my finger on it quite the right |
| 10:10:08 | 4 | way verbally. |
| 10:10:09 | 5 | THE COURT: Of course, this is intended to |
| 10:10:11 | 6 | address -- I can't think of a different way to state it, |
| 10:10:13 | 7 | but it's intended to address that the conspiracy is the |
| 10:10:17 | 8 | agreement and not the accomplishment. |
| 10:10:20 | 9 | MR. SHULTZ: Right. And I guess I would say that |
| 10:10:22 | 10 | the pattern instruction, as the Court divided it up among |
| 10:10:26 | 11 | those four and did the instruction prior to this that |
| 10:10:28 | 12 | includes the other stuff in the pattern, covers all of |
| 10:10:31 | 13 | these things well enough, and I think adding this extra |
| 10:10:35 | 14 | stuff, just it's kind of like the risk outweighs the |
| 10:10:40 | 15 | benefit. |
| 10:10:40 | 16 | THE COURT: What is the risk of those last two |
| 10:10:42 | 17 | sentences in the second paragraph? |
| 10:10:43 | 18 | MR. SHULTZ: The -- well, the last sentence I |
| 10:10:53 | 19 | don't think probably is an accurate statement of the law. |
| 10:10:56 | 20 | THE COURT: Okay. Then the sentence "The |
| 10:11:00 | 21 | offense . . . is complete when the agreement's made, |
| 10:11:02 | 22 | what's the risk there? |
| 10:11:05 | 23 | MR. SHULTZ: It may be more -- I'm trying to think |
| 10:11:08 | 24 | through. It feels like it just emphasizes. I can't |
| 10:11:12 | 25 | think of a specific example right now, other than to say |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 53 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                    53

10:11:14   1    it feels like it emphasizes, Your Honor, the

10:11:21   2    completion -- 'cause when the agreement is made is -- I

10:11:31   3    don't know.  I think the nature of the proof in this case

10:11:33   4    is going to involve a lot of -- I mean, as we heard at

10:11:37   5    the *James* hearing, you know, "Here's this phone call,"

10:11:39   6    "Here's this action," "Here's this phone call," "Here's

10:11:41   7    this," and I think it creates a question of, like, does

10:11:46   8    the jury then go, instead of considering all of the

10:11:49   9    evidence, "Hey, take this to Jim's house" or whatever,

10:11:53  10    "Okay," are they going to go, "Okay, all we need are

10:11:58  11    those two texts.  Now we're good.  Let's ignore

10:12:00  12    everything else that happened after that"?

10:12:01  13         THE COURT:  So I looked at -- in that sentence I

10:12:03  14    looked at the phrase "the unlawful agreement" and

10:12:05  15    wondered if a better phraseology would be "the conspiracy

10:12:09  16    agreement," because there are actions that are unlawful

10:12:13  17    that are not conspiracies.

10:12:14  18         MR. SHULTZ:  Maybe that -- maybe the Court just

10:12:16  19    summarized my -- what was my gut-level concern better

10:12:19  20    than I did.

10:12:21  21         THE COURT:  What other concerns do you have in

10:12:24  22    this agreement?

10:12:25  23         MR. SHULTZ:  I think the rest, Your Honor, is --

10:12:27  24    other than my general objection that I think these are

10:12:30  25    covered by other instructions, there's not specific

| | | |
|---|---|---|
| 10:12:33 | 1 | language. |
| 10:12:34 | 2 | THE COURT:  I do think that this may in some part |
| 10:12:36 | 3 | repeat concepts in other instructions, but I think that |
| 10:12:42 | 4 | for contextual purposes that repetition is not bad.  I |
| 10:12:47 | 5 | would focus, from what you've said, Mr. Shultz, on three |
| 10:12:51 | 6 | sections:  first would be the second clause of the first |
| 10:12:56 | 7 | sentence, "characterized by secrecy"; second would be the |
| 10:13:05 | 8 | second sentence of the second paragraph, "proof |
| 10:13:09 | 9 | concerning accomplishments may be considered as |
| 10:13:11 | 10 | evidence"; and then third would be substituting as I |
| 10:13:15 | 11 | suggested the word "conspiracy" for "unlawful." |
| 10:13:19 | 12 | Government, what's your response to those three |
| 10:13:22 | 13 | areas? |
| 10:13:22 | 14 | MS. ANDRUSAK:  Your Honor, the reason the |
| 10:13:24 | 15 | Government included this instruction is in two conspiracy |
| 10:13:29 | 16 | cases, one heard by Your Honor and one heard by Judge |
| 10:13:35 | 17 | Marten with some complex conspiracy cases these |
| 10:13:38 | 18 | instructions were included in both of those. |
| 10:13:41 | 19 | As for -- starting backwards, the offense of the |
| 10:13:45 | 20 | conspiracy is complete when the conspiracy agreement is |
| 10:13:48 | 21 | made, the Government has no objection to making that |
| 10:13:51 | 22 | change. |
| 10:13:51 | 23 | THE COURT:  I'm going to make that.  I think that |
| 10:13:53 | 24 | may be clearer to the jury than as written. |
| 10:13:58 | 25 | What about then the second sentence of that |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 55 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          55

| | | |
|---|---|---|
| 10:14:01 | 1 | paragraph, "Proof concerning the accomplishments . . . |
| 10:14:04 | 2 | may be considered as evidence of the existence"? |
| 10:14:20 | 3 | MS. ANDRUSAK:  Your Honor, the Government's |
| 10:14:22 | 4 | position is that that is an accurate statement, but the |
| 10:14:24 | 5 | Government would have no objection to it being removed if |
| 10:14:30 | 6 | that is necessary. |
| 10:14:32 | 7 | THE COURT:  Do you think that's an inaccurate |
| 10:14:34 | 8 | statement of the law, Mr. Shultz?  I know I'm bouncing |
| 10:14:38 | 9 | back and forth. |
| 10:14:39 | 10 | MR. SHULTZ:  Your Honor, I don't know. |
| 10:14:40 | 11 | THE COURT:  Do you think it's a prejudicial |
| 10:14:42 | 12 | statement? |
| 10:14:45 | 13 | MR. SHULTZ:  Yeah, I mean, I do.  Again, it's kind |
| 10:14:47 | 14 | of one of these, you know, I read it and I go it feels |
| 10:14:50 | 15 | like it might -- again, it's -- I think -- where I think |
| 10:14:54 | 16 | the prejudice comes in is where -- the potential |
| 10:14:58 | 17 | prejudice comes in is what's a jury sitting there |
| 10:15:01 | 18 | thinking about what does it mean to accomplish something, |
| 10:15:05 | 19 | you know, like these guys talked -- somebody talked on |
| 10:15:07 | 20 | the phone twice, you know, they had a successful call. |
| 10:15:09 | 21 | Is that an accomplishment that is proof in and of itself, |
| 10:15:14 | 22 | as opposed to the contents of the call?  That's maybe an |
| 10:15:18 | 23 | extreme example. |
| 10:15:19 | 24 | THE COURT:  When I looked at this I had a slightly |
| 10:15:21 | 25 | different concern than that, and that concern was the |

Case 6:20-cr-10028-EFM   Document 926   Filed 08/10/22   Page 56 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028      56

10:15:24   1   extent to whether this sentence seems in some ways

10:15:27   2   contradictory to the sentence after the next that follows

10:15:32   3   it:  "Proof concerning the accomplishments is evidence

10:15:35   4   but it's not necessary for the Government to prove

10:15:35   5   accomplishments."  [As read.]

10:15:35   6        MR. SHULTZ:  Yeah.

10:15:41   7        THE COURT:  What do you think of that,

10:15:42   8   Ms. Andrusak?

10:15:47   9        (Whereupon, a sotto voce discussion was had

10:15:48  10   between Ms. Andrusak and Mr. Treaster.)

10:15:49  11        MS. ANDRUSAK:  Your Honor, I could see how it

10:15:51  12   could be potentially read contradictory.  I think that,

10:15:55  13   while the Government is not required to prove completion

10:16:00  14   or completion is not required for a conspiracy, I do

10:16:04  15   think that if there is some sort of accomplishment, that

10:16:08  16   is evidence that the jury can consider.  But, again, the

10:16:11  17   Government doesn't have a strong --

10:16:13  18        THE COURT:  Okay.  What about the second clause of

10:16:16  19   the first paragraph about secrecy?

10:16:27  20        MS. ANDRUSAK:  The Government has no objection to

10:16:28  21   removing that, Your Honor.

10:16:29  22        THE COURT:  Mr. Babbit, do you have anything you

10:16:31  23   want to add to this conversation?

10:16:32  24        MR. BABBIT:  Probably not, but let me just

10:16:35  25   clarify.  I took it that there seems to be no -- I think

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 57 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          57

10:16:43   1   removing the last sentence of the second paragraph is

10:16:49   2   agreeable.

10:16:50   3        THE COURT:  No, we've not talked about that at

10:16:53   4   all.  We talked about the third-from-the-last sentence,

10:16:59   5   "Proof concerning the accomplishments . . . may be

10:17:00   6   considered as evidence."

10:17:02   7        MR. BABBIT:  All right.  So I don't know.  My

10:17:06   8   hearing must be really bad.  So with regard to that

10:17:14   9   sentence --

10:17:16   10        THE COURT:  Which one is "that sentence"?

10:17:17   11        MR. BABBIT:  So "The offense of conspiracy is

10:17:19   12   complete when the unlawful agreement is made.  It is not

10:17:22   13   necessary for the government to prove that the

10:17:26   14   conspirators actually succeeded in accomplishing their

10:17:29   15   unlawful plan," I guess I think that, as a whole, is

10:17:33   16   simply a misstatement of the law.

10:17:35   17        THE COURT:  Why?

10:17:39   18        MR. BABBIT:  Because the Government has to prove

10:17:45   19   some sort of action here, and that is made clear by the

10:17:50   20   previous instruction which defines conspiracy.  That's

10:17:55   21   really the last two paragraphs.  "You are also required

10:17:59   22   to find that interdependence existed among the members of

10:18:03   23   the conspiracy.  That means that the members intended to

10:18:04   24   act for the shared mutual benefit.  To satisfy this

10:18:08   25   element, you must conclude that the defendant

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 58 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028        58

10:18:11  1  participated in a shared criminal purpose and that his

10:18:14  2  actions constituted an essential and integral step toward

10:18:18  3  the realization of that purpose."

10:18:20  4      THE COURT:  But all of that word, by the use of

10:18:22  5  the word "intent," by the use of the word "step towards a

10:18:27  6  purpose," by the use of the words -- and I mentioned

10:18:32  7  "intended" -- "a shared criminal purpose," none of those

10:18:37  8  infer that they had to have achieved what they did.

10:18:40  9      MR. BABBIT:  I agree with that.  I agree that

10:18:42  10  achievement isn't --

10:18:44  11      THE COURT:  And that's what this last sentence

10:18:46  12  says.

10:18:46  13      MR. BABBIT:  Well --

10:18:46  14      THE COURT:  "[I]sn't necessary to prove that they

10:18:48  15  accomplished their plan."

10:18:50  16      MR. BABBIT:  Okay.  So I see two -- you know,

10:18:52  17  achievement is -- what is achievement?  When I think of

10:18:56  18  achievement, I mean, "Okay, we actually delivered the

10:19:01  19  drugs, and we -- to an individual," versus "We had the

10:19:10  20  drugs ready to go, we had them in the car, but the person

10:19:13  21  didn't show up."  Well, they didn't achieve their goal,

10:19:16  22  which was to sell the drugs, but they took action to --

10:19:21  23  they took actions to further the conspiracy.

10:19:25  24      THE COURT:  And that's addressed in the first

10:19:27  25  sentence of the second paragraph, "In determining whether

10:19:31  1   the conspiracy . . . existed, you should consider the

10:19:34  2   actions and declarations of the co-conspirators."

10:19:38  3       MR. BABBIT:  I understand that.  But the

10:19:40  4   statement, in my view, "The offense of conspiracy is

10:19:43  5   complete when the unlawful agreement is made" is

10:19:46  6   inaccurate.

10:19:47  7       To me, that -- there's a significant risk that the

10:19:51  8   jury as soon as it hears a phone call and the phone call

10:19:54  9   says, "Hey, they think it means 'Here's 45 grand, here's

10:20:05  10  the money'" and they believe it's a conversation that

10:20:09  11  "We're going to exchange -- we're going to do this

10:20:11  12  exchange" or whatever the case may be, it's my belief

10:20:16  13  that if they choose to that take that as true, then this

10:20:21  14  allows them to find that a conspiracy existed just based

10:20:26  15  on that.

10:20:26  16      And that simply, in my view, on behalf of

10:20:29  17  Mr. Vontress, is not accurate.  There has to be some --

10:20:34  18  as the first instructions say, participation in it, he

10:20:40  19  has to take actions that constitute "an essential and

10:20:43  20  integral step."  The action of just saying something

10:20:48  21  isn't sufficient under the law to be found guilty --

10:20:51  22      THE COURT:  But that's what the first sentence of

10:20:53  23  the prior instruction says:  "A conspiracy is an

10:20:58  24  agreement to accomplish an unlawful act."  [As read.]

10:21:01  25      I think the statement you're objecting to is an

| | | |
|---|---|---|
| 10:21:04 | 1 | accurate statement of the law.  The conspiracy is |
| 10:21:06 | 2 | complete when the agreement is made.  That's the |
| 10:21:08 | 3 | definition of a conspiracy, is that it's an agreement. |
| 10:21:12 | 4 | Sometimes those conspiracies are not successful.  The |
| 10:21:16 | 5 | last huge conspiracy trial I had to bomb and blow up a |
| 10:21:23 | 6 | bunch of Somalis, fortunately they were not successful in |
| 10:21:28 | 7 | that, but they were found to have committed a conspiracy |
| 10:21:30 | 8 | to do that, even though that plan was never executed, |
| 10:21:33 | 9 | because they agreed to do it. |
| 10:21:35 | 10 |     And so that first sentence of the previous |
| 10:21:39 | 11 | paragraph -- I mean, the previous instruction, excuse me, |
| 10:21:41 | 12 | conspiracy is an agreement" is consistent with the |
| 10:21:43 | 13 | sentence you're discussing, the conspiracy offense "is |
| 10:21:46 | 14 | complete when the agreement is made."  I think that is |
| 10:21:51 | 15 | an accurate statement of the law. |
| 10:21:59 | 16 |     MR. BABBIT:  I guess the difficulty I have with |
| 10:22:01 | 17 | that, Judge, is this -- how that squares with the |
| 10:22:04 | 18 | requirement for interdependence.  And if you read the |
| 10:22:08 | 19 | notes following the Tenth Circuit's pattern instruction, |
| 10:22:11 | 20 | that kind of goes on and cites to cases that discuss that |
| 10:22:14 | 21 | issue, and all of them talk about some sort of action. |
| 10:22:18 | 22 | You know, "interdependence exists where each |
| 10:22:20 | 23 | co-conspirator's activities constitute essential and |
| 10:22:22 | 24 | integral steps toward the realization of a common illicit |
| 10:22:26 | 25 | goal."  And, you know, "Co-Conspirators' actions must |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 61 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                    61

10:22:33  1  facilitate the endeavors of the other members of the

10:22:36  2  charged conspiracy or facilitate the venture as a whole."

10:22:42  3       THE COURT:  So your objection really is more about

10:22:44  4  the word "complete" in that sentence.

10:22:46  5       MR. BABBIT:  That is correct.  Certainly it's

10:22:49  6  evidence but it's not complete.  In my view, Judge,

10:22:54  7  that's -- that's going too far.  And I don't think that

10:23:02  8  squares with what the last couple paragraphs of the

10:23:07  9  Conspiracy-Defined instruction lays out.  And I was just

10:23:32  10 reading from, again, the notes following the Tenth

10:23:36  11 Circuit's instruction.

10:24:23  12      I suppose my final summary to that, again, I agree

10:24:27  13 with Mr. Shultz that really this entire instruction's

10:24:31  14 unnecessary.  And the Tenth Circuit's instruction is

10:24:37  15 sufficient and lays out what its view is of what needs to

10:24:41  16 be proven in order to establish a conspiracy.

10:24:44  17      THE COURT:  And you're talking about the prior

10:24:46  18 instruction?

10:24:47  19      MR. BABBIT:  Yeah, right.  So if I had to frame my

10:24:50  20 instruction, and as best I can, it's (1) I don't think

10:24:53  21 it's necessary at all, and (2) while I certainly don't

10:24:58  22 necessarily disagree that a chunk of what's in that

10:25:01  23 instruction is accurate, the particular sentence that I'm

10:25:06  24 referring to is one which I strongly object to.

10:25:15  25      THE COURT:  All right.  First of all, I'm going to

10:25:18  1   strike the second clause of the first sentence which I

10:25:26  2   think Mr. Shultz objected to and which the Government did

10:25:29  3   not oppose.  I'm concerned that the use of the term

10:25:31  4   "secrecy" can be prejudicial.  It has kind of a sinister

10:25:36  5   sound to it, so I'm going to strike that second clause.

10:25:43  6        Secondly, as already noted -- well, let me -- I'm

10:25:50  7   also going to strike the second sentence of the second

10:25:55  8   paragraph, "Proof concerning the accomplishments . . .

10:25:57  9   may be considered evidence."

10:26:01  10       To the extent that that's true, and there is some

10:26:04  11  truth to it, I think that's covered in more general

10:26:08  12  instructions, but I think within the context of this

10:26:10  13  instruction, as I said, it seems to be contradictory to a

10:26:19  14  later statement.

10:26:20  15       The sentence that Mr. Babbit and I were just

10:26:23  16  discussing -- by the way, those two changes are ones to

10:26:30  17  which -- where Mr. Shultz objected but the Government did

10:26:34  18  not object to.

10:26:35  19       The next sentence that Mr. Babbit and I were

10:26:37  20  discussing -- do you know where this language came from,

10:26:51  21  Ms. Andrusak?

10:26:55  22       MS. ANDRUSAK:  The specific sentence, Your Honor?

10:26:57  23       THE COURT:  "The offense of conspiracy is complete

10:26:59  24  when the unlawful agreement is made."

