**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

TRAVIS VONTRESS,

*Defendant*.

Case No. 20-CR-10028-EFM-19
25-CV-01200-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant-Petitioner Travis Vontress's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1055). Vontress seeks relief via an evidentiary hearing and a reduction to his sentence. He raises five grounds in support of his request for relief, which are discussed in detail throughout this Order. For the reasons discussed below, the Court denies Vontress's Motion.

## I. Factual & Procedural Background

### A. Vontress's Trial

On February 26, 2020, a grand jury charged Vontress along with 23 co-defendants for multiple violations of federal law committed in a conspiracy to distribute various controlled substances ("the conspiracy").[1] Three of these co-defendants were Travis Knighten, one of the

[1] A superseding indictment was later brought, reducing the number of defendants in the case from 24 to 22. Doc. 392 at 1–3.

leaders of the conspiracy, Trevor Wells, a co-defendant who testified against Vontress at trial, and Kevin Lewis, the only co-defendant tried with Vontress.

According to the government's Response to Vontress's Motion, a few months after the initial indictment, the government learned of a murder-for-hire plot orchestrated by Knighten and Lewis to kill a list of people involved in the conspiracy, including Vontress. The government then learned of a second murder-for-hire plot orchestrated by Lewis and Wells, which did not involve targeting Vontress. Agents of the Federal Bureau of Investigation ("FBI") investigated these plots. On July 1, 2020, an FBI agent contacted Vontress's trial counsel, Kevin Babbit, over the phone and informed him of the murder-for-hire plots against Vontress. This is confirmed in an affidavit by Babbit attached to Vontress's Memorandum in Support of the Motion, though the affidavit states that none of the individuals involved were identified during this call. Ultimately, nothing came of these murder-for-hire plots, and the FBI investigation was closed. The government states that it provided the murder-for-hire evidence to Vontress's trial counsel via an online drop-box but that Vontress's trial counsel never opened this discovery. The affidavit by Vontress's trial counsel never addresses this. It merely states that the discovery "received and reviewed prior to and during the trial in this case did not contain any reports or allegations that [Wells] or [Lewis] had attempted to kill [Vontress] or have him killed."[2]

On September 9, 2021, the government made a plea offer to Vontress, suggesting that he plead guilty under Federal Rule of Criminal Procedure 11(c)(1)(C) with a joint sentence recommendation of 135 to 168 months' custody. On January 31, 2022, the government made the same offer. Both times, Vontress rejected the offer.

---

[2] Doc. 1056, Ex. A.

Some of the government's evidence in the case against Vontress and his co-defendants consisted of phone calls intercepted through wiretaps. FBI agents made three successive applications for wiretaps during their investigation of the conspiracy, each of which was granted. The authorizations for these wiretap applications were challenged by Vontress and his co-defendants, who argued that the signatures on the authorizations were defective. The Court conducted a hearing on the motion to suppress these authorizations on February 10, 2022, and a week later issued an Order finding the wiretap applications were properly authorized and denying the motion to suppress.

Vontress and Lewis were tried together on February 28, 2022. On March 3, 2022, during the testimony of government witness Agent Cameron Heath, one of the jurors fell ill and started vomiting in the jury box. A roughly hour-long recess was taken so the courtroom could be cleaned and the juror could be excused to change clothes. Nothing in the record reflected that the juror and Agent Heath had any contact during or after the incident.

On March 15, 2022, the jury returned a guilty verdict for both Vontress and Lewis on numerous charges.[3] On June 22, 2022, this Court sentenced Vontress to 295 months' imprisonment.

**B. Vontress's Appeal**

Vontress directly appealed his convictions to the Tenth Circuit Court of Appeals. During his appeal, Vontress learned of the murder-for-hire plot against him. Vontress thus argued that the government committed a *Brady* violation by failing to disclose the murder-for-hire evidence and

[3] Vontress was found guilty on the following charges: conspiracy to distribute methamphetamine, conspiracy to distribute heroin, conspiracy to distribute cocaine, maintaining a drug involved premises, two counts of using of a communication facility to facilitate a drug trafficking crime, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime.

that he was denied effective assistance of counsel when his attorney failed to open the discovery containing the murder-for-hire evidence. He further argued that this Court erred in denying his motion to suppress the wiretap evidence. Vontress attempted to supplement the appellate record with the affidavit and declaration attached to his current Motion, but the Tenth Circuit denied the motion to supplement.