10:27:02  25       MS. ANDRUSAK:  I don't, Your Honor.  I took this

| | | |
|---|---|---|
| 10:27:03 | 1 | from the instructions in both the Dr. Henson case and the |
| 10:27:08 | 2 | Ebube Otuonye Neighborhood Pharmacy case, but I don't |
| 10:27:14 | 3 | know where that specific sentence came from. |
| 10:27:19 | 4 | THE COURT:  Would it be more accurate to say that |
| 10:27:21 | 5 | "The offense of conspiracy consists of an unlawful |
| 10:27:25 | 6 | conspiracy agreement being made and acted upon"?  Then |
| 10:27:33 | 7 | the sentence following says they don't have to accomplish |
| 10:27:35 | 8 | their plan.  I understand Mr. Babbit's concern that, |
| 10:27:42 | 9 | although conspiracy's an agreement and not an execution, |
| 10:27:47 | 10 | the elements of the conspiracy do suggest a bit more is |
| 10:27:52 | 11 | required than merely agreeing. |
| 10:28:00 | 12 | MS. ANDRUSAK:  Can you say your proposed changes, |
| 10:28:03 | 13 | Your Honor? |
| 10:28:03 | 14 | THE COURT:  So the sentence I would have read "The |
| 10:28:06 | 15 | offense of conspiracy consists of an unlawful conspiracy |
| 10:28:13 | 16 | agreement."  Those are too many words. |
| 10:28:24 | 17 | I was initially going to change the word |
| 10:28:27 | 18 | "unlawful" to "conspiracy."  But I think for this |
| 10:28:30 | 19 | purpose I'm going to back to "The offense of conspiracy |
| 10:28:34 | 20 | consists of an unlawful agreement being made and acted |
| 10:28:36 | 21 | upon." |
| 10:28:55 | 22 | Is that a more accurate statement? |
| 10:29:08 | 23 | MS. ANDRUSAK:  The Government has no objection to |
| 10:29:09 | 24 | making that change, Your Honor. |
| 10:29:12 | 25 | THE COURT:  Defense? |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 64 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                    64

| | | |
|---|---|---|
| 10:29:27 | 1 | MR. SHULTZ:  I mean, I think -- I guess, as I |
| 10:29:29 | 2 | listened to Mr. Babbit argue, I think he probably argued |
| 10:29:31 | 3 | this better than I did, and I think because there's five |
| 10:29:35 | 4 | elements of the conspiracy, four of which were beyond an |
| 10:29:38 | 5 | agreement. |
| 10:29:38 | 6 | THE COURT:  And that's why I added "acted upon." |
| 10:29:41 | 7 | MR. SHULTZ:  Yeah, so -- |
| 10:29:43 | 8 | THE COURT:  And, again, the next sentence then |
| 10:29:45 | 9 | goes on to say they don't have to accomplish their plan, |
| 10:29:49 | 10 | but I think Mr. Babbit's point they have to do something |
| 10:29:51 | 11 | more than just agree was well-taken. |
| 10:29:53 | 12 | MR. SHULTZ:  Yeah.  I'll -- I guess if the Court |
| 10:29:57 | 13 | will permit me, I will adopt and defer to Mr. Babbit on |
| 10:30:02 | 14 | this, 'cause he raised the objection more effectively |
| 10:30:04 | 15 | than I did. |
| 10:30:05 | 16 | THE COURT:  All right. |
| 10:30:06 | 17 | MR. BABBIT:  Can you -- "offense of conspiracy" -- |
| 10:30:09 | 18 | can you just repeat that again for me, Judge? |
| 10:30:11 | 19 | THE COURT:  "The offense of conspiracy consists of |
| 10:30:13 | 20 | an unlawful agreement being made and acted upon." |
| 10:30:33 | 21 | MR. BABBIT:  I mean, I certainly think that's much |
| 10:30:36 | 22 | more in line with what is required.  I just -- I just -- |
| 10:30:48 | 23 | I just wonder if you make that broad statement but we've |
| 10:30:51 | 24 | already got the full definition of conspiracy or what a |
| 10:30:55 | 25 | conspiracy is in the prior two pages.  So ultimately if |

| | | |
|---|---|---|
| 10:31:03 | 1 | that statement were in there, would I necessarily have an |
| 10:31:07 | 2 | objection?  I don't know that I would.  But, again, |
| 10:31:14 | 3 | you've already told the jury what the conspiracy is |
| 10:31:17 | 4 | defined in the two pages previously. |
| 10:31:18 | 5 | THE COURT:  So perhaps we should just strike that |
| 10:31:20 | 6 | sentence entirely and go from "In determining whether a |
| 10:31:26 | 7 | conspiracy . . . existed you should consider the actions |
| 10:31:28 | 8 | and declarations of the conspirators, together with |
| 10:31:32 | 9 | reasonable inferences to be drawn from the evidence.  It |
| 10:31:34 | 10 | is not necessary for the government to prove the |
| 10:31:38 | 11 | conspirators actually succeeded in accomplishing their |
| 10:31:41 | 12 | plan."  [As read.] |
| 10:31:45 | 13 | MR. BABBIT:  Were you reading from the previous |
| 10:31:46 | 14 | one? |
| 10:31:46 | 15 | THE COURT:  I was reading from this current |
| 10:31:48 | 16 | instruction that we're talking about, striking the middle |
| 10:31:51 | 17 | two sentences of that paragraph and just going with the |
| 10:31:54 | 18 | first and the last sentence.  The third sentence -- the |
| 10:31:57 | 19 | second sentence I've already struck.  The third sentence |
| 10:31:59 | 20 | is the one we're discussing.  I understand you're |
| 10:32:04 | 21 | concerned about redefining conspiracy when we've already |
| 10:32:06 | 22 | set out the elements. |
| 10:32:18 | 23 | MR. BABBIT:  I don't have any objection to any of |
| 10:32:20 | 24 | the -- any of the sentences you just described, Judge. |
| 10:32:23 | 25 | THE COURT:  Why don't we, with respect to the |

| | | |
|---|---|---|
| 10:32:25 | 1 | second paragraph, just retain the first and the last |
| 10:32:28 | 2 | sentence. |
| 10:32:29 | 3 | Ms. Andrusak, what do you think of that? |
| 10:32:31 | 4 | MS. ANDRUSAK:  That's fine with the Government, |
| 10:32:32 | 5 | Your Honor. |
| 10:32:32 | 6 | THE COURT:  All right. |
| 10:32:50 | 7 | So, to summarize, in this instruction, as |
| 10:32:56 | 8 | presented, I'm striking the second clause of the first |
| 10:32:59 | 9 | sentence, the one that says "a conspiracy is |
| 10:33:02 | 10 | characterized by secrecy."  And I'm striking, in the |
| 10:33:08 | 11 | second paragraph, the second sentence, "Proof concerning |
| 10:33:11 | 12 | the accomplishments . . . may be considered as evidence," |
| 10:33:14 | 13 | as well as the following sentence, "The offense of |
| 10:33:15 | 14 | conspiracy is complete when the agreement is made," so |
| 10:33:18 | 15 | that I only keep the first and the last sentence of the |
| 10:33:22 | 16 | second paragraph. |
| 10:33:25 | 17 | Are there any other objections to this |
| 10:33:30 | 18 | instruction?  To the extent that other objections have |
| 10:33:33 | 19 | previously been made and not adopted, they're overruled, |
| 10:33:37 | 20 | I don't know what those would be, but are there any other |
| 10:33:40 | 21 | objections to this? |
| 10:33:40 | 22 | MS. ANDRUSAK:  No, Your Honor. |
| 10:33:41 | 23 | MR. SHULTZ:  No, Your Honor. |
| 10:33:42 | 24 | MR. BABBIT:  No, Your Honor. |
| 10:33:43 | 25 | THE COURT:  Next element -- I mean, sorry, next |

| | | |
|---|---|---|
| 10:33:48 | 1 | instruction is Co-Conspirator Statements.  Any |
| 10:33:55 | 2 | objections? |
| 10:33:55 | 3 | MS. ANDRUSAK:  No, Your Honor. |
| 10:33:57 | 4 | MR. SHULTZ:  Your Honor, I would raise generally |
| 10:33:59 | 5 | the same objection that the Court's basically already |
| 10:34:03 | 6 | overruled on the other one in terms of this goes beyond |
| 10:34:06 | 7 | what I think the pattern instruction says. |
| 10:34:08 | 8 | As far as specific language, the such -- the |
| 10:34:18 | 9 | last -- so mine is over three pages with one page gap in |
| 10:34:24 | 10 | between, Your Honor. |
| 10:34:24 | 11 | THE COURT:  Apologize for that. |
| 10:34:25 | 12 | MR. SHULTZ:  That's okay. |
| 10:34:26 | 13 | THE COURT:  There are four paragraphs in this |
| 10:34:28 | 14 | instruction. |
| 10:34:28 | 15 | MR. SHULTZ:  Okay.  So I'm on the third paragraph |
| 10:34:30 | 16 | that begins "You are further instructed." |
| 10:34:32 | 17 | THE COURT:  All right. |
| 10:34:32 | 18 | MR. SHULTZ:  The line -- the third sentence "Such |
| 10:34:39 | 19 | person joining an existing conspiracy is held responsible |
| 10:34:42 | 20 | for all that has been done before," as well as the last |
| 10:34:49 | 21 | line, those strike me as, I think, it has -- that the -- |
| 10:34:53 | 22 | they kind of flow against the element of knowingly and |
| 10:34:57 | 23 | voluntarily, and then the "joined or knew the purposes of |
| 10:35:00 | 24 | the conspiracy," and then also in the quantities |
| 10:35:03 | 25 | instructions that they're held responsible for what is |

| | | |
|---|---|---|
| 10:35:09 | 1 | reasonably foreseeable to them or they do themselves. |
| 10:35:11 | 2 | These two sentences seem to say, even if they had no idea |
| 10:35:16 | 3 | that conspiracy member X was doing A, B, C, they're still |
| 10:35:20 | 4 | responsible.  And I think it's conspiracy member X doing |
| 10:35:23 | 5 | A, B, C and A, B, C was reasonably foreseeable to him or |
| 10:35:27 | 6 | he knew it was going on and assented to it. |
| 10:35:43 | 7 |         THE COURT:  Ms. Andrusak? |
| 10:35:47 | 8 |         MS. ANDRUSAK:  Again, Your Honor, this instruction |
| 10:35:49 | 9 | the Government included because it was included in both |
| 10:35:52 | 10 | the Henderson [sic] and Neighborhood Pharmacy case, which |
| 10:35:58 | 11 | both had some extensive co-conspirator statements that |
| 10:36:01 | 12 | were involved. |
| 10:36:02 | 13 |         As for Mr. Shultz's objection to the last two |
| 10:36:08 | 14 | sentences of the -- |
| 10:36:10 | 15 |         THE COURT:  Third paragraph. |
| 10:36:11 | 16 |         MS. ANDRUSAK:  -- third paragraph -- |
| 10:36:11 | 17 |         (Whereupon, a sotto voce discussion was had |
| 10:36:23 | 18 | between Ms. Andrusak and Mr. Treaster.) |
| 10:36:26 | 19 |         MS. ANDRUSAK:  The Government has no objection to |
| 10:36:29 | 20 | striking those sentences. |
| 10:36:53 | 21 |         THE COURT:  All right.  I don't think they're |
| 10:36:56 | 22 | necessarily an inaccurate statement of the law, but I |
| 10:36:59 | 23 | understand Mr. Shultz's concern.  And without objection |
| 10:37:01 | 24 | from the Government, I'm going to strike those last two |
| 10:37:03 | 25 | sentences of the third paragraph, which will only leave |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 69 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          69

10:37:07  1    one sentence in that third paragraph.  Actually, there

10:37:14  2    are three sentences there.  So I'm not striking the

10:37:20  3    second sentence.  I'm just striking the sentence

10:37:24  4    beginning "Such person joining an existing conspiracy."

10:37:51  5         Any other objections to this instruction?

10:37:55  6         MR. BABBIT:  I'm not sure.  Is the first sentence

10:38:06  7    really any different than the last two?  It seems to

10:38:17  8    me --

10:38:17  9         THE COURT:  Are we talking the whole instruction

10:38:19  10   or the third paragraph?

10:38:21  11        MR. BABBIT:  Third paragraph.  My concern, Your

10:38:29  12   Honor, is I'm not sure what the purpose of that statement

10:38:35  13   is for helping the jury review the evidence in this case.

10:38:42  14   My concern is that I don't -- I don't know that that's

10:38:47  15   accurate.  It doesn't seem accurate to me that the

10:38:50  16   general statement that when you join an existing

10:38:54  17   conspiracy you are held responsible for everything that's

10:38:57  18   happened before, just that broad statement.

10:38:59  19        THE COURT:  I think that's generally an accurate

10:39:01  20   statement.

10:39:01  21        MR. BABBIT:  We got a "reasonably foreseeable"

10:39:04  22   component, at least to the drug quantity issues, and

10:39:07  23   that -- how can you be -- how can anything be reasonably

10:39:11  24   foreseeable that's happened -- well, I can envision a

10:39:14  25   scenario, but certainly it's very possible and even

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 70 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

70

10:39:18   1   likely, that things that had happened before in a

10:39:21   2   conspiracy, it wouldn't be reasonably foreseeable to

10:39:23   3   someone.

10:39:24   4        THE COURT:  The problem is that's an accurate

10:39:25   5   statement, I think, of the conspiracy law in general, but

10:39:29   6   you're raising difficulties that gives rise to in a drug

10:39:34   7   conspiracy where a significant part of what is going to

10:39:38   8   happen is that that individual defendants are going to be

10:39:41   9   assigned responsibility for drug quantities as the

10:39:45  10   verdict form sets out, so I think you raise a good point.

10:39:53  11        Do you want to defend that statement,

10:39:56  12   Ms. Andrusak?

10:39:58  13        MS. ANDRUSAK:  Only simply, Your Honor, the

10:40:00  14   Government cited a number of cases and that this

10:40:03  15   instruction was also included in the *United States v.*

10:40:09  16   *Ebube Otuonye* in its entirety.

10:40:13  17        THE COURT:  But the facts of those conspiracies

10:40:16  18   were different.  I mean, ironically, they involved drugs,

10:40:19  19   but in that case pharmaceutical drugs, and it was not a

10:40:26  20   critical part of those conspiracy charges to assign

10:40:29  21   responsibility for quantities the way it is in this case.

10:40:32  22        MS. ANDRUSAK:  I understand that, Your Honor, but

10:40:34  23   not every conspiracy in this case assigns quantities, and

10:40:37  24   there are also additional actions that are a part of the

10:40:40  25   conspiracy that aren't necessarily specifically tied to

Case 6:20-cr-10028-EFM   Document 926   Filed 08/10/22   Page 71 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

71

10:40:45   1   the quantity of the narcotic.

10:40:47   2          THE COURT:  What conspiracies in this case do not

10:40:50   3   assign quantities?

10:40:51   4          MS. ANDRUSAK:  The cocaine conspiracy and the

10:40:55   5   crack cocaine conspiracy, Your Honor.  Originally the

10:40:58   6   Government charged a statutory amount against

10:41:03   7   Mr. Vontress, but as test results came back, that is not

10:41:07   8   something the Government will be able to prove, so that

10:41:09   9   is no longer an element of the cocaine conspiracy, and

10:41:12  10   there was no -- for either of the defendants left -- a

10:41:15  11   specific amount for the -- 'cause we're talking about the

10:41:25  12   drug quantities.

10:41:28  13          THE COURT:  So I think on this instruction, given

10:41:33  14   the facts of this case, I'm dissatisfied with the last

10:41:37  15   two paragraphs of this instruction.  I think that they

10:41:45  16   may be more unduly prejudicial.  Given that admittedly

10:41:48  17   not all but significant parts of the conspiracies involve

10:41:53  18   drug assignments, the last paragraph, while true, I think

10:41:59  19   was addressed in the prior instruction.  I don't think it

10:42:01  20   needs to be repeated here.  I'm inclined to strike the

10:42:06  21   last two paragraphs of this proposed instruction.

10:42:17  22          Is there any objection to that?

10:42:24  23          MS. ANDRUSAK:  No, Your Honor.

10:42:26  24          MR. SHULTZ:  No, Your Honor.

10:42:26  25          MR. BABBIT:  No, Your Honor.