The Tenth Circuit rejected Vontress's three arguments.[4] Regarding the *Brady* argument, the Tenth Circuit reasoned that, even assuming "that the government suppressed the murder-for-hire evidence, Vontress [had] not shown that it was favorable."[5] "Rather than showing Vontress's innocence, the evidence [tended] to establish his guilt: to have enough incriminating information that his co-conspirators would want him taken care of, Vontress likely was involved in the organization."[6] It further found that the evidence was immaterial because it could not "undermine the evidence of [Vontress's] own criminal conduct with Lewis's and Wells's actions, which were tangential to and occurred after Vontress committed the crimes."[7]

The Tenth Circuit also rejected Vontress's ineffective assistance of counsel claim. Vontress asserted that, had he known about the murder-for-hire evidence, he would have accepted the plea offer made to him by the government prior to trial. The court disagreed with Vontress that the cases cited in support of his argument provided grounds to reinstate his original plea offer.[8] It found that, "[e]ven assuming that Vontress's counsel was deficient, Vontress [had] not shown a reasonable probability that he would have accepted the government's plea offer had he known

---

[4] *United States v. Vontress*, 2024 WL 5074634, at *7 (10th Cir. Sep. 10, 2024).

[5] *Id.* at *4.

[6] *Id.* (alterations omitted).

[7] *Id.*

[8] *Id.* at *6.

about the murder-for-hire evidence."[9] It "doubt[ed] that he would have pleaded guilty after learning that his fears were true and without guaranteed protection."[10]

Finally, the Tenth Circuit refused to reverse Vontress's conviction on the basis that this Court erred in allowing the wiretap evidence to be admitted. The Tenth Circuit had already addressed the substance of Vontress's contention in an appeal by his co-defendant, Lewis.[11] Thus, it "consider[ed] the wiretap-authorization issue resolved."[12] Consequently, the Tenth Circuit affirmed Vontress's convictions.

On September 9, 2025, Vontress brought the current Motion before the Court.

## II. Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[9] *Id.* (quotation marks omitted).

[10] *Id.*

[11] *United States v. Lewis*, 116 F.4th 1144, 1168–77 (10th Cir. 2024).

[12] *Vontress*, 2024 WL 5074634, at *6.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[13] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[14] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[15]

Additionally, Vontress appears pro se in arguing his Motion. Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[16] A pro se litigant is entitled to a liberal construction of his pleadings.[17] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[18] For that reason, courts shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[19]

## III. Analysis

Vontress brings five grounds for holding an evidentiary hearing and for vacating his sentence under § 2255. Three of these grounds were raised on direct appeal to the Tenth Circuit

---

[13] 28 U.S.C. § 2255(b).

[14] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[15] *See id.* at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[16] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[17] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

while two of these grounds were not. The Court addresses each of these below, first discussing the grounds originally raised on direct appeal and then discussing Vontress's new arguments.

**C. Vontress's Arguments Raised on Direct Appeal**

The government contends that the law of the case doctrine precludes § 2255 relief for three of Vontress's five grounds: (1) *Brady* violations regarding the government's failure to disclose the murder-for-hire evidence; (2) ineffective assistance of counsel resulting from Vontress's trial counsel's failure to open, review, and investigate the murder-for-hire evidence; and (3) error by this Court in denying a motion to suppress evidence involving the wiretap authorizations. Specifically, the government argues the Tenth Circuit Court already rejected these arguments on direct appeal, and that decision should govern here.

Vontress did in fact raise these three arguments on appeal.[20] The only new development concerning these arguments involves the affidavit by Vontress's trial counsel and a declaration by Vontress himself attached to Vontress's Memorandum. In the affidavit, Vontress's trial counsel states that, had trial counsel reviewed the murder-for-hire evidence, he would have considered severing the trial. He further states his belief that Vontress would have reconsidered the decision rejecting the government's plea offer had he known about the murder-for-hire evidence. Vontress affirms this in his declaration. As mentioned above, Vontress moved to supplement the appellate record with this affidavit, but the Tenth Circuit rejected this motion.[21]

"The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"[22] It

[20] *See Vontress*, 2024 WL 5074634, at *3.

[21] *Id.*

[22] *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

"applies in criminal as well as civil cases."[23] "Under the law-of-the-case doctrine, courts ordinarily . . . refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal."[24] Courts recognize exceptions to the law of the case doctrine in "three exceptionally narrow circumstances: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice."[25] The Court thus analyzes Vontress's three arguments to determine whether any of the three exceptions to the law of the case doctrine apply.

*1.* Brady *Violations*

The Court finds that the law of the case doctrine applies with respect to Vontress's *Brady* argument. "In *Brady*, the Supreme Court held that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment.'"[26] This principle was "extended to require disclosure by the prosecutor even when the defendant has not requested the withheld material or has made only a general request, and to cover impeachment evidence as well as exculpatory evidence."[27] "A *Brady* violation has three essential elements: '[t]he evidence at issue must be favorable to the accused,

---

[23] *Id.* at 116.