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 72 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                72

| | | |
|---|---|---|
| 10:42:27 | 1 | THE COURT:  Any other objections to this |
| 10:42:29 | 2 | instruction?  Counsel, any other objections? |
| 10:42:39 | 3 | MR. SHULTZ:  No, Your Honor, for me. |
| 10:42:43 | 4 | MR. BABBIT:  No, Your Honor. |
| 10:42:45 | 5 | MS. ANDRUSAK:  No, Your Honor. |
| 10:42:48 | 6 | THE COURT:  The next instruction, Unanimity of |
| 10:42:51 | 7 | Theory. |
| 10:42:56 | 8 | MS. ANDRUSAK:  No objection, Your Honor. |
| 10:42:57 | 9 | MR. SHULTZ:  No objection. |
| 10:43:04 | 10 | MR. BABBIT:  Is that page 30? |
| 10:43:05 | 11 | THE COURT:  Well, it's my page 30.  I'm |
| 10:43:07 | 12 | concerned -- |
| 10:43:08 | 13 | MR. SHULTZ:  31 on ours. |
| 10:43:09 | 14 | THE COURT:  -- that because of the corrupted |
| 10:43:11 | 15 | documents you received -- the title is Unanimity of |
| 10:43:13 | 16 | Theory.  It's the instruction that follows the one we |
| 10:43:15 | 17 | were just discussing, and precedes a Controlled |
| 10:43:19 | 18 | Substance-Premises. |
| 10:43:19 | 19 | (Whereupon, a sotto voce discussion was had |
| 10:43:22 | 20 | between Mr. Babbit and Mr. Shultz.) |
| 10:43:29 | 21 | MR. SHULTZ:  That's the paragraph that was struck. |
| 10:43:31 | 22 | MR. BABBIT:  Oh. |
| 10:43:32 | 23 | MR. SHULTZ:  So the next page is where we're at. |
| 10:43:35 | 24 | MR. BABBIT:  Okay.  I had a page which was |
| 10:43:40 | 25 | separated by a blank one and I didn't notice it until |

Case 6:20-cr-10028-EFM   Document 926   Filed 08/10/22   Page 73 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                73

| | | |
|---|---|---|
| 10:43:43 | 1 | just -- |
| 10:43:43 | 2 | THE COURT:  I apologize that I sent you this |
| 10:43:45 | 3 | document before discovering that it was -- paginations |
| 10:43:48 | 4 | were corrupted. |
| 10:43:50 | 5 | MR. BABBIT:  Okay, I'm on board, and I have no |
| 10:43:52 | 6 | objection. |
| 10:43:54 | 7 | THE COURT:  The next instruction is Controlled |
| 10:43:56 | 8 | Substances-Maintaining Drug Involved Premises.  This one |
| 10:44:00 | 9 | involves the premises indicated in the fourth paragraph |
| 10:44:04 | 10 | at North Somerset Avenue. |
| 10:44:08 | 11 | MS. ANDRUSAK:  No objection. |
| 10:44:10 | 12 | MR. SHULTZ:  No, Your Honor, the only objection, |
| 10:44:14 | 13 | on the second paragraph, it does say will "make available |
| 10:44:19 | 14 | for use any" -- "for use anyplace for the purpose." |
| 10:44:22 | 15 | Probably should have "of storing" in there. |
| 10:44:25 | 16 | THE COURT:  Okay. |
| 10:44:26 | 17 | MR. SHULTZ:  And then my -- I would object also to |
| 10:44:29 | 18 | the last line -- I'm sorry.  Oh, to the last line on the |
| 10:44:37 | 19 | page, "Living at the residence constitutes a substantial |
| 10:44:41 | 20 | connection" as I think a jury can make those conclusions |
| 10:44:45 | 21 | on the other instructions, say based on their inferences |
| 10:44:49 | 22 | and the evidence.  It feels like this kind of removes a |
| 10:44:54 | 23 | fact question from the jury. |
| 10:44:56 | 24 | THE COURT:  Did the defendant live at Somerset? |
| 10:44:57 | 25 | MR. SHULTZ:  What? |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 74 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                74

| | | |
|---|---|---|
| 10:44:58 | 1 | THE COURT:  Did Mr. Lewis live at the Somerset |
| 10:45:00 | 2 | address? |
| 10:45:00 | 3 | MR. SHULTZ:  I think there will be -- I anticipate |
| 10:45:02 | 4 | some evidence that he stayed there some portion of the |
| 10:45:06 | 5 | time.  Whether he lived there or not, I don't know. |
| 10:45:08 | 6 | THE COURT:  And of course the next paragraph goes |
| 10:45:10 | 7 | on to say if he "does not reside at the residence." |
| 10:45:19 | 8 | Doesn't, Ms. Andrusak, that statement that if he |
| 10:45:21 | 9 | "does not reside at the residence the government must |
| 10:45:24 | 10 | prove" infer that if he does reside at the residence, |
| 10:45:29 | 11 | then the government may not have to prove all that stuff? |
| 10:45:34 | 12 | MS. ANDRUSAK:  That's our understanding, Your |
| 10:45:36 | 13 | Honor, based on the comments on the pattern jury |
| 10:45:42 | 14 | instruction, which is why we included it. |
| 10:45:44 | 15 | THE COURT:  So your objection to "living at the |
| 10:45:47 | 16 | residence constitutes a substantial connection," should |
| 10:45:53 | 17 | we say, "Living at the residence may be sufficient to |
| 10:46:00 | 18 | constitute a sufficient connection"? |
| 10:46:02 | 19 | MR. SHULTZ:  I would just take it out because I |
| 10:46:04 | 20 | think a jury -- 'cause I think the "defendant must have a |
| 10:46:07 | 21 | substantial connection," "must be more than a casual |
| 10:46:10 | 22 | visitor," assume there's evidence presented that he |
| 10:46:14 | 23 | stayed there at some point, they want to decide, "Oh, |
| 10:46:18 | 24 | yeah, he lived there," they can make inferences that |
| 10:46:20 | 25 | that's enough.  This feels like it kind of puts the -- a |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 75 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028

75

10:46:27   1   little bit of authority behind the conclusion that living

10:46:29   2   there is this, and I think the instructions otherwise

10:46:33   3   take care of it and a jury can make that inference.

10:46:38   4        So when read in conjunction without that line it's

10:46:41   5   like they have to prove there's more than a

10:46:44   6   substantial -- they must prove that he has a substantial

10:46:47   7   connection, must be more than a casual visitor to

10:46:50   8   knowingly maintain.  Then if you went "If a defendant

10:46:53   9   does not reside at a residence, then they must control."

10:46:57   10  And so I guess adding in "living there" -- yeah, I mean,

10:47:11   11  it feels like it's unnecessary with the risk of kind of

10:47:17   12  adding a fact or finding a fact, basically.

10:47:22   13        THE COURT:  Ms. Andrusak?

10:47:23   14        MS. ANDRUSAK:  Just one second, Your Honor.

10:48:27   15        (Brief pause.)

10:48:28   16        MS. ANDRUSAK:  Your Honor, the Government is fine

10:48:29   17  with taking out that sentence at this point.

10:48:31   18        THE COURT:  All right.  We'll remove that

10:48:33   19  sentence.  Any other objections to this instruction?

10:48:39   20  Mr. Shultz?

10:48:40   21        MR. SHULTZ:  No, Your Honor.

10:48:41   22        THE COURT:  Mr. Babbit, this instruction doesn't

10:48:43   23  involve your client, but do you have any objection to it?

10:48:47   24        MR. BABBIT:  I do, 'cause there's one with regard

10:48:50   25  to my client.

| | | |
|---|---|---|
| 10:48:51 | 1 | THE COURT:  Do you want to -- |
| 10:48:52 | 2 | MR. BABBIT:  We can talk about it now for sure. |
| 10:48:54 | 3 | THE COURT:  Well, why don't we take it up.  We |
| 10:48:56 | 4 | probably want these to be consistent. |
| 10:48:59 | 5 | MR. BABBIT:  So I simply, in the proposed -- in |
| 10:49:02 | 6 | the instruction I presented, I asked that in addition to |
| 10:49:09 | 7 | the standard instruction, Tenth Circuit instruction, that |
| 10:49:15 | 8 | a definition of purpose be given.  And in the set I |
| 10:49:28 | 9 | presented, I simply laid out "For the purpose of" and I |
| 10:49:32 | 10 | know in my -- I said, "For the purpose of distributing |
| 10:49:37 | 11 | cocaine and heroin means the distribution must be at |
| 10:49:40 | 12 | least one of the primary purposes or principal uses to |
| 10:49:43 | 13 | which the house is put.  The distribution must be more |
| 10:49:47 | 14 | than a mere collateral purpose." |
| 10:49:51 | 15 | And then I cited to a Tenth Circuit case.  And |
| 10:49:55 | 16 | there are multiple.  I mean, that's a clear -- I mean, |
| 10:49:58 | 17 | any Tenth Circuit case you look at defining what purpose |
| 10:50:02 | 18 | "for the purpose of" means, it gives that definition in |
| 10:50:08 | 19 | one way, shape or form.  I'm just asking that that be |
| 10:50:11 | 20 | added. |
| 10:50:11 | 21 | THE COURT:  Let me ask you, do we have any |
| 10:50:12 | 22 | evidence that there were other principal or primary |
| 10:50:16 | 23 | purposes of this residence and that the distribution was |
| 10:50:19 | 24 | merely collateral to what was typically going on there? |
| 10:50:22 | 25 | MR. BABBIT:  So in my client's case, my client |

| | | |
|---|---|---|
| 10:50:25 | 1 | lived there. |
| 10:50:26 | 2 | THE COURT:  I'm sorry? |
| 10:50:26 | 3 | MR. BABBIT:  In my client's case, that was his |
| 10:50:28 | 4 | residence. |
| 10:50:29 | 5 | THE COURT:  Well, and Mr. Lewis apparently stayed |
| 10:50:31 | 6 | there some as well. |
| 10:50:32 | 7 | MR. BABBIT:  Oh, so maybe we're mis -- mis -- |
| 10:50:35 | 8 | ships passing in the night here.  My client -- |
| 10:50:39 | 9 | THE COURT:  Right.  I understand we're talking |
| 10:50:40 | 10 | about different houses and locations. |
| 10:50:42 | 11 | MR. BABBIT:  Right, right.  So it certainly |
| 10:50:50 | 12 | seems -- it seems to me that a jury ought to know that -- |
| 10:50:55 | 13 | ought to have the right to consider or be told explicitly |
| 10:51:00 | 14 | that -- |
| 10:51:00 | 15 | THE COURT:  What were the facts of the *Verners* |
| 10:51:04 | 16 | case? |
| 10:51:04 | 17 | MR. BABBIT:  I don't recall, Judge.  But that |
| 10:51:11 | 18 | language is in -- |
| 10:51:12 | 19 | THE COURT:  Well, it may have been there, but |
| 10:51:13 | 20 | depending on the facts it may be arising in a completely |
| 10:51:16 | 21 | different context than we have. |
| 10:51:32 | 22 | MR. BABBIT:  You know, it may end up that -- most |
| 10:51:34 | 23 | of the cases in those may end up being -- I don't know, |
| 10:51:37 | 24 | but I'm fairly certain that anytime you're going to have |
| 10:51:42 | 25 | someone who lives at a location, there's obviously one |

| | | |
|---|---|---|
| 10:51:46 | 1 | major purpose of that, is that you're living there and |
| 10:51:50 | 2 | raising your family.  Then certainly the jury has to |
| 10:51:54 | 3 | consider then if maintaining the house for the |
| 10:51:58 | 4 | distribution of drugs is also a primary purpose.  And |
| 10:52:09 | 5 | just defining what purpose means seems important, and |
| 10:52:15 | 6 | certainly -- |
| 10:52:15 | 7 | THE COURT:  Well, I'm concerned about this.  I |
| 10:52:19 | 8 | remember looking at this language.  I'm concerned about |
| 10:52:22 | 9 | this language because the law -- the instruction states |
| 10:52:29 | 10 | that it's "for the purpose of."  I don't know that -- |
| 10:52:37 | 11 | again, I'm not familiar with this case.  I don't know |
| 10:52:40 | 12 | what the issues in dispute in the *Verners* case was, but |
| 10:52:44 | 13 | I'm not sure that saying that's a collateral purpose and |
| 10:52:49 | 14 | that if he was primarily living there, then this doesn't |
| 10:52:51 | 15 | qualify the house as making this place available. |
| 10:53:02 | 16 | I'm skeptical that that, at least on the facts of |
| 10:53:05 | 17 | our case, is an accurate statement of the law. |
| 10:53:20 | 18 | MR. BABBIT:  I think it conceivable, Judge, that |
| 10:53:22 | 19 | if, for instance, a jury didn't believe the Government's |
| 10:53:25 | 20 | evidence on the broad conspiracy charge -- |
| 10:53:27 | 21 | THE COURT:  Well, then they wouldn't get this far |
| 10:53:30 | 22 | anyway probably, so . . . |
| 10:53:32 | 23 | MR. BABBIT:  Well, I still have a |
| 10:53:33 | 24 | substantive -- -- |
| 10:53:34 | 25 | THE COURT:  Right, I understand. |

| | |
|---|---|
| 10:53:34 | 1 |
| 10:53:37 | 2 |
| 10:53:40 | 3 |
| 10:53:43 | 4 |
| 10:53:47 | 5 |
| 10:53:52 | 6 |
| 10:53:53 | 7 |
| 10:53:54 | 8 |
| 10:53:57 | 9 |
| 10:54:04 | 10 |

10:53:34  1        MR. BABBIT:  -- substantive count sitting there,

10:53:37  2   and it certainly seems possible that a jury could think,

10:53:40  3   "Well, if that's a one-time deal, that's not a primary

10:53:43  4   use, it's not a primary purpose."

10:53:47  5        THE COURT:  So the instruction says "for the

10:53:52  6   purpose of."

10:53:53  7        MR. BABBIT:  Correct.

10:53:54  8        THE COURT:  And on the one hand I don't know that

10:53:57  9   the law requires it to be "a principal purpose of."  And

10:54:04  10  you actually suggest "a primary or principal purpose."

10:54:06  11       MR. BABBIT:  "Primary or," yes.

10:54:07  12       THE COURT:  But, on the other hand, I think if the

10:54:11  13  facts were that it was only a minor incidental activity,

10:54:18  14  then the jury could be convinced that it was not the

10:54:21  15  purpose of the house.  But I'm really concerned about

10:54:23  16  adding the qualifiers of "primary or principal purpose."

10:54:26  17  I'm not sure the law requires that it go that far.

10:54:31  18       Again, not -- I mean, that's why I asked what the

10:54:34  19  facts of this case were about because it may have been a

10:54:36  20  completely different factual context.

10:54:38  21       MR. BABBIT:  Right.  And I apologize, I can't come

10:54:41  22  up with that.  I'm happy to -- we'll take a break at some

10:54:45  23  point.  I'm happy to try to track that down.  I'm fairly

10:54:48  24  confident, Judge, that this issue's been argued in facts

10:54:58  25  similar to this one; in other words, you have someone

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 80 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

80

| | | |
|---|---|---|
| 10:55:01 | 1 | where it's pretty obvious the person lives there, and the |
| 10:55:04 | 2 | question then is is the associated alleged distribution |
| 10:55:08 | 3 | apply -- |
| 10:55:09 | 4 | THE COURT: Well, that may be the case, but I |
| 10:55:10 | 5 | think that's a difference, Mr. Babbit, between living |
| 10:55:12 | 6 | there and occasionally -- I'm going to make facts up, of |
| 10:55:18 | 7 | course -- and occasionally selling user quantities out |
| 10:55:20 | 8 | the back door and living there and actually using that to |
| 10:55:26 | 9 | maintain some form of a DTO that had an ongoing |
| 10:55:32 | 10 | receipt-and-distribution role. |
| 10:55:33 | 11 | MR. BABBIT: Right. And if the jury believes that |
| 10:55:36 | 12 | allegation, then it's going to be "a primary or principal |
| 10:55:40 | 13 | purpose" issue. |
| 10:55:40 | 14 | THE COURT: Well, this "primary or principal |
| 10:55:43 | 15 | purpose" tends to suggest -- that language tends to |
| 10:55:46 | 16 | suggest that there's just one primary or principal |
| 10:55:50 | 17 | purpose, and they have to choose: well, was the primary |
| 10:55:55 | 18 | purpose that he lived there or was the primary purpose |
| 10:55:59 | 19 | that he engaged in DTO activities. And I think that's an |
| 10:56:01 | 20 | inaccurate statement of the law to say they have to pick |
| 10:56:06 | 21 | one. |
| 10:56:06 | 22 | MR. BABBIT: I think the language says "must be at |
| 10:56:09 | 23 | least one of the primary purposes." |
| 10:56:09 | 24 | THE COURT: It does say that. But, nevertheless, |
| 10:56:11 | 25 | the context or the phraseology "primary or principal |

2-24-22  USA v. LEWIS, et al. No. 20-10028                    81

```
10:56:15    1   purpose" still would tend to make the jury think, "Well,

10:56:18    2   there's one."  That's what concerns me.

10:56:21    3          MR. BABBIT:  Understood.

10:56:22    4          THE COURT:  Ms. Andrusak, do you have anything to

10:56:24    5   say on this?

10:56:24    6          MS. ANDRUSAK:  Only, Your Honor, that the

10:56:25    7   Government would object to the inclusion of that

10:56:27    8   language.  We agree with the Court's reasoning, and also

10:56:32    9   it's not a part of the pattern instruction.  There's no

10:56:34   10   requirement to define "purpose," and if that was

10:56:37   11   something the Tenth Circuit wanted, they would have put

10:56:39   12   it in.

10:56:40   13          THE COURT:  We'll note your objection, Mr. Babbit,

10:56:42   14   but I'm going to overrule it.  I think it would be error

10:56:43   15   to include that further restriction.

10:56:47   16          Is there anything else you want to discuss

10:56:49   17   regarding this instruction?

10:57:25   18          MR. BABBIT:  Can -- so I apologize for taking so

10:57:27   19   long to sit up here thinking.  My -- if -- for now I have

10:57:39   20   no objection.  I have a -- I would like a short

10:57:46   21   opportunity to leave a door open on this particular

10:57:49   22   instruction.

10:57:49   23          THE COURT:  All right.  We can discuss that after

10:57:51   24   the break.

10:57:52   25          MR. BABBIT:  That'd be fine.
```

| | |
|---|---|
| 10:57:53 | 1   THE COURT:  Because, obviously, I intend to read |
| 10:57:55 | 2  these to the jury Tuesday afternoon, we'll need to know |
| 10:57:58 | 3  before then, but we'll move on at this point. |
| 10:58:01 | 4   MR. BABBIT:  Thank you. |
| 10:58:01 | 5   THE COURT:  Any other objections to this |
| 10:58:03 | 6  instruction?  All right, I didn't think so. |
| 10:58:07 | 7   The next instruction Conspirator's Liability for |
| 10:58:10 | 8  Substantive Count, I know it's rather vague.  It says |
| 10:58:14 | 9  "Kevin Lewis or Otis Ponds."  It should say, |
| 10:58:16 | 10 "Mr. Vontress is charged in Count 2"; correct? |
| 10:58:18 | 11   MS. ANDRUSAK:  Your Honor, co-conspirator's |
| 10:58:21 | 12 liability relates back to Count 8, of which Mr. Vontress |
| 10:58:26 | 13 is not charged in, so it should just be Mr. Lewis now |
| 10:58:29 | 14 that Mr. Ponds is no longer a part of this. |
| 10:58:34 | 15   THE COURT:  All right.  So it should say |
| 10:58:36 | 16 "defendant," singular, "Kevin Lewis," and then the "or |
| 10:58:44 | 17 Otis Ponds" should also be stricken.  All right.  We'll |
| 10:58:57 | 18 make those changes. |
| 10:58:58 | 19   With that, any objections to this instruction? |
| 10:59:05 | 20   MS. ANDRUSAK:  No, Your Honor. |
| 10:59:07 | 21   MR. SHULTZ:  Your Honor, I would object.  This one |
| 10:59:10 | 22 strikes me as one that maybe was included when -- I think |
| 10:59:15 | 23 Mr. Ponds and Mr. Lewis were both charged with this |
| 10:59:18 | 24 count, and now it seems unnecessary because I don't think |
| 10:59:22 | 25 there will be any evidence -- again, this is one where I |