[24] *United States v. Trent*, 884 F.3d 985, 994–95 (10th Cir. 2018) (brackets omitted) (quoting *Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013)).

[25] *Id.* at 995 (quotation marks omitted) (quoting *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998)).

[26] *United States v. Erickson*, 561 F.3d 1150, 1162 (10th Cir. 2009) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

[27] *Id.* (citations omitted).

either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'"[28]

Vontress contends that the government violated the dictates of *Brady* by failing to disclose the murder-for-hire evidence pertaining to Wells, one of the government's witnesses, and Lewis, Vontress's co-defendant. Without this evidence, Vontress argues he was prevented from undermining the government's case at trial, asserting that his trial and Lewis's trial be severed, engaging in and evaluating plea negotiations, accepting the plea offer, and making an informed decision as to whether he should exercise his right to testify at trial.

These contentions are the same as those advanced by Vontress on direct appeal.[29] It is true, as Vontress points out, that the record before the Tenth Circuit was silent as to whether the government had suppressed this evidence. However, the Tenth Circuit reasoned that, even assuming the government suppressed the murder-for-hire evidence, this evidence would not be material or favorable under *Brady*.[30] Following the law of the case doctrine, there is no reason to reconsider arguments already adjudicated. None of the three exceptions to the doctrine apply here. Thus, Vontress's Motion fails with respect to the *Brady* violations.

*2. Failure to Review Murder-for-Hire Evidence*

Vontress further claims he was deprived effective assistance of counsel when his counsel failed to review discovery containing the murder-for-hire evidence. He states that, had he known

---

[28] *Douglas v. Workman*, 560 F.3d 1156, 1173 (10th Cir. 2009) (quoting *Banks v. Dretke*, 540 U.S. 668, 691 (2004)).

[29] *Compare* Doc. 1056 at 4, *with* Opening Brief at 7–11, *Vontress*, No. 22-3319, 2024 WL 5074634 (arguing the lack of the murder-for-hire evidence prevented Vontress from presenting impeachment material at trial, confronting the government's theory regarding co-defendant loyalty, deciding whether to testify, deciding whether to sever the trials, effectively engaging in plea negotiations, and effectively participating at the sentencing hearing).

[30] *Vontress*, 2024 WL 5074634, at *4.

about this evidence, he would have accepted the government's plea offer prior to trial. He further argues that *Lafler v. Cooper*[31] and *Missouri v. Frye*[32] support his contention.

This, too, was rejected by the Tenth Circuit. It found that, "[e]ven assuming that Vontress's counsel was deficient, Vontress [had] not shown a 'reasonable probability' that he would have accepted the government's offer had he known about the murder-for-hire evidence."[33] Here, Vontress cites the same cases and advances substantially the same argument, merely redressing the argument he made on direct appeal for § 2255 relief. The attached affidavit and declaration to Vontress's Motion offer little weight to persuade this Court to reject the Tenth Circuit's rationale. The three exceptions to the law of the case doctrine do not readily apply, and the Court finds no reason, in its discretion, to retread where the appellate court has already covered ground. Thus, the Court rejects this ineffective assistance of counsel argument based on the law of the case doctrine.

*3. Wiretap Authorization*

Vontress additionally claims that this Court erred in denying a motion to suppress evidence derived from wiretap interceptions involving phone calls used by the government to secure Vontress's conviction. Specifically, Vontress argues the authorizations permitting the wiretaps were invalid due to a defective signature, and it was error for the Court to deny suppression of this evidence.

As it does with the other two arguments above, the Court rejects Vontress's contentions regarding the wiretap authorization. The affidavit by Vontress's trial counsel and Vontress's

---

[31] 566 U.S. 156 (2012).

[32] 566 U.S. 134 (2012).

[33] *Vontress*, 2024 WL 5074634, at *4.

declaration are wholly unrelated to this argument. Not only did this Court reject these arguments in its original Order denying Vontress's motion to suppress, but the Tenth Circuit further found no error in this Court's decision.[34] And the Tenth Circuit already considered the substance of Vontress's argument extensively in *Lewis*.[35] Consequently, there is nothing for this Court to decide that has not already been dispensed on direct appeal. Thus, the Motion fails with respect to the wiretap authorization argument.

**D. Vontress's New Arguments**

Vontress raises two arguments in his Motion that were not raised on direct appeal: (1) ineffective assistance of counsel for failing to object to improper juror contact and (2) the existence of an unwarranted sentence disparity between his sentence and the sentences of his co-defendants. The Court addresses each of these in turn.