| | | |
|---|---|---|
| 10:59:29 | 1 | guess I'm predicting a little bit.  I don't know that |
| 10:59:31 | 2 | there would be any evidence of some other conspirator |
| 10:59:34 | 3 | maintaining the drug house. |
| 10:59:38 | 4 | THE COURT:  I think even though Mr. Ponds is no |
| 10:59:39 | 5 | longer a defendant in this case, the evidence still could |
| 10:59:42 | 6 | point to him more than Mr. Lewis.  But this instruction |
| 10:59:53 | 7 | would say Mr. Lewis would still be guilty of that count |
| 10:59:56 | 8 | under the foreseeable consequence of the conspiracy. |
| 11:00:05 | 9 | MR. SHULTZ:  Okay.  I may have been goofy about |
| 11:00:08 | 10 | the purpose of the instruction.  It is a pattern |
| 11:00:10 | 11 | instruction, so I'll reserve that objection but other |
| 11:00:15 | 12 | than that have no other objection. |
| 11:00:16 | 13 | THE COURT:  All right.  Again, your defendant's |
| 11:00:21 | 14 | not named in this instruction, Mr. Babbit.  Do you have |
| 11:00:23 | 15 | any -- |
| 11:00:24 | 16 | MR. BABBIT:  No. |
| 11:00:26 | 17 | THE COURT:  Next instruction, Controlled |
| 11:00:28 | 18 | Substances-Maintaining Drug Involved Premises, this is |
| 11:00:33 | 19 | Count 10 against Mr. Vontress for the North Holyoke |
| 11:00:38 | 20 | property. |
| 11:00:40 | 21 | MS. ANDRUSAK:  Your Honor, I think that if we're |
| 11:00:41 | 22 | taking out the "Living at the residence constitutes a |
| 11:00:44 | 23 | substantial connection" -- |
| 11:00:45 | 24 | THE COURT:  Right, we'll take that out here as |
| 11:00:47 | 25 | well.  I was just getting ready to flip back and look at |

| | | |
|---|---|---|
| 11:00:50 | 1 | my last one.  Again, we need to add the word "of" on the |
| 11:00:57 | 2 | fifth line, "purpose of storing."   I think those are the |
| 11:01:02 | 3 | two changes we made to the last one. |
| 11:01:06 | 4 | Are there any other objections to this |
| 11:01:11 | 5 | instruction? |
| 11:01:18 | 6 | MR. BABBIT:  None other than what we previously |
| 11:01:20 | 7 | covered. |
| 11:01:20 | 8 | THE COURT:  All right.  And so the objections made |
| 11:01:23 | 9 | to the prior drug involved premises instruction that I've |
| 11:01:26 | 10 | overruled will be incorporated as to this instruction as |
| 11:01:30 | 11 | well, but overruled. |
| 11:01:34 | 12 | The next instruction is Unlawful Use of a |
| 11:01:38 | 13 | Communications Facility.  And we have several of these |
| 11:01:42 | 14 | coming up. |
| 11:01:43 | 15 | MS. ANDRUSAK:  No objection. |
| 11:01:44 | 16 | MR. SHULTZ:  No objection. |
| 11:01:47 | 17 | MR. BABBIT:  No objection. |
| 11:01:50 | 18 | THE COURT:  All right.  That one was -- I'm sorry, |
| 11:01:52 | 19 | mine was page 36.  That was Count 12.  The next one is |
| 11:01:57 | 20 | unlawful use of a communications facility with respect to |
| 11:02:00 | 21 | Count 16. |
| 11:02:01 | 22 | MS. ANDRUSAK:  No objection. |
| 11:02:02 | 23 | MR. SHULTZ:  No objection. |
| 11:02:06 | 24 | MR. BABBIT:  No objection. |
| 11:02:06 | 25 | THE COURT:  The next one is unlawful use of a |

| | | |
|---|---|---|
| 11:02:08 | 1 | communications facility with respect to Count 17. |
| 11:02:12 | 2 | MS. ANDRUSAK:  No objection. |
| 11:02:16 | 3 | MR. SHULTZ:  No objection, other than I guess the |
| 11:02:19 | 4 | date is the same as Count 12 but I think this is a |
| 11:02:23 | 5 | different phone call or allegation.  I don't know if we |
| 11:02:27 | 6 | need to clarify that 'cause I think the indictment had, |
| 11:02:31 | 7 | like, sessions numbers. |
| 11:02:32 | 8 | THE COURT:  I think the indictment has times |
| 11:02:34 | 9 | probably more than session numbers. |
| 11:02:37 | 10 | Do you know off the top of your head? |
| 11:02:39 | 11 | MS. ANDRUSAK:  I think it had both, Your Honor. |
| 11:02:53 | 12 | THE COURT:  What counts were those, Mr. Shultz? |
| 11:02:55 | 13 | MR. SHULTZ:  Count 12 and Count 17. |
| 11:03:00 | 14 | THE COURT:  Count 12 is June 26th at 15:58:09. |
| 11:03:05 | 15 | And then the other one was Count 17? |
| 11:03:07 | 16 | MR. SHULTZ:  Yes. |
| 11:03:11 | 17 | THE COURT:  That's June 26 at 17:30.  So the |
| 11:03:15 | 18 | indictment itself lists different times -- |
| 11:03:17 | 19 | MR. SHULTZ:  Yes. |
| 11:03:19 | 20 | THE COURT:  -- and session numbers, although that |
| 11:03:20 | 21 | won't be meaningful to the jury. |
| 11:03:23 | 22 | Any other objection to the instruction regarding |
| 11:03:26 | 23 | Count 17? |
| 11:03:27 | 24 | MR. SHULTZ:  No, Your Honor. |
| 11:03:29 | 25 | THE COURT:  Next instruction Unlawful Use of a |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 86 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028        86

| | | |
|---|---|---|
| 11:03:32 | 1 | Communications Facility involving Count 21. |
| 11:03:34 | 2 | MS. ANDRUSAK:  No objection. |
| 11:03:37 | 3 | MR. BABBIT:  No objection. |
| 11:03:39 | 4 | MR. SHULTZ:  I don't have a dog in that fight. |
| 11:03:42 | 5 | THE COURT:  The next instruction, Unlawful Use of |
| 11:03:44 | 6 | a Communications Facility involving Count 22. |
| 11:03:47 | 7 | MR. BABBIT:  No objection. |
| 11:03:48 | 8 | MS. ANDRUSAK:  No objection. |
| 11:03:53 | 9 | MR. SHULTZ:  No objection. |
| 11:03:54 | 10 | THE COURT:  And then we have involving Count 23. |
| 11:04:00 | 11 | MS. ANDRUSAK:  No objection. |
| 11:04:04 | 12 | MR. SHULTZ:  Again, I don't have a -- it doesn't |
| 11:04:07 | 13 | concern Mr. Lewis. |
| 11:04:24 | 14 | MR. BABBIT:  No objection. |
| 11:04:26 | 15 | THE COURT:  The next instruction, Possession of a |
| 11:04:28 | 16 | Firearm in Furtherance of a Drug Trafficking Crime, Count |
| 11:04:34 | 17 | 51. |
| 11:04:34 | 18 | MS. ANDRUSAK:  No objection. |
| 11:04:35 | 19 | MR. SHULTZ:  That does not involve Mr. Lewis. |
| 11:04:38 | 20 | THE COURT:  All right. |
| 11:05:01 | 21 | MR. BABBIT:  I don't have an objection.  I guess |
| 11:05:02 | 22 | I'm a little uncertain why the aiding and abetting |
| 11:05:05 | 23 | language would be in this, but maybe the Government |
| 11:05:12 | 24 | seems -- |
| 11:05:13 | 25 | THE COURT:  I don't know the underlying facts of |

| | | |
|---|---|---|
| 11:05:14 | 1 | this charge. |
| 11:05:16 | 2 | MR. BABBIT:  It's -- I mean, certainly the |
| 11:05:17 | 3 | firearms were found in the residence. |
| 11:05:19 | 4 | THE COURT:  Why is there aiding and abetting |
| 11:05:20 | 5 | language? |
| 11:05:21 | 6 | MS. ANDRUSAK:  Because, Your Honor, in the |
| 11:05:23 | 7 | indictment it was charged with an additional aiding and |
| 11:05:27 | 8 | abetting, so when our appellate team looked over these, |
| 11:05:31 | 9 | they requested we include it since we did charge aiding |
| 11:05:35 | 10 | and abetting as part of Count 51. |
| 11:05:36 | 11 | THE COURT:  Is there any evidence of aiding and |
| 11:05:39 | 12 | abetting? |
| 11:05:48 | 13 | MS. ANDRUSAK:  No, Your Honor. |
| 11:05:49 | 14 | THE COURT:  As a trial lawyer don't you always |
| 11:05:52 | 15 | look for the opportunity to stick it to your fellow team? |
| 11:05:57 | 16 | MS. ANDRUSAK:  I make no comment. |
| 11:05:59 | 17 | THE COURT:  I think we'll take it -- there's not |
| 11:06:01 | 18 | going to be any evidence about aiding and abetting. |
| 11:06:03 | 19 | Let's take that out. |
| 11:06:08 | 20 | CLERK SCHMIDT:  Which part is that? |
| 11:06:10 | 21 | THE COURT:  So hang on, let me see.  So is that -- |
| 11:06:24 | 22 | MS. ANDRUSAK:  I think -- |
| 11:06:24 | 23 | THE COURT:  Is that two paragraphs or is that all |
| 11:06:27 | 24 | three of the remaining paragraphs? |
| 11:06:31 | 25 | MR. BABBIT:  That's all three. |

| | |
|---|---|
| 11:06:33 | 1 |  THE COURT:  I'm uncertain what the third paragraph |
| 11:06:36 | 2 | is included for. |
| 11:07:23 | 3 |  MS. ANDRUSAK:  Your Honor, this is a part of the |
| 11:07:25 | 4 | PIK instruction for the aiding and abetting. |
| 11:07:26 | 5 |  THE COURT:  So we'll take out all three of the |
| 11:07:30 | 6 | paragraphs following the numbers 1 through 8; is that |
| 11:07:33 | 7 | correct? |
| 11:07:33 | 8 |  MS. ANDRUSAK:  Yes, Your Honor. |
| 11:07:35 | 9 |  THE COURT:  Any other objections to this |
| 11:07:37 | 10 | instruction? |
| 11:07:38 | 11 |  MR. BABBIT:  No. |
| 11:07:43 | 12 |  THE COURT:  Well, that brings us then to the |
| 11:07:45 | 13 | Aiding and Abetting instruction.  But that has broader |
| 11:07:50 | 14 | applicability than the count we were just discussing; |
| 11:07:53 | 15 | correct? |
| 11:07:54 | 16 |  MS. ANDRUSAK:  Yes, Your Honor. |
| 11:07:55 | 17 |  THE COURT:  Any objections to this instruction? |
| 11:07:57 | 18 |  MS. ANDRUSAK:  No, Your Honor. |
| 11:08:00 | 19 |  MR. SHULTZ:  I think it's a misstatement of the |
| 11:08:03 | 20 | law, Your Honor.  I guess -- I don't even know if it's an |
| 11:08:06 | 21 | objection, but I would say -- I guess you'd aid and abet |
| 11:08:12 | 22 | conspiracy -- well, no, no objection, because it applies |
| 11:08:15 | 23 | to the those charges as well. |
| 11:08:16 | 24 |  MR. BABBIT:  I don't have any objection, Judge. |
| 11:08:22 | 25 |  THE COURT:  All right.  The next instruction is |

2-24-22  USA v. LEWIS, et al. No. 20-10028        89

| | | |
|---|---|---|
| 11:08:24 | 1 | Accomplice-Codefendant. |
| 11:08:25 | 2 | MS. ANDRUSAK: Your Honor, can we back up to the |
| 11:08:27 | 3 | aiding and abetting? There is a paragraph that we need |
| 11:08:29 | 4 | to strike now. |
| 11:08:30 | 5 | THE COURT: Okay. |
| 11:08:30 | 6 | MS. ANDRUSAK: The final paragraph refers back to |
| 11:08:33 | 7 | the aiding and abetting in the 924(c) instruction. |
| 11:08:35 | 8 | THE COURT: Oh, thank you, yes. We will strike |
| 11:08:38 | 9 | that last paragraph. Thank you, Ms. Andrusak. |
| 11:08:43 | 10 | All right, Accomplice-Codefendant-Plea Agreement. |
| 11:08:50 | 11 | MS. ANDRUSAK: No objection, Your Honor. |
| 11:08:52 | 12 | MR. SHULTZ: Your Honor, I would object -- and I |
| 11:08:57 | 13 | submitted proposed Jury Instruction No. 3. There's two |
| 11:09:03 | 14 | separate witnesses, Mr. Wells -- on the theory of -- I've |
| 11:09:09 | 15 | been calling him an "informant" is better served and that |
| 11:09:12 | 16 | they're doing it for personal reason or advantage. I |
| 11:09:15 | 17 | think saying somebody's an accomplice, talking about how |
| 11:09:18 | 18 | proper it is to do plea agreements and things like that |
| 11:09:21 | 19 | kind of creates the presumption that there's been a crime |
| 11:09:24 | 20 | committed and an accomplice has helped commit it. |
| 11:09:27 | 21 | I think that the proposed instruction, in treating |
| 11:09:30 | 22 | at least Mr. Henderson, I would say both Mr. Wells and |
| 11:09:35 | 23 | Mr. Henderson as an informant, because they're both doing |
| 11:09:38 | 24 | this not out of the goodness of their heart; they're |
| 11:09:42 | 25 | doing it to secure a personal reason or advantage. And I |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 90 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028

90

11:09:46  1  think the pattern instruction, which is the same

11:09:48  2  instruction, I think it's just a different subsection, is

11:09:52  3  better 'cause it gives cautions about weighing

11:09:55  4  informant's testimony with greater care.  Again, it says

11:09:57  5  you shouldn't convict based on the unsupported testimony

11:10:00  6  unless you believe it beyond a reasonable doubt.

11:10:03  7       And I think it avoids the -- and just factually,

11:10:06  8  Your Honor, I think Mr. Wells -- Mr. Henderson, my

11:10:10  9  understanding of it, would not be an accomplice; he would

11:10:14  10 be a customer.  And Mr. Wells, if he was an accomplice, I

11:10:23  11 think just doing "informant" for both of them is the

11:10:25  12 better solution to that, and in the instruction I

11:10:28  13 proposed in No. 3.

11:10:29  14      THE COURT:  So you and Mr. Babbit both proposed an

11:10:32  15 informant instruction; correct?

11:10:35  16      MR. BABBIT:  That's correct.

11:10:35  17      THE COURT:  And it looks like it's an identical

11:10:37  18 instruction.

11:10:38  19      MR. SHULTZ:  Yeah.  Mine was just a pattern.  It

11:10:41  20 was the -- the middle paragraph from the same pattern

11:10:45  21 instructions, the accomplice one, I think.  I think they

11:10:49  22 group them all.

11:10:54  23      THE COURT:  So I see, in looking at my notes, even

11:11:00  24 though my law clerk and I both looked over this, that I

11:11:06  25 made a note to add the informant instruction and it did

| | | |
|---|---|---|
| 11:11:11 | 1 | not get included, unless -- I was going to add it after |
| 11:11:17 | 2 | the accomplice instruction and before the credibility of |
| 11:11:21 | 3 | witness instruction, so I intended to add the informant |
| 11:11:31 | 4 | instruction. |
| 11:11:31 | 5 | MR. SHULTZ:  Okay. |
| 11:11:32 | 6 | THE COURT:  And it did not get included in these. |
| 11:11:36 | 7 | Do you have a copy of the defendant's proposed |
| 11:11:39 | 8 | instructions, Government? |
| 11:11:41 | 9 | MS. ANDRUSAK:  I don't have it with me, Your |
| 11:11:43 | 10 | Honor.  I do have a copy of Mr. Babbit's, and I do |
| 11:11:46 | 11 | remember Mr. Shultz being the same. |
| 11:11:47 | 12 | THE COURT:  So Mr. Babbit -- well, Mr. Babbit |
| 11:11:49 | 13 | doesn't have page numbers on his, but anyway he doesn't |
| 11:11:52 | 14 | have that many pages.  It's the informant instruction. |
| 11:11:55 | 15 | Do you have any objections to adding that instruction? |
| 11:11:58 | 16 | MS. ANDRUSAK:  Your Honor, I -- it's the |
| 11:12:01 | 17 | Government's position that both Mr. Wells and |
| 11:12:03 | 18 | Mr. Henderson are, in fact, accomplices, as they are |
| 11:12:08 | 19 | doing -- "informant" makes it sound, and as we know |
| 11:12:13 | 20 | informants generally are, that they're giving some sort |
| 11:12:16 | 21 | of information, where both Mr. Wells and both |
| 11:12:19 | 22 | Mr. Henderson were active members of this conspiracy and |
| 11:12:22 | 23 | will be testifying as such.  And so that's why we |
| 11:12:25 | 24 | believed the terminology "accomplice" was much better |
| 11:12:28 | 25 | suited for their station than an "informant." |

| | | |
|---|---|---|
| 11:13:03 | 1 | THE COURT:  So the informant instruction, with |
| 11:13:10 | 2 | respect to -- and obviously some of that instruction, I |
| 11:13:12 | 3 | guess, favors the Government.  But with respect to the |
| 11:13:18 | 4 | portions in this instruction that favor the defendants, |
| 11:13:22 | 5 | "You must examine testimony with greater care, whether |
| 11:13:26 | 6 | it's been affected by self-interest," that precise |
| 11:13:29 | 7 | language isn't in the accomplice instruction but it's |
| 11:13:34 | 8 | obviously referred to. |
| 11:13:36 | 9 | What -- I mean, both of you -- defendants proposed |
| 11:13:41 | 10 | this instruction.  Ms. Andrusak says they weren't really |
| 11:13:52 | 11 | informants because they were involved in the underlying |
| 11:13:55 | 12 | crime itself, they were accomplices. |
| 11:13:58 | 13 | What do you think we need from the informant |
| 11:14:00 | 14 | instruction, even though I'd intended to add it, based on |
| 11:14:03 | 15 | her representation that both these individuals -- and I |
| 11:14:06 | 16 | didn't know who they intended to call -- both these |
| 11:14:09 | 17 | individuals are really accomplices more than informants, |
| 11:14:11 | 18 | what do you think we need from the proposed informant |
| 11:14:14 | 19 | instruction? |
| 11:14:15 | 20 | MR. SHULTZ:  Your Honor, I mean, I think the -- |
| 11:14:18 | 21 | I'll have two parts 'cause I'll talk about the accomplice |
| 11:14:22 | 22 | piece, too.  But from that language, the "you must |
| 11:14:25 | 23 | examine and weigh and inform his testimony with greater |
| 11:14:28 | 24 | care than the testimony of an ordinary witness," and then |
| 11:14:31 | 25 | the sentence beginning, "You must determine whether the |

11:14:33   1   informant's testimony has been affected by self-interest,

11:14:36   2   by agreement," that sentence as well, so the middle

11:14:40   3   two -- well, actually, really the last three sentences of

11:14:44   4   that informant instruction are the ones that I think are

11:14:47   5   the most important.  Some of that's kind of a little bit

11:14:51   6   of an accomplice, but I don't think it goes as far.  And

11:14:57   7   I think -- I think the cautions apply.  Because --

11:14:59   8        THE COURT:  So we do have, with respect to the

11:15:01   9   accomplice instruction in the third paragraph, "You

11:15:05  10   should receive this type of testimony with caution and

11:15:07  11   weigh it with great care."