*1. Failure to Object to Improper Juror Contact*

Vontress argues he was deprived of the effective assistance of counsel when his trial counsel failed to preserve the record or raise an objection concerning an improper jury contact. The contact occurred when a juror vomited during the course of trial proceedings and a witness for the government, Agent Heath, comforted and assisted the ill-ridden juror. The trial record reflects that this incident did transpire during Agent Heath's testimony yet makes no reference to whether Agent Heath had any contact with the juror. For the sake of Vontress's argument, the Court assumes that this contact occurred. Vontress's main issue concerning this contact was that Agent Heath's comfort and assistance "impress[ed] the jurors."[36]

---

[34] Doc. 738 at 25; *Vontress*, 2024 WL 5074634, at *6.

[35] 116 F.4th at 1168–77.

[36] Doc. 1056 at 13.

When a defendant complains of the ineffective assistance of counsel, the defendant must show: "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant."[37] Under the first prong, the Court looks to whether "counsel's representation fell below an objective standard of reasonableness."[38] Under the second prong, "the defendant must demonstrate a 'reasonable probability' that counsel's performance prejudiced the defendant, meaning a probability 'sufficient to undermine confidence in the outcome.'"[39] The question presented before the Court, then, is whether the failure to object or preserve the record regarding the contact discussed above satisfies these two prongs.

The Sixth Amendment guarantees a criminal defendant the right to a trial by an impartial jury.[40] Here, Vontress relies on three cases to support that the juror contact discussed above violated his Sixth Amendment right: *Remmer v. United States*,[41] *United States v. Matta-Quiñones*,[42] and *Cannon v. Mullin*.[43]

In *Remmer I*, an unnamed person communicated with a juror and suggested that the juror could profit by rendering a favorable verdict for the criminal defendant.[44] Federal agents then investigated the matter yet never informed the defendant or defendant's counsel of the communication or subsequent investigation.[45] The Supreme Court found that sending an "F.B.I.

---

[37] *McLuckie v. Abbott*, 337 F.3d 1193, 1197 (10th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[38] *Id.* (quoting *Strickland*, 466 U.S. at 688).

[39] *Id.* at 1198 (quoting *Strickland*, 466 U.S. at 694).

[40] *United States v. Perrault*, 995 F.3d 748, 759 (10th Cir. 2021) (citing U.S. CONST. amend. VI).

[41] 347 U.S. 227 (1954).

[42] 140 F.4th 1 (1st Cir. 2025).

[43] 383 F.3d 1152 (10th Cir. 2004), *abrogated in part on other grounds by Cullen v. Pinholster*, 563 U.S. 170 (2011).

[44] *Remmer*, 347 U.S. at 228.

[45] *Id.*

agent in the midst of a trial to investigate a juror as to his conduct is bound to impress the juror and is very apt to do so unduly."[46] It held:

> In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is . . . deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties.[47]

Thus, the case was remanded back to district court to hold a hearing to determine whether the incident was harmful to the defendant.[48]

Notably, the *Remmer I* "presumption may not apply in § 2255 cases at all."[49] Even if it does apply, the presumption does not warrant granting Vontress's Motion under these facts. "[N]ot every allegation of improper juror contact requires a [*Remmer*] hearing."[50] Courts have "qualified this presumption of prejudice . . . by requiring a showing by the defendant that the communication or contact was 'about the matter pending before the jury.'"[51] "Otherwise, a *Remmer* hearing would be required 'based on each of the multiple ordinary incidental contacts between non-sequestered jurors and virtually any other person during the course of a trial.'"[52]

While the juror's unfortunate mishap in this case is not a common occurrence in a jury trial, it was an innocent, ordinary, and incidental event, and the contact by Agent Heath to comfort the juror was similarly ordinary and incidental. Vontress, in citing *Matta-Quiñones*, suggests that

---

[46] *Id.* at 229.

[47] *Id.* While other circuit courts have called this presumption's vitality into question, the Tenth Circuit continues "to follow *Remmer I*'s presumption in the absence of Supreme Court authority to the contrary." *Teniente v. Wyo. Atty. Gen.*, 412 F. App'x 96, 104 (10th Cir. 2011) (alterations omitted).

[48] *Remmer*, 347 U.S. at 230.

[49] *United States v. Briscoe*, 2025 WL 1013389, at *3 (10th Cir. Apr. 2, 2025).

[50] *Stouffer v. Trammell*, 738 F.3d 1205, 1214 (10th Cir. 2013).