11:15:09  12        MR. SHULTZ:  Yeah.

11:15:10  13        THE COURT:  That's your first -- that's your first

11:15:14  14   statement.  Your next one is "self-interest."

11:15:18  15        MR. SHULTZ:  And I would say, Your Honor, the

11:15:20  16   difference with the informant instruction is it says

11:15:23  17   "with greater care," as opposed to "great care."  I think

11:15:27  18   they should receive all evidence with great care, but I

11:15:30  19   think highlighting that when somebody's in doing

11:15:32  20   something to get a personal benefit, we should view them,

11:15:37  21   whether they were an accomplice or not, when they after

11:15:42  22   sometime decide "I'm now going to provide information to

11:15:45  23   the Government in debriefs, I'm going to testify," they

11:15:48  24   become more like an informant, and so "greater care"

11:15:52  25   should be used when evaluating their evidence and their

| | | |
|---|---|---|
| 11:15:55 | 1 | testimony as well. So, I mean, I think the "great care" |
| 11:16:03 | 2 | doesn't quite cover. |
| 11:16:04 | 3 | THE COURT: So you would like that first sentence |
| 11:16:06 | 4 | to say "greater care than an ordinary witness," and then |
| 11:16:09 | 5 | you would like the next sentence added, "affected by |
| 11:16:12 | 6 | self-interest." |
| 11:16:13 | 7 | MR. SHULTZ: Yeah. And then the last sentence |
| 11:16:15 | 8 | there, "You should never convict a defendant" is really |
| 11:16:19 | 9 | okay, other than I don't think that -- I think |
| 11:16:20 | 10 | "accomplice" carries with it connotations presuming a |
| 11:16:23 | 11 | crime has been committed. |
| 11:16:24 | 12 | THE COURT: Yeah, the last sentence really just |
| 11:16:26 | 13 | says you shall not convict him if you find he's guilty |
| 11:16:28 | 14 | beyond a reasonable doubt. I think we've covered that. |
| 11:16:31 | 15 | MR. SHULTZ: Right. And my objection is more just |
| 11:16:33 | 16 | specific about that term "accomplice." I think if |
| 11:16:37 | 17 | "informant" is more sort of derogatory toward -- against |
| 11:16:40 | 18 | the Government, that's what we should err toward, to |
| 11:16:44 | 19 | where "accomplice" sort of, to me, says, "Hey, there is a |
| 11:16:47 | 20 | crime." And this may be a product of where we have |
| 11:16:50 | 21 | instructions before the evidence comes in is the concern |
| 11:16:53 | 22 | is presumably at the end of a trial the jury will have |
| 11:16:56 | 23 | had evidence of this person did this, this, this, and |
| 11:17:00 | 24 | this, and then I think the impact is a little muted in |
| 11:17:05 | 25 | terms of whether somebody's an accomplice or an |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 95 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028        95

| | | |
|---|---|---|
| 11:17:07 | 1 | informant, but before the trial it starts, when say |
| 11:17:11 | 2 | "accomplice" it, to me, carries the connotation that |
| 11:17:13 | 3 | there is a crime and an accomplice. |
| 11:17:15 | 4 | THE COURT:  Well, it says an "alleged accomplice." |
| 11:17:19 | 5 | MR. SHULTZ:  I see that, Your Honor.  My main |
| 11:17:22 | 6 | concern would be the "greater care" sentence.  And then |
| 11:17:24 | 7 | the second -- the sentence following that from the |
| 11:17:27 | 8 | informant's one, and then I'll rest on the objection on |
| 11:17:32 | 9 | the word accomplice. |
| 11:17:33 | 10 | THE COURT:  Do you have anything to add, |
| 11:17:35 | 11 | Mr. Babbit? |
| 11:17:35 | 12 | MR. BABBIT:  I don't. |
| 11:17:36 | 13 | THE COURT:  Ms. Andrusak? |
| 11:17:40 | 14 | MS. ANDRUSAK:  I'd only add, Your Honor, that in |
| 11:17:42 | 15 | looking at the PIK for -- sorry -- for 1.14 where it does |
| 11:17:48 | 16 | set out the definitions of an accomplice/informant and |
| 11:17:53 | 17 | immunity, it doesn't include those "greater care" and |
| 11:17:56 | 18 | those kind of things when defining an accomplice, and |
| 11:18:04 | 19 | that in the third paragraph, as the Court pointed out, it |
| 11:18:11 | 20 | does say they need to use caution and weigh it with great |
| 11:18:14 | 21 | care and it also includes the sentence about not |
| 11:18:21 | 22 | convicting upon unsupported testimony of the alleged |
| 11:18:24 | 23 | accomplice. |
| 11:18:25 | 24 | So it's the Government's position, as I stated |
| 11:18:27 | 25 | earlier, that "accomplice" is better suited and that all |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 96 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028            96

11:18:31   1   of those concerns are covered in the language of the

11:18:33   2   proposed instruction.

11:18:42   3          THE COURT:  I'm going to not add a separate

11:18:46   4   instruction on informant, based on the Government's

11:18:49   5   representation that the people in this capacity who are

11:18:53   6   testifying are not outside informants who had knowledge

11:18:58   7   criminally, but were people involved -- although one of

11:19:01   8   them was not charged in this case -- in similar crimes.

11:19:03   9   So I'm going to add a separate instruction as to

11:19:06  10   informant, but I am going to modify this instruction

11:19:10  11   substantially along the lines of Mr. Shultz's objection,

11:19:15  12   so that starting where it says "great care" I'm going to

11:19:20  13   add that or change that to read "greater care than the

11:19:28  14   testimony of an ordinary witness."

11:19:50  15          And then I'm going to pick up half of that next

11:19:53  16   sentence.  "You must determine whether the accomplice's

11:19:58  17   testimony has been affected by self-interest or by an

11:20:17  18   agreement he has with the Government."  But I'm going to

11:20:36  19   end it at that point.

11:20:52  20          I think the other two portions of that sentence,

11:20:56  21   "his own interest in the outcome or prejudice against the

11:21:00  22   defendant" don't apply to the facts of this case.  So I'm

11:21:06  23   going to add that portion to this accomplice testimony,

11:21:08  24   and, of course, retain the use of the word "accomplice"

11:21:12  25   and not "informant."

```
11:21:13   1            Are there any other objections to this
11:21:15   2   instruction?
11:21:15   3            MS. ANDRUSAK:  None other than previously stated,
11:21:17   4   Your Honor.
11:21:18   5            MR. SHULTZ:  No other objections, Your Honor.
11:21:21   6            MR. BABBIT:  Nothing further.
11:21:22   7            THE COURT:  We're close to the end but we've also
11:21:28   8   been here an hour and a half, but what do you want to do?
11:21:31   9   Do you want to push through?  We've also got to talk
11:21:33  10   about the verdict form.  Or should we take a break at
11:21:36  11   this point and finish up the rest of the instructions and
11:21:38  12   look at the verdict form?  I say we've been here an hour
11:21:41  13   and a half.  We've been here two and a half hours is what
11:21:43  14   I meant to say.
11:21:44  15            MR. BABBIT:  It seemed a little short.  I was like
11:21:47  16   "wow."
11:21:47  17            THE COURT:  Time flies when you're having fun.
11:21:50  18            MR. SHULTZ:  It's not critical, but I could use a
11:21:52  19   break.
11:21:52  20            THE COURT:  Why don't we take a break.  I don't
11:21:57  21   generally push this far.  Let's come back at about 20
11:22:00  22   till, according to that clock, which is a little over 15
11:22:03  23   minutes, we'll finish the instructions and look at the
11:22:06  24   verdict form.  Thanks for pushing through this long.
11:22:08  25   We're in recess.
```

| | | |
|---|---|---|
| 11:22:09 | 1 | CLERK SCHMIDT:  All rise. |
| 11:22:10 | 2 | (A recess was taken from 11:22 to 11:39 A.M.) |
| 11:39:56 | 3 | THE CLERK:  All rise. |
| 11:39:56 | 4 | THE COURT:  Be seated.  Okay.  I think we're up to |
| 11:40:08 | 5 | credibility of witnesses.  We're getting more into stock |
| 11:40:12 | 6 | instructions here.  Any objections to this instruction? |
| 11:40:21 | 7 | MS. ANDRUSAK:  No, Your Honor. |
| 11:40:22 | 8 | MR. SHULTZ:  No objection. |
| 11:40:24 | 9 | MR. BABBIT:  No objection, Your Honor. |
| 11:40:26 | 10 | THE COURT:  The next instruction, I have in |
| 11:40:31 | 11 | italics.  And I italicize some of any stock instructions |
| 11:40:36 | 12 | to make sure I note whether we think it's relevant in the |
| 11:40:40 | 13 | case or whether it's necessary. |
| 11:40:41 | 14 | Do we anticipate -- I mean, I know this is a |
| 11:40:44 | 15 | criminal case.  We don't have impeachment by prior |
| 11:40:47 | 16 | deposition testimony, but do with anticipate any witness |
| 11:40:51 | 17 | impeachment evidence?  Is this an instruction that |
| 11:40:54 | 18 | applies, I guess is my question. |
| 11:41:16 | 19 | (Whereupon, a sotto voce discussion was had |
| 11:41:17 | 20 | between Mr. Treaster and Ms. Andrusak.) |
| 11:41:24 | 21 | MS. ANDRUSAK:  Your Honor, we have no anticipation |
| 11:41:26 | 22 | of this being needed, but, of course, there's always the |
| 11:41:30 | 23 | chance that somebody might not testify as their reports |
| 11:41:35 | 24 | state, which then would open up the door for impeachment. |
| 11:41:37 | 25 | THE COURT:  What prior testimony would they be |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 99 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028        99

| | | |
|---|---|---|
| 11:41:39 | 1 | impeached by in this case? |
| 11:41:40 | 2 | MS. ANDRUSAK: Well, the only prior testimony |
| 11:41:43 | 3 | there would be would be from the motions hearings, and |
| 11:41:46 | 4 | that would only go as to Agent Heath and Detective McKee, |
| 11:41:53 | 5 | and I guess Agent Heath's testimony at grand jury also. |
| 11:41:57 | 6 | That's the only prior testimony we have in this matter. |
| 11:42:03 | 7 | THE COURT: I'm inclined to think this is not a |
| 11:42:06 | 8 | necessary instruction, and I think the jury will look at |
| 11:42:11 | 9 | this and think "What the heck is this about?" |
| 11:42:14 | 10 | Do any of you think we need this instruction? |
| 11:42:17 | 11 | MR. SHULTZ: I think I was the one that requested |
| 11:42:19 | 12 | it, Your Honor, only because I don't know that -- I mean, |
| 11:42:22 | 13 | I imagine in my cross-examinations of some of the agents |
| 11:42:25 | 14 | I will get into things that I discussed with them at |
| 11:42:28 | 15 | various hearings and/or at their grand jury testimony, |
| 11:42:33 | 16 | and just -- and, again, I don't think there's anything |
| 11:42:36 | 17 | that I recall that was particularly controversial, but I |
| 11:42:39 | 18 | always just think, look, we're talking about somebody's |
| 11:42:41 | 19 | past statements, it's wise to be ready to go in case they |
| 11:42:44 | 20 | tell you something different or unexpected at that, |
| 11:42:47 | 21 | whether it's -- and then I think with witnesses' prior |
| 11:42:53 | 22 | statements with Mr. Wells and Mr. Henderson, you know, |
| 11:42:59 | 23 | we've been given debriefs of what they told, and if they |
| 11:43:02 | 24 | come in and testify differently on issues there -- |
| 11:43:05 | 25 | THE COURT: All right. So you're inclined to |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 100 of 134
2-24-22   USA v. LEWIS, et al. No. 20-10028
100

| | | |
|---|---|---|
| 11:43:07 | 1 | think we should keep it? |
| 11:43:08 | 2 | MR. SHULTZ:  I am, Your Honor. |
| 11:43:08 | 3 | THE COURT:  All right.  I will take the italics |
| 11:43:11 | 4 | off of it.  Are there any objections to the instruction |
| 11:43:16 | 5 | as presented? |
| 11:43:18 | 6 | MS. ANDRUSAK:  No, Your Honor. |
| 11:43:19 | 7 | MR. SHULTZ:  No, Your Honor. |
| 11:43:20 | 8 | MR. BABBIT:  No, Your Honor. |
| 11:43:23 | 9 | THE COURT:  Should I put a heading on this |
| 11:43:27 | 10 | instruction?  Prior Testimony?  Prior Statements? |
| 11:43:38 | 11 | MR. SHULTZ:  I don't -- I don't have a preference |
| 11:43:40 | 12 | one way or the other, but I would say Prior Statements as |
| 11:43:45 | 13 | opposed to Prior Testimony because I don't believe |
| 11:43:47 | 14 | Mr. Wells or Mr. Henderson have given any prior |
| 11:43:49 | 15 | testimony. |
| 11:43:49 | 16 | THE COURT:  All right.  I'm going to label it |
| 11:43:51 | 17 | Prior Statements. |
| 11:43:52 | 18 | Next instruction, Non-Testifying Defendant. |
| 11:44:01 | 19 | MS. ANDRUSAK:  No objection. |
| 11:44:01 | 20 | MR. SHULTZ:  No objection. |
| 11:44:02 | 21 | MR. BABBIT:  No objection. |
| 11:44:04 | 22 | THE COURT:  Are we okay with that title, |
| 11:44:07 | 23 | Non-Testifying Defendant?  I don't know that I have a |
| 11:44:12 | 24 | proposal for a different one.  I mean, obviously the |
| 11:44:15 | 25 | Fifth Amendment right is a critical right for criminal |

2-24-22  USA v. LEWIS, et al. No. 20-10028

101

11:44:18  1  defendants but one which I'm always concerned the jurors

11:44:22  2  may have a little bit of skepticism of, and we try to

11:44:25  3  address that.  I'll hit that pretty hard in my

11:44:28  4  preliminary instructions, as well as in my voir dire,

11:44:33  5  just for the concern with that and knowing that's an

11:44:38  6  ongoing issue.  Anybody prefer I put a different heading

11:44:40  7  on this?

11:44:41  8        MS. ANDRUSAK:  No, Your Honor.

11:44:42  9        MR. SHULTZ:  No, I don't have any concerns.

11:44:43  10       MR. BABBIT:  No, Your Honor.

11:44:45  11       THE COURT:  All right.  Voluntariness of Statement

11:44:47  12  By Defendant, next statement -- I'm sorry, next

11:44:52  13  instruction.

11:44:54  14       MS. ANDRUSAK:  No objection.

11:44:59  15       MR. SHULTZ:  I don't think this one involves me,

11:45:00  16  Your Honor.

11:45:00  17       THE COURT:  What's this instruction about?  Prior

11:45:04  18  statement by Travis Vontress.

11:45:11  19       MR. BABBIT:  Law enforcement gathered some

11:45:13  20  preliminary information from my client at the -- I think

11:45:21  21  it was the very initial arrest after July 17th.

11:45:23  22       THE COURT:  I've had no motion to suppress.

11:45:26  23       MR. BABBIT:  You haven't.

11:45:27  24       THE COURT:  I assume they were Mirandized

11:45:30  25  statements?

11:45:30  1        MR. BABBIT:  Statement was given before --

11:45:32  2  statement was given before *Miranda*, but it was basic

11:45:35  3  question -- I reviewed it.  I didn't file a motion.  I'm

11:45:39  4  not making --

11:45:39  5        THE COURT:  Was it a noncustodial?

11:45:41  6        MR. BABBIT:  It was a volunteered statement by my

11:45:43  7  client.

11:45:46  8        THE COURT:  And the Government's going to

11:45:49  9  introduce these statements?

11:45:50  10        MS. ANDRUSAK:  Yes, Your Honor.

11:45:57  11        THE COURT:  Mr. Babbit, any objections to this

11:45:59  12  instruction?

11:46:07  13        MR. BABBIT:  I don't think it's -- I don't think

11:46:11  14  that issue's, frankly, going to come up, but I don't know

11:46:20  15  that it's --

11:46:20  16        (Whereupon, a sotto voce discussion was had

11:46:26  17  between Mr. Babbit and his client.)

11:46:44  18        MR. BABBIT:  I don't -- I don't have an objection.

11:46:54  19  Well, again, I question whether it's relevant, but on its

11:47:11  20  face I don't really consider it to be prejudicial.  I'm

11:47:15  21  just not -- and at the present time there's no intent to

11:47:21  22  argue about any of that, but --

11:47:24  23        THE COURT:  All right.  So no objection.  We'll

11:47:27  24  move on to the next instruction, which is Expert Witness.