[51] *United States v. Robertson*, 473 F.3d 1289, 1294 (10th Cir. 2007); *see also Stouffer*, 738 F.3d at 1214–15 ("A hearing . . . may be unnecessary if the communication was not about the matter pending before the jury.").

[52] *Robertson*, 473 F.3d at 1294 (quoting *United States v. Brooks*, 161 F.3d 1240, 1246 (10th Cir. 1998)).

Agent Heath was presented in "a trustworthy, friend-of-the jury capacity wholly at odds with the adversary posture in which he should be regarded."[53] But the type of prejudice *Matta-Quiñones* referred to derived from the lower court's decision allowing a case agent to assist the jury during deliberations, away from the defendant and counsel.[54] The assistance provided there directly involved the jury's fact-finding role, whereas, in this case, Agent Heath's assistance had nothing to do with the jury's duties. Additionally, the Court did not direct Agent Heath to assist the juror. His actions were independent and reactive to an unexpected situation, occurring in front of Vontress and his counsel. And further, Vontress never suggests that Agent Heath and the juror discussed "the matter pending before the jury" or that they even shared any communication at all.[55] Unlike the cases cited by Vontress, Agent Heath's act of comforting the juror had no bearing on the matters of the case being presented to the jury.[56]

Consequently, because the contact between Agent Heath and the juror was not improper, trial counsel's decision not to object or preserve the record did not fall below an objective standard of reasonableness. Even if it did fall below this standard, the failure to do so does not undermine confidence in the outcome of the trial because, as established above, this argument would have failed on the merits.[57] Thus, Vontress's ineffective assistance of counsel argument fails.

---

[53] *See Matta-Quiñones*, 140 F.4th at 17 (brackets omitted) (quoting *United States v. Pittman*, 449 F.2d 1284, 1285 (9th Cir. 1971)) (criticizing the "district court's role in allowing an individual distinctly associated with one of the adversary parties to act as a neutral officer of the court and assistant to the jury").

[54] *Id.* at 15–17.

[55] *See Remmer*, 347 U.S. at 229.

[56] *See id.* at 228–29 (involving unidentified communication with a juror about the resolution of the case and an FBI investigation into said juror); *Matta-Quiñones*, 140 F.4th at 12–17 (finding improper juror contact where a trial court allowed a case agent to present seized firearms and ammunition to the jury during deliberations, outside the presence of the defendant and counsel); *Cannon*, 383 F.3d at 1169 (involving communications with the jury about matters involving the case at hand).

[57] *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.").

2. *Sentencing Disparity*

Vontress further requests his sentence be reconsidered due to a perceived disparity between his sentence and the sentences received by his co-defendants. Vontress received a 295-month sentence. This was not the longest sentence received out of the other defendants involved in the conspiracy, but it is longer than most of the other co-defendants' sentences. Because he received a longer sentence than many of his co-defendants and, in his words, "played a much lesser role in the conspiracy," Vontress argues the sentencing disparity is entirely unwarranted under 18 U.S.C. § 3553(a)(6).[58]

The Court disagrees. Vontress's comparison between his sentence and his co-defendants' sentences is an inherently flawed argument. While "sentencing disparities among co-defendants may be considered by district courts in the exercise of their sentencing discretion, 18 U.S.C. § 3553(a)(6) requires a judge to take into account only disparities nationwide among defendants with similar records and Guideline calculations."[59] Vontress's argument never references nationwide disparities but only reflects on the disparities within the conspiracy itself. Thus, § 3553(a)(6) cannot offer the relief Vontress seeks. Even if the differences between his sentences and his codefendants' sentences could provide a basis for relief, the differences here are perfectly warranted. Vontress and his co-defendants played different roles in the conspiracy, but more so, many of Vontress's co-defendants cooperated with the government and entered plea deals whereas Vontress did not.[60] And as Vontress himself acknowledges, he would have received a shorter sentence had he reached a plea decision prior to the trial. Their decision to cooperate and

---

[58] Doc. 1056 at 14.

[59] *United States v. Verdin-Garcia*, 516 F.3d 884, 889 (10th Cir. 2008) (citation omitted).

[60] *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) ("[A] disparity among co-defendants is justified when sentences are dissimilar because of a plea bargain." (quotation marks omitted)).

Vontress's decision to proceed with trial naturally resulted in different sentences "and does not create an unwarranted disparity under § 3553(a)(6)."[61] Thus, Vontress's unwarranted sentencing disparity argument fails.

In sum, Vontress's § 2255 Motion is without merit.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[62] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[63] For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Vontress's Motion (Doc. 1055) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2026.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[61] *Id.*

[62] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* 28 U.S.C. § 2253(c)(1).

[63] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).