11:47:53  25        MS. ANDRUSAK:  Your Honor, we have no objection to

| 11:47:57 | 1 | the instruction, but the Government failed to include |
| 11:48:00 | 2 | Harold Riddle, which is the KBI lab technician. |
| 11:48:08 | 3 | THE COURT:  Is there a particular order to the |
| 11:48:12 | 4 | names listed and, if so, where should I place him? |
| 11:48:15 | 5 | MS. ANDRUSAK:  Your Honor, I think that he could |
| 11:48:17 | 6 | be placed at the end because the last five names are all |
| 11:48:25 | 7 | those that tested narcotics, so he would fit within that |
| 11:48:28 | 8 | group. |
| 11:48:28 | 9 | THE COURT:  And his name is Harold -- what's the |
| 11:48:31 | 10 | last name? |
| 11:48:31 | 11 | MS. ANDRUSAK:  Riddle, R-i-d-d-l-e. |
| 11:48:36 | 12 | THE COURT:  All right.  Defendants, any objection |
| 11:48:41 | 13 | to this instruction? |
| 11:48:43 | 14 | MR. SHULTZ:  To the instruction, Your Honor, no. |
| 11:48:46 | 15 | I mean, Mr. Riddle's the subject of my pending motion |
| 11:48:49 | 16 | about timely disclosure, but other than that I have no |
| 11:48:51 | 17 | objection to this instruction. |
| 11:48:52 | 18 | THE COURT:  Okay. |
| 11:48:53 | 19 | MR. BABBIT:  No objection. |
| 11:48:56 | 20 | THE COURT:  That reminds me, which I'd forgotten, |
| 11:48:59 | 21 | Mr. Shultz, that I do have some other matters to take up. |
| 11:49:01 | 22 | We had a limine motion and the witness objection that I |
| 11:49:04 | 23 | need to take up today.  So we'll do that when we're done |
| 11:49:08 | 24 | here. |
| 11:49:08 | 25 | The next objection, Expert and Fact Witnesses. |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 104 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

104

| 11:49:16 | 1 | MS. ANDRUSAK: No objection. |

11:49:16    1         MS. ANDRUSAK:  No objection.

11:49:17    2         MR. SHULTZ:  No objection.

11:49:32    3         MR. BABBIT:  I'm just curious, did the Court draft

11:49:35    4    this instruction on its own or did it come from some --

11:49:37    5    the Government or some other location?

11:49:43    6         THE COURT:  I don't think I made this in whole

11:49:45    7    cloth.

11:49:45    8         Did you submit this, Ms. Andrusak?

11:49:46    9         MS. ANDRUSAK:  I did, Your Honor, but I think that

11:49:48   10    there was --

11:49:49   11         THE COURT:  I think I made some changes to it.

11:49:51   12         MS. ANDRUSAK:  Yes.  I know I submitted at least

11:49:53   13    the first two paragraphs and the last sentence, but then

11:50:02   14    the fourth paragraph, that was added.

11:50:09   15         THE COURT:  Oh, yes.  So you can see from all the

11:50:12   16    red writing on this (indicating), the Government

11:50:15   17    submitted it and then I made substantial changes to it,

11:50:29   18    although part of the changes I did were to explain things

11:50:33   19    more.  Then I added this last paragraph from another

11:50:38   20    stock instruction that I may typically give.

11:51:19   21         Are there any objections to this instruction?

11:51:23   22         MR. BABBIT:  No objection, Judge.

11:51:25   23         MR. SHULTZ:  None from me, Your Honor.

11:51:26   24         MR. BABBIT:  This one I spent a bit of time

11:51:30   25    considering, and I --

2-24-22  USA v. LEWIS, et al. No. 20-10028

105

11:51:34  1          THE COURT:  And as I was working on these

11:51:36  2    instructions, I had read your limine objection before and

11:51:41  3    certainly part of that was in my mind as I modified this.

11:51:46  4          MR. BABBIT:  And I think what happened is whatever

11:51:48  5    my proposed instruction, really all of -- what I was

11:51:51  6    trying to consider in my brain was whether what I had

11:51:55  7    presented, the thoughts in it, have been adequately

11:51:57  8    addressed and instruction given, and I think it has.  So

11:52:00  9    I don't have an objection.

11:52:01  10          THE COURT:  All right.  Government, any objection?

11:52:02  11          MS. ANDRUSAK:  No, Your Honor.

11:52:05  12          THE COURT:  Next -- I think, Mr. Shultz, you

11:52:07  13    already said no objection.

11:52:08  14          MR. SHULTZ:  Right, Your Honor.

11:52:09  15          THE COURT:  Next, now we're into my normal stock

11:52:13  16    instructions.  Again, I have two italicized paragraphs

11:52:23  17    here.  I don't know -- and it may be hard to know in

11:52:27  18    advance if these will be relevant, but do you anticipate

11:52:30  19    any evidence admitted for a limited purpose, which may

11:52:33  20    arise occasionally in a conspiracy if some evidence comes

11:52:36  21    in that's relevant to one defendant but not the other?

11:52:38  22    But I don't know if we'll have that.

11:52:42  23          MS. ANDRUSAK:  I can't think of an instance where

11:52:44  24    that would happen at this time, Your Honor.

11:52:46  25          THE COURT:  And do we have exhibits that will

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 106 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028    106

| | | |
|---|---|---|
| 11:52:48 | 1 | contain redactions? |
| 11:52:50 | 2 | MS. ANDRUSAK:  Yes, Your Honor.  There are some |
| 11:52:52 | 3 | phone call -- well, there -- and I don't know if this |
| 11:52:55 | 4 | constitutes a redaction, but we did cut portions of the |
| 11:52:59 | 5 | phone calls out where they sometimes talk about things |
| 11:53:03 | 6 | that are prejudicial or just -- |
| 11:53:06 | 7 | THE COURT:  A redaction is more like that disaster |
| 11:53:09 | 8 | of a document I sent you yesterday of the indictment, |
| 11:53:12 | 9 | where you have a document in front of you with lots of |
| 11:53:14 | 10 | black boxes crossing out things. |
| 11:53:16 | 11 | MS. ANDRUSAK:  There are some, Your Honor.  There |
| 11:53:19 | 12 | are some text messages that will be redacted.  We |
| 11:53:22 | 13 | discussed that at the *James* hearing, some text messages |
| 11:53:25 | 14 | that reference Mr. Vontress that we are redacting his |
| 11:53:29 | 15 | identity from. |
| 11:53:43 | 16 | THE COURT:  All right.  I'm going to take out the |
| 11:53:45 | 17 | second paragraph.  I'm going to add a heading that says |
| 11:53:52 | 18 | Attorney Objections-Document Redactions.  I'm adding a |
| 11:53:59 | 19 | heading here 'cause we're still in the context of we |
| 11:54:01 | 20 | still have headings on most of our instructions. |
| 11:54:04 | 21 | Obviously we'll remove the italics from the third |
| 11:54:06 | 22 | paragraph, which will become the second paragraph. |
| 11:54:10 | 23 | Any other objections to this instruction? |
| 11:54:13 | 24 | MS. ANDRUSAK:  No, Your Honor. |
| 11:54:17 | 25 | MR. SHULTZ:  Not to be the -- I don't think I |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 107 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          107

11:54:20  1  actually said earlier on the limited purpose. I don't

11:54:24  2  know the statement we just discussed of Mr. Vontress,

11:54:27  3  it's probably covered in the other instruction about

11:54:30  4  co-conspirator statements, that a statement made by one

11:54:33  5  person at the time is not in furtherance of the

11:54:37  6  conspiracy, so maybe it's not an issue.

11:54:39  7       THE COURT: Well, if there are co-conspirator

11:54:41  8  statements made that are not in furtherance of the

11:54:43  9  conspiracy, then they shouldn't come in under the *James*

11:54:46  10  hearing standard.

11:54:47  11       MR. SHULTZ: But I didn't probably complete what I

11:54:49  12  thought. Those statements theoretically could be

11:54:52  13  applicable or admissible against the party that made them

11:54:55  14  one way or the other.

11:54:56  15       THE COURT: Oh, I see.

11:54:57  16       MR. SHULTZ: But I think that's addressed --

11:54:59  17       THE COURT: Do we have any statements like that?

11:55:07  18       MS. ANDRUSAK: Your Honor, I don't have the *James*

11:55:10  19  hearing sheet in front of me --

11:55:11  20       THE COURT: Well, it's only 800 pages.

11:55:15  21       MS. ANDRUSAK: -- to say exactly what the

11:55:17  22  statements are, but in my memory of the conversations,

11:55:23  23  there are some conversations between Knighten and

11:55:26  24  Mr. Lewis telling him to get the crack cocaine from

11:55:30  25  Mr. Vontress, and there are some messages to Mr. Vontress

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 108 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028    108

| | | |
|---|---|---|
| 11:55:35 | 1 | from Knighten discussing the same.  So Mr. Vontress would |
| 11:55:40 | 2 | be -- his number and name would be redacted so there |
| 11:55:43 | 3 | could be no indication as to who Knighten is talking to |
| 11:55:46 | 4 | in that.  And then in the conversations -- |
| 11:55:49 | 5 | THE COURT:  So that would be a redaction but not a |
| 11:55:51 | 6 | limited purpose? |
| 11:55:52 | 7 | MS. ANDRUSAK:  Yes, yes. |
| 11:55:55 | 8 | THE COURT:  All right. |
| 11:55:55 | 9 | MS. ANDRUSAK:  I don't know that those |
| 11:55:58 | 10 | communications would be for a limited purpose because it |
| 11:56:01 | 11 | starts with a cocaine deal that involves all three of |
| 11:56:03 | 12 | them, and then the cocaine -- well, two of them, sorry, |
| 11:56:06 | 13 | and then the cocaine turns into crack, which is then |
| 11:56:09 | 14 | given to Mr. Lewis.  So I don't know that they would be |
| 11:56:13 | 15 | for a limited purpose.  They're all inclusive in the |
| 11:56:19 | 16 | conspiracies; it's just that Mr. Vontress is not charged |
| 11:56:21 | 17 | in that conspiracy.  So when the discussion turns to |
| 11:56:25 | 18 | "hard," any reference to him is removed so as to not -- |
| 11:56:29 | 19 | THE COURT:  I've always been of the opinion that |
| 11:56:31 | 20 | if a statement's going to come in for a limited purpose, |
| 11:56:34 | 21 | which is rare, that I should and I do address it with a |
| 11:56:41 | 22 | jury at that point in the time, say, "Members of the |
| 11:56:45 | 23 | Jury, I'm adding this statement only for X purposes.  You |
| 11:56:47 | 24 | should not consider it for any others." |
| 11:56:50 | 25 | This, obviously, would follow typically an |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 109 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028      109

11:56:52  1   objection and a bench conference.  But I typically, to

11:56:55  2   the extent that happens, would instruct the jury at that

11:56:58  3   point in the trial.  So I think, based on all that, that

11:57:02  4   we can take out the middle paragraph.

11:57:04  5           MR. SHULTZ:  Yeah.

11:57:05  6           MS. ANDRUSAK:  (Nods head.)

11:57:05  7           THE COURT:  Are there any other objections to this

11:57:07  8   instruction?

11:57:07  9           MS. ANDRUSAK:  No, Your Honor.

11:57:08  10          MR. SHULTZ:  No, Your Honor.

11:57:09  11          MR. BABBIT:  No, Your Honor.

11:57:11  12          THE COURT:  The next instruction, "weight to be

11:57:13  13  given the evidence."

11:57:16  14          MS. ANDRUSAK:  No objection.

11:57:17  15          MR. SHULTZ:  Your Honor, I would object to the

11:57:20  16  last two sentences or maybe just the last long sentence.

11:57:23  17  I would stop the instruction after "nature and quality of

11:57:26  18  their testimony," the reason being is that I think it

11:57:30  19  kind of creates this assumption that if you have one

11:57:33  20  witness, you're allowed to disregard how many witnesses,

11:57:36  21  but if you don't have any witnesses, it kind of goes

11:57:39  22  against the right not to testify or call witnesses.

11:57:43  23          THE COURT:  Yeah, we will have more than one

11:57:47  24  witness in this trial.  I mean, this is a stock

11:57:53  25  instruction, but given -- first of all, given the number

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 110 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028        110

| | | |
|---|---|---|
| 11:57:59 | 1 | of witnesses that we'll have in this case and given the |
| 11:58:01 | 2 | other instructions, I guess I'm wondering if we need to |
| 11:58:03 | 3 | give this instruction at all. |
| 11:58:05 | 4 | Does this instruction add anything to the weight |
| 11:58:08 | 5 | of the instructions we already have?  This is my stock |
| 11:58:15 | 6 | instruction.  I probably added it, but in the context of |
| 11:58:18 | 7 | where we're at -- |
| 11:58:24 | 8 | MS. ANDRUSAK:  Your Honor, I don't know that it |
| 11:58:25 | 9 | adds anything. |
| 11:58:26 | 10 | THE COURT:  I'm inclined to strike this |
| 11:58:28 | 11 | instruction.  Does anybody have an objection to that? |
| 11:58:33 | 12 | MR. SHULTZ:  No, I'm okay with that, Your Honor. |
| 11:58:35 | 13 | MR. BABBIT:  No objection. |
| 11:58:36 | 14 | THE COURT:  All right.  We're just going to strike |
| 11:58:37 | 15 | this instruction entirely. |
| 11:58:40 | 16 | The next instruction, "In considering the |
| 11:58:45 | 17 | evidence," I'm going to title this instruction Duty of |
| 11:58:49 | 18 | Jury.  Any objections to this instruction? |
| 11:58:57 | 19 | MS. ANDRUSAK:  No, Your Honor. |
| 11:58:58 | 20 | MR. SHULTZ:  No, Your Honor. |
| 11:58:59 | 21 | MR. BABBIT:  No, Your Honor. |
| 11:59:01 | 22 | THE COURT:  The next instruction, Duty to Follow |
| 11:59:03 | 23 | Instructions, any objections? |
| 11:59:07 | 24 | MS. ANDRUSAK:  No, Your Honor. |
| 11:59:07 | 25 | MR. SHULTZ:  No, Your Honor. |

```
11:59:08   1        MR. BABBIT:  No, Your Honor.

11:59:10   2        THE COURT:  Next instruction, Summaries and

11:59:13   3   Charts, any objection?

11:59:14   4        MS. ANDRUSAK:  No objection.

11:59:15   5        MR. SHULTZ:  No objection.

11:59:16   6        MR. BABBIT:  No objection.

11:59:18   7        THE COURT:  Next instruction, Specific

11:59:21   8   Investigative Technique Not Required, any objection to

11:59:25   9   this?

11:59:25  10        MS. ANDRUSAK:  No, Your Honor.

11:59:27  11        MR. SHULTZ:  No, Your Honor.

11:59:27  12        MR. BABBIT:  No, Your Honor.

11:59:30  13        THE COURT:  Next instruction, Cautionary

11:59:31  14   Instruction During Trial, any objections?

11:59:39  15        MS. ANDRUSAK:  No, Your Honor.

11:59:41  16        MR. SHULTZ:  Your Honor, I don't have objection to

11:59:43  17   the language.  I don't know that we -- are there going to

11:59:48  18   be transcripts played or showed?

11:59:49  19        MS. ANDRUSAK:  Yes.

11:59:50  20        MR. SHULTZ:  Have we seen the transcript -- 'cause

11:59:52  21   we've got the line sheets.

11:59:53  22        MS. ANDRUSAK:  They are the line sheets.  It's

11:59:55  23   just in a Word format.

11:59:56  24        THE COURT:  So what I assume what the Government

11:59:59  25   did in the past is -- of course, these are going to be
```

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 112 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          112

| | | |
|---|---|---|
| 12:00:01 | 1 | audio, not video. |
| 12:00:04 | 2 | MS. ANDRUSAK:  It's audio, Your Honor, where the |
| 12:00:07 | 3 | transcript syncs up, so -- |
| 12:00:08 | 4 | THE COURT:  Right.  So the Government has a |
| 12:00:13 | 5 | presentation where as they play that the transcript runs |
| 12:00:17 | 6 | at the bottom. |
| 12:00:18 | 7 | MR. SHULTZ:  Right.  And my concern is I don't |
| 12:00:20 | 8 | think I've seen the videos with the transcripts on them. |
| 12:00:23 | 9 | THE COURT:  I don't know if there are videos. |
| 12:00:24 | 10 | MR. SHULTZ:  Or not videos, but the media with the |
| 12:00:27 | 11 | transcripts going.  And what I -- my comparisons, the |
| 12:00:32 | 12 | case you referred to is the Allen, Stein case, we had, |
| 12:00:36 | 13 | like, verified transcripts well in advance of trial to |
| 12:00:41 | 14 | verify, "Hey, look, we agree that these match up," |
| 12:00:45 | 15 | whatever.  All we've seen are the line sheets, which |
| 12:00:47 | 16 | include kind of sections that are transcripts but I think |
| 12:00:50 | 17 | also include paraphrasing at some point so then |
| 12:00:52 | 18 | minimization and things like that.  So my concern is not |
| 12:00:55 | 19 | the instruction; it's the transcripts themselves. |
| 12:00:58 | 20 | THE COURT:  I gather from what Ms. Andrusak said |
| 12:01:01 | 21 | that the transcripts, so to speak, that are played during |
| 12:01:05 | 22 | this presentation are drawn directly from the line |
| 12:01:08 | 23 | sheets, that they're not different from the line sheets. |
| 12:01:09 | 24 | Is that right? |
| 12:01:10 | 25 | MS. ANDRUSAK:  They are not, Your Honor.  And if |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 113 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028          113

| | | |
|---|---|---|
| 12:01:11 | 1 | there's any kind of summary, like a number of the line |
| 12:01:15 | 2 | sheets have some summary at the top as to what the |
| 12:01:19 | 3 | conversation is, that is not -- |
| 12:01:22 | 4 | THE COURT:  That will not be presented. |
| 12:01:24 | 5 | MS. ANDRUSAK:  No, it's just the line sheets that |
| 12:01:26 | 6 | say -- they'll have initials for who's talking, similar |
| 12:01:31 | 7 | to the line sheets, and then there will be texts from the |
| 12:01:36 | 8 | line sheets. |
| 12:01:37 | 9 | MR. SHULTZ:  No objection to the instruction then, |
| 12:01:40 | 10 | Your Honor. |
| 12:01:41 | 11 | THE COURT:  Mr. Babbit, any objection to this |
| 12:01:42 | 12 | instruction? |
| 12:01:46 | 13 | MR. BABBIT:  No objection to the instruction. |
| 12:01:49 | 14 | THE COURT:  All right. |
| 12:01:49 | 15 | MR. BABBIT:  I anticipate some concern about the |
| 12:01:53 | 16 | transcripts themselves, but -- |
| 12:01:56 | 17 | THE COURT:  As to the accuracy? |
| 12:01:58 | 18 | MR. BABBIT:  Yeah, just whether it's permissible |
| 12:02:01 | 19 | to present a transcript to a jury at the same time the |
| 12:02:05 | 20 | audio is played, but I understand kind of what the |
| 12:02:07 | 21 | Court's experience has been. |
| 12:02:08 | 22 | THE COURT:  So I'll tell you if you want to make |
| 12:02:09 | 23 | that objection at trial, I'll certainly allow you to make |
| 12:02:11 | 24 | it. |
| 12:02:12 | 25 | MR. BABBIT:  Understood. |

```
12:02:12    1           THE COURT:  But that's traditionally done in these
12:02:15    2   types of cases, and I intend to allow it to be done in
12:02:19    3   this case.
12:02:20    4           If you have reason to challenge the accuracy of
12:02:23    5   the transcript, you're certainly entitled to do this, and
12:02:26    6   this instruction is given just for that purpose --
12:02:27    7           MR. BABBIT:  Right.
12:02:28    8           THE COURT:  -- to say it's the actual audio
12:02:31    9   recording, not the transcript that's the evidence.
12:02:36   10           MR. BABBIT:  Understood.
12:02:38   11           THE COURT:  If there's no objection to that, the
12:02:40   12   next instruction is "human nature to wonder the
12:02:44   13   consequences of your verdict."  Any objection to this?
12:02:49   14           MS. ANDRUSAK:  No, Your Honor.
12:02:50   15           MR. SHULTZ:  No, Your Honor.
12:02:52   16           MR. BABBIT:  No, Your Honor.
12:02:54   17           THE COURT:  I'm going to -- again, because we have
12:03:02   18   a series of titles here, I'm going to add a title to this
12:03:05   19   that says Do Not Consider Consequences.  Is that title
12:03:23   20   okay with everyone?
12:03:25   21           MS. ANDRUSAK:  Yes, Your Honor.
12:03:33   22           MR. SHULTZ:  No objection from me, Your Honor.
12:03:38   23           THE COURT:  You okay with that, Mr. Babbit?
12:03:40   24           MR. BABBIT:  I am.
12:03:43   25           THE COURT:  Next instruction is notes.  Any
```

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 115 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

115

| | | |
|---|---|---|
| 12:03:46 | 1 | objection to this? |
| 12:03:46 | 2 | MS. ANDRUSAK:  No, Your Honor. |
| 12:03:47 | 3 | MR. SHULTZ:  No, Your Honor. |
| 12:03:48 | 4 | MR. BABBIT:  No, Your Honor. |
| 12:03:50 | 5 | THE COURT:  Next instruction -- next instruction |
| 12:03:54 | 6 | is "neither in these instructions have I given any |
| 12:04:03 | 7 | opinion."  Any objection to this instruction? |
| 12:04:07 | 8 | MS. ANDRUSAK:  No, Your Honor. |
| 12:04:08 | 9 | MR. SHULTZ:  No objection. |
| 12:04:09 | 10 | MR. BABBIT:  No objection. |
| 12:04:11 | 11 | THE COURT:  Now I want to point out to you that |
| 12:04:14 | 12 | all of these instructions heretofore is what I will read |
| 12:04:22 | 13 | prior to commencement of trial and so you'll note that |
| 12:04:24 | 14 | the last paragraph here says, "The trial will now begin. |
| 12:04:27 | 15 | You'll hear opening statements," blah, blah, blah, |
| 12:04:30 | 16 | "Following closing arguments I will have a few remaining |
| 12:04:33 | 17 | instructions to give you," and then there are three or |
| 12:04:35 | 18 | four logistical instructions following.  But I just |
| 12:04:37 | 19 | wanted you to note that on these instructions everything, |
| 12:04:42 | 20 | including this one, will be presented at the beginning of |
| 12:04:44 | 21 | trial.  The end, which are logistical matters, are |
| 12:04:47 | 22 | presented after closing arguments, just so you understood |
| 12:04:49 | 23 | that.  And I am not going to title these logistical |
| 12:04:56 | 24 | instructions at the end. |
| 12:04:57 | 25 | Next instruction, "Your verdict must represent |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 116 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028                116

| 12:05:01 | 1 | considered judgment," any objections? |

12:05:01  1  considered judgment," any objections?

12:05:02  2  MS. ANDRUSAK:  No, Your Honor.

12:05:02  3  MR. SHULTZ:  No objection.

12:05:05  4  MR. BABBIT:  No objection.

12:05:06  5  THE COURT:  Next instruction, "A final suggestion

12:05:09  6  by the Court," any objection?

12:05:10  7  MS. ANDRUSAK:  No, Your Honor.

12:05:10  8  MR. SHULTZ:  No objection.

12:05:11  9  MR. BABBIT:  No objection.

12:05:12  10  THE COURT:  Next instruction, "Upon retiring to

12:05:14  11  the jury room," any objections?

12:05:16  12  MS. ANDRUSAK:  No, Your Honor.

12:05:16  13  MR. SHULTZ:  No objection.

12:05:18  14  MR. BABBIT:  No objection.

12:05:18  15  THE COURT:  And then last instruction, "If you

12:05:21  16  wish to communicate," any objections?

12:05:21  17  MS. ANDRUSAK:  No, Your Honor.

12:05:22  18  MR. SHULTZ:  No objections.

12:05:23  19  MR. BABBIT:  No objection.

12:05:27  20  THE COURT:  All right.  Those go through all the

12:05:29  21  proposed instructions that the Court submitted to you,

12:05:32  22  and, in the context of doing that, we've discussed, as

12:05:35  23  appropriate, some instructions that were submitted which

12:05:38  24  I did not incorporate.  Are there any remaining

12:05:43  25  objections that we've not already taken up for

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 117 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

117

| | | |
|---|---|---|
| 12:05:45 | 1 | instructions not included in this batch? |
| 12:05:53 | 2 | Hearing none, let's look at the verdict form. |
| 12:06:01 | 3 | MR. BABBIT:  Your Honor, may I -- I apologize for |
| 12:06:03 | 4 | interrupting. |
| 12:06:03 | 5 | THE COURT:  Yes, Mr. Babbit. |
| 12:06:04 | 6 | MR. BABBIT:  My jumping up didn't quite qualify on |
| 12:06:07 | 7 | your last question, but I want to further kind of carve |
| 12:06:12 | 8 | out a chance maybe for me to further consider a matter, |
| 12:06:19 | 9 | but I want to go back to a question I asked of you.  We |
| 12:06:22 | 10 | were going over the maintaining drug involved premises |
| 12:06:26 | 11 | instruction, which on my set is page -- well, for |
| 12:06:32 | 12 | Mr. Lewis it's page 32, for Mr. Vontress it's page 35. |
| 12:06:42 | 13 | And what I am simply trying to figure out is the Tenth |
| 12:06:47 | 14 | Circuit instruction for that particular offense simply |
| 12:06:53 | 15 | describes and says -- in the elements section of that |
| 12:06:58 | 16 | instruction, simply lays out the -- if defendant used -- |
| 12:07:07 | 17 | actually, what it does is it asks the question "Did the |
| 12:07:13 | 18 | defendant manufacture, distribute or" -- it seems like |
| 12:07:16 | 19 | there's some other verb in there, but you choose between |
| 12:07:19 | 20 | whether it's manufacturing or distributing, basically, |
| 12:07:23 | 21 | the identified drug.  And that's all it says. |
| 12:07:28 | 22 | I had, I think -- where's my -- for the purpose -- |
| 12:07:44 | 23 | it's "for the purpose of unlawfully manufacturing, |
| 12:07:47 | 24 | storing, distributing or using a controlled substance." |
| 12:07:51 | 25 | And so it's -- in our case, in my client's particular |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 118 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028          118

| | | |
|---|---|---|
| 12:07:54 | 1 | case, it's obviously for distributing cocaine or, I |
| 12:08:05 | 2 | guess, methamphetamine, depending on which conspiracy |
| 12:08:07 | 3 | charge you're talking about.  But the language in the |
| 12:08:11 | 4 | instruction says "for the purpose of storing, using, |
| 12:08:14 | 5 | manufacturing, distributing meth."  It adds "purpose of |
| 12:08:19 | 6 | storing" or "using."  And I'm just noting that that's |
| 12:08:24 | 7 | different than what the 18 U.S.C. 856 statute prohibits, |
| 12:08:34 | 8 | and it's different than what -- that language is not in |
| 12:08:40 | 9 | the Tenth Circuit pattern instruction. |
| 12:08:41 | 10 | So it may very well be that that language comes |
| 12:08:46 | 11 | from some -- you know, some description of the law which |
| 12:08:51 | 12 | permits adding that in, but at the present point, |
| 12:08:59 | 13 | because, you know, a violation of 21-856(a)(1), |
| 12:09:06 | 14 | maintaining anyplace for the purpose of manufacturing, |
| 12:09:09 | 15 | distributing or using a controlled substance, the |
| 12:09:12 | 16 | language -- the additional language contained in the |
| 12:09:16 | 17 | first element of that instruction adds more information |
| 12:09:20 | 18 | to it, and I question whether that's proper. |
| 12:09:22 | 19 | THE COURT:  So, first of all, it looks to me like |
| 12:09:26 | 20 | the language in that instruction mirrors the indictment. |
| 12:09:34 | 21 | Is that correct?  Storing -- you're objecting to "storing |
| 12:09:37 | 22 | and using"? |
| 12:09:38 | 23 | MR. BABBIT:  Yes. |
| 12:09:43 | 24 | THE COURT:  Well, actually "storing" is not in the |
| 12:09:46 | 25 | indictment, at least on Count 8.  What's the other one, |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 119 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028          119

| | | |
|---|---|---|
| 12:09:51 | 1 | Count 10? |
| 12:09:56 | 2 | MS. ANDRUSAK:  Your Honor, we included that |
| 12:09:58 | 3 | because in the indictment we charged 856(a)(1) and |
| 12:10:02 | 4 | (a)(2), and in (a)(2) it does say, at the bottom, |
| 12:10:08 | 5 | "manufacturing, storing, distributing or using a |
| 12:10:10 | 6 | controlled substance."  So that's why we added the |
| 12:10:14 | 7 | terminology to cover both subsection (1) and (2), since |
| 12:10:17 | 8 | both are charged in the indictment. |
| 12:10:21 | 9 | THE COURT:  Okay.  Well (a)(1) and (a)(2) are |
| 12:10:29 | 10 | referenced in the indictment, but the indictment itself |
| 12:10:32 | 11 | does not charge "storing."  So if it does not charge |
| 12:10:43 | 12 | "storing," I'm not sure it's appropriate.  Even though |
| 12:10:45 | 13 | the statute would have allowed you to charge "storing," |
| 12:10:47 | 14 | you didn't.  So I'm not sure in that case it's |
| 12:10:50 | 15 | appropriate to include "storing" in the instruction. |
| 12:10:57 | 16 | MR. BABBIT:  And in my case, at least, I mean, |
| 12:11:00 | 17 | it's an (a)(1) section.  I mean, I understand maybe |
| 12:11:03 | 18 | others.  But, I mean, it's obvious the Government -- my |
| 12:11:07 | 19 | client lived -- or at least the Government has a |
| 12:11:09 | 20 | ridiculous amount of evidence it's going to present that |
| 12:11:12 | 21 | my client lived at the residence, so it's not an (a)(2), |
| 12:11:15 | 22 | "manage or control"; it's a "knowingly lease, rent, use |
| 12:11:23 | 23 | or maintain anyplace."  So at least for my particular |
| 12:11:25 | 24 | jury instruction, in my -- to me it's an (a)(1) only |
| 12:11:31 | 25 | anyway. |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 120 of 134

2-24-22   USA v. LEWIS, et al. No. 20-10028

120

| | | |
|---|---|---|
| 12:11:35 | 1 | THE COURT:  I'm not sure that (a)(2) would, by its |
| 12:11:39 | 2 | terms, exclude a situation in which the defendant resided |
| 12:11:43 | 3 | at the residence. |
| 12:11:45 | 4 | MR. BABBIT:  Hmm. |
| 12:11:46 | 5 | THE COURT:  It says "manage or control anyplace |
| 12:11:49 | 6 | either as an owner, lessee, agent, occupant" -- (a)(2) |
| 12:11:54 | 7 | has the word "occupant."  So I'm not sure that (a)(2) |
| 12:11:59 | 8 | excludes the fact that your client -- I mean, that (a)(2) |
| 12:12:02 | 9 | is excluded by the fact that your client lived there. |
| 12:12:06 | 10 | MR. BABBIT:  That raises the question to me, if |
| 12:12:08 | 11 | that were the case, why do we have them broke up that |
| 12:12:11 | 12 | way?  It seems to me pretty clear the way -- |
| 12:12:13 | 13 | THE COURT:  Why do we have them broke up in what |
| 12:12:16 | 14 | way? |
| 12:12:17 | 15 | MR. BABBIT:  If (a)(2) covers (a)(1), then why |
| 12:12:20 | 16 | have (a)(1)? |
| 12:12:21 | 17 | THE COURT:  That's a question for Congress.  I'm |
| 12:12:23 | 18 | not here to defend their decisions. |
| 12:12:25 | 19 | MR. BABBIT:  It just -- it seemed to me that |
| 12:12:29 | 20 | that's if you have an absent owner who's controlling the |
| 12:12:32 | 21 | place or a person who's -- |
| 12:12:34 | 22 | THE COURT:  That's a question for Congress. |
| 12:12:35 | 23 | MR. BABBIT:  Understood.  Okay. |
| 12:12:37 | 24 | THE COURT:  Ms. Andrusak? |
| 12:12:38 | 25 | MS. ANDRUSAK:  Your Honor, and I may be getting |

2-24-22  USA v. LEWIS, et al. No. 20-10028       121

```
12:12:42   1   lost here in all this, but based on the indictment -- and
12:12:45   2   I have the redacted one in front of me -- the
12:12:48   3   second-to-last sentence says, so after, for example --
12:12:52   4        THE COURT:  The second-to-last sentence.  I'm
12:12:53   5   sorry, go ahead.
12:12:54   6        MS. ANDRUSAK:  It says, "did knowingly and
12:12:58   7   intentionally make available for use, with or without
12:13:00   8   compensation, and maintained said residence for the
12:13:03   9   purpose of unlawful storing, using, manufacturing, and
12:13:05  10   distributing methamphetamine and marijuana."
12:13:08  11        THE COURT:  It does say "storing" there.
12:13:11  12        MS. ANDRUSAK:  And it says the same in Count 10.
12:13:14  13        THE COURT:  It says the same in Count 10.  So I
12:13:18  14   focused on the first lines, but you're right, both counts
12:13:21  15   do charge "storing."  So given this discussion,
12:13:26  16   Mr. Babbit, do we have a -- what's the status of your
12:13:31  17   concern with respect to these instructions?
12:13:45  18        MR. BABBIT:  I guess I'll simply state that I feel
12:13:51  19   that this is a -- clearly and understandably an 856(a)(1)
12:13:58  20   charge and that instruction under that -- under those
12:14:02  21   elements ought to be given.  I understand the Court's --
12:14:06  22        THE COURT:  Well, prosecution has the discretion
12:14:08  23   to bring charges under whichever statutes it wants, and
12:14:12  24   obviously if they bring statutes under charges -- I'm
12:14:14  25   sorry, if they bring charges under statutes that are not
```

2-24-22  USA v. LEWIS, et al. No. 20-10028

122

| | | |
|---|---|---|
| 12:14:17 | 1 | applicable -- |
| 12:14:18 | 2 | MR. BABBIT:  Yeah. |
| 12:14:18 | 3 | THE COURT:  -- then you can defend against them, |
| 12:14:21 | 4 | but the decision as to which statutes to charge under is |
| 12:14:24 | 5 | a decision vested in the prosecution, and of course the |
| 12:14:27 | 6 | language of the statutes themselves are decision vested |
| 12:14:30 | 7 | in Congress.  Those are both Article I and Article II |
| 12:14:34 | 8 | decisions, I'm but a lowly Article III judge. |
| 12:14:37 | 9 | MR. BABBIT:  It seems possible that if the jury |
| 12:14:40 | 10 | decided that my client maintained the residence but |
| 12:14:44 | 11 | didn't actually control it, then we got a problem. |
| 12:14:47 | 12 | THE COURT:  Well, he has to maintain it for the |
| 12:14:50 | 13 | purposes enumerated. |
| 12:14:51 | 14 | MR. BABBIT:  Right.  But in this -- and the way |
| 12:14:54 | 15 | this element reads, the "maintain," that includes storing |
| 12:14:58 | 16 | it, when maintaining is under 856(a)(1) doesn't permit |
| 12:15:03 | 17 | storing. |
| 12:15:03 | 18 | THE COURT:  But (a)(2)'s also charged. |
| 12:15:06 | 19 | MR. BABBIT:  I understand that.  But they're not |
| 12:15:10 | 20 | broken out as two separate charges. |
| 12:15:12 | 21 | THE COURT:  I don't think they have to be. |
| 12:15:15 | 22 | MR. BABBIT:  I guess that just raises a question |
| 12:15:18 | 23 | to me about how -- if a jury decided that it was a |
| 12:15:22 | 24 | maintaining scenario, where my client maintained the |
| 12:15:25 | 25 | residence -- I mean, this is getting, again, academic. |

JOHANNA L. WILKINSON, CSR, CRR, RMR
U.S. District Court, 401 N. Market, Wichita, KS 67202
(316) 315-4334

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 123 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

123

12:15:31  1  But if the jury decided that then it could also, under

12:15:35  2  the terms of this instruction, consider the evidence of

12:15:39  3  storing as satisfying the element when maintaining the

12:15:45  4  residence wouldn't.

12:15:48  5        THE COURT:  Mr. Babbit, I apologize, but I'm not

12:15:50  6  sure I'm tracking --

12:15:52  7        MR. BABBIT:  Yeah.

12:15:53  8        THE COURT:  -- at this point your concern.

12:15:59  9        MR. BABBIT:  Well, I think I made my request

12:16:02  10  clear.  The Court's made its comments clear, and we'll

12:16:07  11  leave it at that.

12:16:08  12        THE COURT:  All right.  Very well.

12:16:11  13        Anything else, as I said, that was not included in

12:16:16  14  these instructions that the parties think should be, or

12:16:28  15  that we need to revisit?

12:16:34  16        MR. BABBIT:  None from me.

12:16:37  17        MR. SHULTZ:  None from Mr. Lewis.

12:16:41  18        THE COURT:  Okay.  Government?

12:16:42  19        MS. ANDRUSAK:  Nothing else from the Government,

12:16:44  20  Your Honor.

12:17:47  21        (Off-the-record discussion.)

12:18:11  22        THE COURT:  Okay.  Ms. Andrusak, Mr. Schmidt's

12:18:16  23  pointed out to me that Count 5 of the indictment, the

12:18:21  24  conspiracy and cocaine charge, contains a section

12:18:25  25  "quantity of cocaine involved in the conspiracy."  And

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 124 of 134
2-24-22    USA v. LEWIS, et al. No. 20-10028

124

| | | |
|---|---|---|
| 12:18:28 | 1 | we discussed this earlier with respect to redacting the |
| 12:18:30 | 2 | indictment, that we were going to leave the quantity |
| 12:18:33 | 3 | sections in but then eliminate everything after the overt |
| 12:18:36 | 4 | acts.  But you've indicated you do not intend to pursue |
| 12:18:39 | 5 | charges related to quantity on cocaine. |
| 12:18:42 | 6 | MS. ANDRUSAK:  Yes, Your Honor. |
| 12:18:43 | 7 | THE COURT:  All right.  So should this section of |
| 12:18:46 | 8 | Count 5 also be redacted from what we give to the jury? |
| 12:18:50 | 9 | MS. ANDRUSAK:  I think yes.  The reason the |
| 12:18:52 | 10 | Government didn't -- |
| 12:18:54 | 11 | THE COURT:  Right, you indicated that you lab -- |
| 12:18:56 | 12 | lab test indicated that was not an element you could |
| 12:18:59 | 13 | prove. |
| 12:18:59 | 14 | MS. ANDRUSAK:  Yes. |
| 12:19:00 | 15 | THE COURT:  I respect that.  But Mr. Schmidt just |
| 12:19:03 | 16 | pointed out to me that's still in the indictment.  It's |
| 12:19:06 | 17 | not in the instructions.  But as we're redacting the |
| 12:19:08 | 18 | indictment and leaving the quantity section in on the |
| 12:19:11 | 19 | other conspiracy charges, should we take it out with |
| 12:19:14 | 20 | respect to Count 5? |
| 12:19:14 | 21 | MS. ANDRUSAK:  I believe so, Your Honor. |
| 12:19:18 | 22 | THE COURT:  All right.  We'll do that. |
| 12:19:20 | 23 | Let's go to our verdict form.  And I have to tell |
| 12:19:23 | 24 | you, I'm quite confident I've never had a verdict form |
| 12:19:31 | 25 | this long, as either a judge or someone in practice.  And |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 125 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028    125

12:19:37  1  I don't think it's inappropriately long.  I think that's

12:19:41  2  the nature of how the case is charged.  But I'm not

12:19:43  3  really sure how to go through this verdict form on this

12:19:49  4  instruction conference.

12:19:53  5       So this is the Government's verdict form.  I

12:19:57  6  made -- I think the only change I made to it was I added

12:20:01  7  the last question, which I always do, "Were all your

12:20:04  8  answers unanimous," and I added the signature block.  So

12:20:07  9  I'm assuming the Government has no objections to this

12:20:09  10  verdict form?

12:20:10  11       MS. ANDRUSAK:  No, Your Honor.

12:20:10  12       THE COURT:  So I think the only way I know to

12:20:13  13  approach this, instead of slogging through each of the 28

12:20:16  14  questions on the verdict form, is to ask the defendants

12:20:21  15  to address to me any objections they have to this verdict

12:20:24  16  form.  And to the extent we get into the particulars,

12:20:27  17  we'll address them accordingly, but I think that's a

12:20:29  18  better way to approach this.

12:20:31  19       Mr. Shultz?

12:20:32  20       MR. SHULTZ:  Your Honor, I looked through it.  At

12:20:34  21  this point I don't see -- I didn't have any objections

12:20:36  22  that I saw.  I think this is kind of how it's handled, is

12:20:42  23  ask the guilt question first, then the quantity question.

12:20:48  24  I didn't see any objection.

12:20:50  25       THE COURT:  I typically don't give the verdict

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 126 of 134

2-24-22    USA v. LEWIS, et al. No. 20-10028    126

12:20:53  1  form to the jury until after the trial.  I give them the

12:20:59  2  instructions, as you know.  I typically don't give them

12:21:01  3  the verdict form until after trial.  And partly I don't

12:21:04  4  want them to start filling it out.  These are the

12:21:06  5  concerns that Mr. Babbit, I think, raised earlier.

12:21:09  6      In this particular case I only have four

12:21:14  7  alternates.  If I give them the verdict form on day one,

12:21:16  8  you may not have 12 people come back on day two.  I'm

12:21:20  9  kidding, in part.  But, anyway, I'm not going to give

12:21:25  10  this until the end, for my first reason stated.

12:21:30  11      Mr. Babbit, do you have any generalized objections

12:21:32  12  or particularized objections to make at this point?

12:21:35  13      MR. BABBIT:  I don't.

12:21:38  14      THE COURT:  All right.  Okay.  I'm going to -- and

12:21:40  15  when I say "I'm going to," I really mean my law clerk,

12:21:43  16  Mr. Schmidt -- is going to adopt all these changes that

12:21:46  17  we've made, and probably today I'll send you another --

12:21:52  18  an updated version, hopefully not corrupted, of the final

12:21:57  19  form we've adopted here.  That may be a bit difficult to

12:22:00  20  do because it's going to take some work to get the

12:22:02  21  redacted indictment included in this.  But as soon as you

12:22:08  22  get this, if you see any errors, we need to know this

12:22:15  23  immediately.  I suppose I could know that as late as

12:22:19  24  Monday, but of course on Tuesday we're reading this to

12:22:22  25  the jury, after which they have it.

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 127 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028      127

12:22:26  1          We have two other matters to take up, which I,

12:22:33  2     frankly, had almost forgotten until Mr. Shultz made a

12:22:36  3     comment.  Mr. Shultz had an objection to a late-disclosed

12:22:45  4     witness, and then Mr. Babbit had a motion in limine.  I'm

12:22:49  5     not clear from your earlier comments, Mr. Babbit, if

12:22:54  6     your -- whether or not perhaps your concerns with respect

12:22:57  7     to the motion in limine have now been adequately

12:22:59  8     addressed, or whether there are still matters you wish to

12:23:03  9     take up regarding your motion in limine.

12:23:05  10         MR. BABBIT:  Right.  I don't think there's

12:23:06  11    anything that this court can address prior to hearing --

12:23:12  12    prior to presentation of evidence regarding the motion in

12:23:14  13    limine that I filed.

12:23:16  14         THE COURT:  All right.  And as we discussed this,

12:23:19  15    even at the *James* hearing, I put limitations on some of

12:23:23  16    these issues with respect to fact expert giving opinion,

12:23:28  17    invading the province of the jury.  I'm obviously not

12:23:31  18    going to review all that.  But as we discussed at that

12:23:33  19    hearing, to the extent that as testimony progresses along

12:23:37  20    those lines an objection arises, we'll of course take it

12:23:39  21    up at that point.

12:23:41  22         MR. BABBIT:  I mean, I can just echo -- I mean,

12:23:43  23    the last sentence of that motion just made the gist of my

12:23:48  24    concern as best I could, which was if the questions -- if

12:23:54  25    general questions are asked of Agent Heath, what was his

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 128 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028      128

12:23:59   1   conversation about, to me, that's going to almost for

12:24:02   2   sure elicit an impermissible response, whereas if a

12:24:06   3   target question about "What does this mean?" "What does

12:24:09   4   that mean?" that's permitted under the Court's --

12:24:12   5        THE COURT:  I would anticipate that the questions

12:24:14   6   to Agent Heath or the other agents are going to be "What

12:24:17   7   did the recordings show?"  And to the extent that slang

12:24:20   8   terms are used, which of course they were extensively,

12:24:24   9   "In your training and experience, what does that term

12:24:26  10   mean?"   And I think those are appropriate questions.

12:24:29  11        MR. BABBIT:  (Nods head.)

12:24:30  12        THE COURT:  Any issues on this field, Government,

12:24:33  13   that you think we need to further address?

12:24:37  14        MR. TREASTER:  No, Your Honor, I don't think so.

12:24:40  15        THE COURT:  All right.  So now I have a motion

12:24:46  16   pending I have to decide on my granting it, denying it,

12:24:49  17   declaring it moot.  I have to rule on these motions on

12:24:53  18   our docket.  I mean, I think your concerns that you

12:25:01  19   express are consistent with what I've indicated before.

12:25:04  20        MR. BABBIT:  Oh.

12:25:05  21        THE COURT:  So I think I'm going to technically

12:25:07  22   grant the motion in limine, but I don't think it says

12:25:09  23   anything new beyond what we've said before.

12:25:11  24        Are there any objections to me treating it that

12:25:13  25   way?

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 129 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

129

| | | |
|---|---|---|
| 12:25:14 | 1 | MR. TREASTER:  No, Your Honor. |
| 12:25:14 | 2 | THE COURT:  All right.  So, Mr. Shultz, you filed |
| 12:25:17 | 3 | an objection.  I'm trying to find it here.  You filed an |
| 12:25:21 | 4 | objection to a witness who was lately disclosed.  The |
| 12:25:26 | 5 | Government addressed that objection on kind of an unusual |
| 12:25:33 | 6 | fact basis.  Let's take that objection up next.  You, I'm |
| 12:25:43 | 7 | sure, Mr. Shultz, have had an opportunity to read the |
| 12:25:45 | 8 | Government's response to your motion. |
| 12:25:47 | 9 | MR. SHULTZ:  I did, Your Honor. |
| 12:25:48 | 10 | THE COURT:  So why don't you start and go first in |
| 12:25:55 | 11 | reply to that response. |
| 12:25:57 | 12 | MR. SHULTZ:  Yes, Your Honor.  In reply to the |
| 12:25:59 | 13 | response, I would say that Mr. Henderson's identity was |
| 12:26:03 | 14 | inadvertently disclosed to all the parties in the case |
| 12:26:07 | 15 | months ago, and so to the extent that not revealing his |
| 12:26:14 | 16 | identity was the motivation for not revealing it -- not |
| 12:26:18 | 17 | disclosing a chemist who tested drugs a year and a half |
| 12:26:21 | 18 | ago related to Mr. Henderson, I think that justification |
| 12:26:26 | 19 | is not sufficient in this case.  And I think the |
| 12:26:30 | 20 | disclosure of Mr. Riddle's opinions and/or qualifications |
| 12:26:37 | 21 | and/or possible testimony could have been disclosed even |
| 12:26:39 | 22 | perhaps with redactions as to what drugs he was testing |
| 12:26:43 | 23 | or things like that. |
| 12:26:45 | 24 | So, in other words, I don't think that the |
| 12:26:47 | 25 | justification for the late disclosure is enough to |

12:26:49   1   justify the late disclosure, and I think that two weeks

12:26:53   2   before trial is not sufficient, Your Honor.

12:26:54   3        THE COURT:  So I've always assumed that one of the

12:26:59   4   most frustrating parts of the Federal Rules of Criminal

12:27:05   5   Procedure for defense counsel is the Jencks Act.  In

12:27:07   6   practice, the Government almost never stands on the full

12:27:12   7   extent of its rights under the Jencks Act, but there's

12:27:17   8   court authority that they can.  And I think, actually,

12:27:24   9   probably 15 to 20 years ago Judge Marten compelled them

12:27:28  10   to do something beyond what they wanted to do or were

12:27:31  11   required to do under the Jencks Act, and the Tenth

12:27:33  12   Circuit said they don't have to do that.

12:27:34  13        So understanding your frustrations and

12:27:41  14   understanding the extent to which this disclose -- quite

12:27:47  15   apart from the reasons for the late disclosure,

12:27:50  16   understanding that late disclosure was not in full

12:27:53  17   compliance with my pretrial order, I have to assume that

12:27:59  18   the criminal rules supplement -- not supplement, but

12:28:02  19   supersede, supplant my pretrial order, and one of the

12:28:08  20   Government's arguments that they make in their response,

12:28:10  21   that they've not done anything other than what they're

12:28:14  22   entitled to do under the Jencks Act law.

12:28:17  23        MR. SHULTZ:  And, Your Honor, so my argument -- my

12:28:19  24   motion was probably -- or my objection was probably based

12:28:23  25   on 'cause -- I'll maybe be too candid here -- 'cause I

**JOHANNA L. WILKINSON, CSR, CRR, RMR**
U.S. District Court, 401 N. Market, Wichita, KS 67202
(316) 315-4334

2-24-22  USA v. LEWIS, et al. No. 20-10028

131

```
12:28:28    1  was reading thinking I thought there was a time limit
12:28:30    2  there somewhere in the rules.
12:28:31    3         THE COURT:  There was.  I imposed one.
12:28:33    4         MR. SHULTZ:  And I read through the rules and it's
12:28:35    5  like there wasn't a time limit, so it must have been your
12:28:37    6  order --
12:28:37    7         THE COURT:  It was my order.
12:28:38    8         MR. SHULTZ:  -- so my basis was your order, and
12:28:41    9  that would be the objection, but I understand the ruling
12:28:42   10  about the Jencks Act.
12:28:43   11         THE COURT:  Yeah, so my inclination is they're
12:28:46   12  entitled to do this.  And I think in this case they had
12:28:48   13  good justification.  I understand you think maybe it's
12:28:51   14  not as good as they thought it was --
12:28:52   15         MR. SHULTZ:  Yeah.
12:28:52   16         THE COURT:  -- but the Jencks Act doesn't really
12:28:54   17  require them to have justification.  They, as I said,
12:28:56   18  they almost never go that far, but they're entitled to.
12:29:01   19         MR. SHULTZ:  Yeah.
12:29:02   20         THE COURT:  As it's, as I read it, vested in their
12:29:05   21  discretion under the rules.
12:29:06   22         MR. SHULTZ:  Yes, Your Honor, I understood and I
12:29:09   23  will concur with the Court's, that one of the most
12:29:11   24  frustrating aspects of the criminal rules for us is the
12:29:15   25  Jencks Act.
```

| | | |
|---|---|---|
| 12:29:15 | 1 | THE COURT: I think it is. I fully appreciate |
| 12:29:17 | 2 | that. But as I said in the conversation with Mr. Babbit |
| 12:29:19 | 3 | earlier, take that up with Congress. |
| 12:29:22 | 4 | I think that was the only motion in limine I had. |
| 12:29:26 | 5 | I think that was the only witness or exhibit objection I |
| 12:29:29 | 6 | had. Are there any other matters that we need to take up |
| 12:29:33 | 7 | while we're gathered here today before we convene Monday |
| 12:29:36 | 8 | to start trial? |
| 12:29:38 | 9 | MR. TREASTER: The Government doesn't have |
| 12:29:39 | 10 | anything further, Your Honor. Thank you. |
| 12:29:41 | 11 | MR. SHULTZ: Nothing further on our behalf, Your |
| 12:29:45 | 12 | Honor. |
| 12:29:45 | 13 | MR. BABBIT: Nothing further, Judge. Thank you. |
| 12:29:46 | 14 | THE COURT: All right. Well, counsel, I |
| 12:29:48 | 15 | appreciate the hard work you all have done through the |
| 12:29:51 | 16 | purpose of -- or the course of this hearing. I assume |
| 12:29:55 | 17 | that, to the extent you need trial or exhibit rooms, |
| 12:30:01 | 18 | you've talked to Ms. McKee about that. As I said, if |
| 12:30:06 | 19 | there are problems with the instructions, which we'll |
| 12:30:08 | 20 | send out to you, let me know promptly, and otherwise |
| 12:30:11 | 21 | we'll convene at 9:00 o'clock Monday morning in the |
| 12:30:16 | 22 | second floor courtroom. |
| 12:30:17 | 23 | I will convene court before we bring the first |
| 12:30:23 | 24 | panel of -- in fact, let's just say be there by 8:45, if |
| 12:30:28 | 25 | you would, just in case there are any final matters that |

Case 6:20-cr-10028-EFM    Document 926    Filed 08/10/22    Page 133 of 134

2-24-22  USA v. LEWIS, et al. No. 20-10028

133

| | |
|---|---|
| 12:30:30 | 1 |
| 12:30:33 | 2 |
| 12:30:37 | 3 |
| 12:30:39 | 4 |
| 12:30:39 | 5 |
| 12:30:40 | 6 |

1  we need to take up before we bring the jury up.  I would

2  like to start as promptly close to 9:00 as we can.  So if

3  there's nothing further, we're in recess.

4          CLERK SCHMIDT:  All rise.

5          (Whereupon, the proceedings were concluded at

6  12:30 P.M.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

I, Johanna L. Wilkinson, United States Court Reporter in and for the District of Kansas, do hereby certify:

That the above and foregoing proceedings were taken by me at said time and place in stenotype;

That thereafter said proceedings were transcribed under my direction and supervision by means of computer-aided transcription, and that the above and foregoing constitutes a full, true and correct transcript of said proceedings;

That I am a disinterested person to the said action.

IN WITNESS WHEREOF, I hereto set my hand on this the 10th day of August, 2022.


                         s/ Johanna L. Wilkinson
                         Johanna L. Wilkinson, CSR, CRR, RMR
                         United States Court Reporter